TIMOTHY W. SNIDER, OSB NO. 034577
timothy.snider@stoel.com
NICHOLAS R. BOTTCHER, OSB NO. 245683
nicholas.bottcher@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380

THOMAS N. McCORMICK (*pro hac vice pending*)
tnmccormick@vorys.com
VORYS, SATER, SEYMOUR and PEASE LLP
4675 MacArthur Court, Ste. 700
Newport Beach, CA 92660
Telephone: 949.526.7903

*Attorneys for Defendant RugsUSA, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KIERA McCARRELL, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>RUGSUSA, LLC,<br><br>       Defendant. | Case No.: 3:25-cv-00454-AB<br><br>DEFENDANT RUGSUSA, LLC'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT<br><br>ORAL ARGUMENT REQUESTED |

DEFENDANT RUGSUSA, LLC'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

# TABLE OF CONTENTS

**Page**

LR 7-1(A) CERTIFICATION ................................................................................. 1

MOTION ................................................................................................................ 1

MEMORANDUM IN SUPPORT OF MOTION ................................................... 1

I.      INTRODUCTION ................................................................................ 1

II.     FACTUAL BACKGROUND ............................................................... 2

      A.     RugsUSA ................................................................................ 2

      B.     Plaintiff's Complaint ............................................................. 2

            1.     RugsUSA's Pricing and Advertising ....................... 2

            2.     Allegations Specific to Plaintiff ............................. 3

            3.     Plaintiff's Claims ..................................................... 5

III.    APPLICABLE LEGAL STANDARDS ............................................... 5

      A.     Federal Rule of Civil Procedure 12(b)(6) ............................. 5

      B.     Federal Rule of Civil Procedure 9(b) .................................... 6

IV.    ARGUMENT ........................................................................................ 7

      A.     Plaintiff's Claims Are Subject to Rule 9(b)'s Heightened Pleading Standard ........................................... 7

      B.     Plaintiff's Allegations Upon Information and Belief Do Not Satisfy Rule 9(b) ............................................ 8

      C.     Plaintiff's Complaint Fails to State a Claim Under the UTPA ............... 10

            1.     Plaintiff Fails to Allege Willfulness with Particularity ............... 11

            2.     Plaintiff Fails to State a Claim Under ORS 646.608(1)(j) ........... 12

            3.     Plaintiff Fails to State a Claim Under ORS 646.608(1)(e) and 646.608(1)(i) ......................................................... 13

            4.     Plaintiff Fails to State a Claim Under ORS 646.608(1)(ee) ........ 14

                  a.     Plaintiff fails to plead with particularity an ORS 646.608(1)(ee) claim for violation of ORS 646.883 ........ 14

                  b.     Plaintiff pleads **no** facts to support an ORS 646.608(1)(ee) claim for violation of ORS 646.885 ........ 15

      D.     Plaintiff Has Not Stated a Claim for Breach of Contract ......................... 16

      E.     Plaintiff Fails to State a Claim for Breach of Express Warranty ............. 17

      F.     Plaintiff's Complaint Fails to State a Claim for Unjust Enrichment ....... 18

**TABLE OF CONTENTS**
(continued)

G.    Plaintiff Fails to State a Claim for Intentional Misrepresentation ........... 19

1.    Plaintiff Fails to Plead with Particularity an Affirmative Fraud Claim ................................................................................ 19

2.    Plaintiff Fails to Plead Any Facts to Support Fraud by Omission, Half-Truth, Or Concealment....................................... 20

V.    CONCLUSION.................................................................................................. 22

## <u>TABLE OF AUTHORITIES</u>

**Page**

**Cases**

*Adams v. Johnson*,
   355 F.3d 1179 (9th Cir. 2004) .........................................................................6

*In re Arris Cable Modem Consumer Litig.*,
   No. 17-CV-01834-LHK, 2018 U.S. Dist. LEXIS 1817 (N.D. Cal. Jan. 4,
   2018) .................................................................................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)......................................................................................5, 6

*In re Autodesk, Inc. Sec. Litig.*,
   132 F. Supp. 2d 833 (N.D. Cal. 2000) .............................................................9

*Autzen v. John C. Taylor Lumber Sales, Inc.*,
   280 Or. 783, 572 P.2d 1322 (1977) ...............................................................17

*Benson Tower Condo. Owners Ass'n v. Victaulic Co.*,
   No. 3:13-cv-01010-SI, 2014 U.S. Dist. LEXIS 146847 (D. Or. Oct. 15, 2014).....................20

*Bly-Magee v. California*,
   236 F.3d 1014 (9th Cir. 2001) .........................................................................6

*Clark v. Eddie Bauer LLC*,
   532 P.3d 880, 532 P.3d 880 (2023) ...............................................................14

*In re Cloudera, Inc.*,
   121 F.4th 1180 (9th Cir. 2024) ......................................................................20

*Coos Bay RV Invs., LLC v. Wheelhaus, Inc.*,
   No. 3:21-cv-00448-AC, 2021 U.S. Dist. LEXIS 214453 (D. Or. Oct. 14, 2021).....................8

*Fayer v. Vaughn*,
   649 F.3d 1061 (9th Cir. 2011) .........................................................................6

*Fleshman v. Wells Fargo Bank, Nat'l Ass'n*,
   27 F. Supp. 3d 1127 (D. Or. 2014) ...........................................................11, 13

*Granados v. Onpoint Cmty. Credit Union*,
   No. 3:21-cv-847-SI, 2023 U.S. Dist. LEXIS 87214 (D. Or. May 18, 2023)...........................8

*Griffor v. Airport Chevrolet, Inc.*,
   No. 08-3063-HO, 2009 U.S. Dist. LEXIS 5332 (D. Or. Jan. 21, 2009)..................................8

*Imhoff v. Ethicon, Inc.*,
No. 3:20-cv-00380-AR, 2022 U.S. Dist. LEXIS 166673 (D. Or. July 15, 2022)...................21

*Johnsen v. Mel-Ken Motors*,
134 Or. App. 81, 894 P.2d 540 (1995)...................................................................................19

*Johnson v. Medtronic Inc.*,
No. 6:20-cv-00599, 2021 U.S. Dist. LEXIS 121057 (D. Or. June 10, 2021).........................17

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ................................................................................................6

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) ................................................................................................5

*Korda v. RugsUSA, LLC*,
No. 3:23-cv-01026-AR (D. Or. filed July 14, 2023) ...............................................................9

*Larisa's Home Care, LLC v. Nichols-Shields*,
362 Or. 115, 404 P.3d 912 (2017) ...................................................................................18, 19

*Martell v. Gen. Motors LLC*,
492 F. Supp. 3d 1131 (D. Or. 2020) .............................................................................8, 21, 22

*Mendoza v. Lithia Motors, Inc.*,
No. 6:16-cv-01264-AA, 2017 U.S. Dist. LEXIS 4716 (D. Or. Jan. 11, 2017).......................14

*Miller v. Winco Foods*,
No. 3:19-cv-02094-AC, 2020 U.S. Dist. LEXIS 212534 (D. Or. Sept. 3, 2020) ...................12

*Moss v. U.S. Secret Serv.*,
572 F.3d 962 (9th Cir. 2009) ..................................................................................................6

*Neubronner v. Milken*,
6 F.3d 666 (9th Cir. 1993) ......................................................................................................8

*Parada v. MJ's Labor Servs.*,
No. 2:17-cv-00521-SU, 2019 U.S. Dist. LEXIS 148140 (D. Or. Aug. 30,
2019) .....................................................................................................................................14

*Pearson v. Philip Morris, Inc.*,
358 Or. 88, 361 P.3d 3 (2015) ...............................................................................................10

*In re Premera Blue Cross Customer Data Sec. Breach Litig.*,
198 F. Supp. 3d 1183 (D. Or. 2016) .......................................................................7, 20, 21, 22

Page iv –     DEFENDANT RUGSUSA, LLC'S MOTION TO DISMISS PLAINTIFF'S
CLASS ACTION COMPLAINT

128896860.1 0082389-00002

*Rosal v. First Fed. Bank of Cal.*,
   671 F. Supp. 2d 1111 (N.D. Cal. 2009) ...............................................................18

*In Re Silicon Graphics Sec. Litig.*,
   183 F.3d 970 (9th Cir. 1999) ................................................................................9

*Silva v. Unique Bev. Co., LLC*,
   No. 3:17-cv-00391-HZ, 2017 U.S. Dist. LEXIS 93625 (D. Or. June 15, 2017) ...................12

*Slover v. Or. State Bd. of Clinical Soc. Workers*,
   144 Or. App. 565, 927 P.2d 1098 (1996)..............................................................16

*Solano v. Kroger Co.*,
   No. 3:18-cv-01488-AC, 2020 U.S. Dist. LEXIS 107447 (D. Or. June 12,
   2020) .........................................................................................................................5

*Taylor v. Gorilla Capital, Inc.*,
   No. 6:18-cv-648-MC, 2018 U.S. Dist. LEXIS 182515 (D. Or. Oct. 23, 2018)......................21

*Teater v. Pfizer, Inc.*,
   No. 3:05-cv-00604-HU, 2012 U.S. Dist. LEXIS 122848 (D. Or. June 27,
   2012) ..................................................................................................................8, 18

*Trudel v. Stoltz*,
   No. 93-36061, 1995 U.S. App. LEXIS 27862 (9th Cir. Sep. 25, 1995) ................................20

*Unigestion Holding, S.A. v. UPM Tech., Inc.*,
   160 F. Supp. 3d 1214 (D. Or. 2016) ....................................................................21

*United States v. Spanier*,
   No. 16cr1545-BEN, 2017 U.S. Dist. LEXIS 54010 (S.D. Cal. Apr. 7, 2017) ......................20

*Value Linx Servs., LLC v. Linx Card, Inc.*,
   No. 3:18-cv-02126, 2019 WL 3502895 (D. Or. Aug. 1, 2019) .............................................17

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ................................................................................7

*Villanueva v. Liberty Acquisitions Servicing, LLC*,
   215 F. Supp. 3d 1045 (D. Or. 2016) ..............................................................6, 8, 9

**Statutes**

ORS 72.3130(2) ..............................................................................................................18

ORS 646.608.........................................................................................................10, 11, 12

ORS 646.608(1)(i) ...............................................................................10, 11, 13, 14

ORS 646.608(1)(e)..............................................................................10, 11, 13, 14

ORS 646.608(1)(ee)............................................................................11, 14, 15, 16

ORS 646.608(1)(j) ....................................................................................... passim

ORS 646.608(1)(p) ...........................................................................................10, 11

ORS 646.608(1)(s) ...........................................................................................10, 11

ORS 646.608(4) ......................................................................................................15

ORS 646.638(1) ...........................................................................................10, 11

ORS 646.883 ..................................................................................................14, 15

ORS 646.883(2) ......................................................................................................11

ORS 646.885 ..........................................................................................14, 15, 16

ORS 646.885(1) ....................................................................................11, 15, 16

ORS 646.885(1)-(2) ..............................................................................................11

ORS 646.885(2) ..........................................................................................15, 16

Unlawful Trade Practices Act, ORS 646.605-646.656........................................ passim

**Rules**

Civil LR 7-1 ...........................................................................................................1

Fed. R. Civ. P. 12(b)(6)......................................................................................1, 5

Fed. R. Civ. Proc. 9(b) ................................................................................ passim

**Other Authorities**

*Restatement (Third) of Restitution and Unjust Enrichment*............................................18

**LR 7-1(A) CERTIFICATION**

Pursuant to Civil Local Rule 7-1, counsel for Defendant RugsUSA, LLC ("RugsUSA") and counsel for Plaintiff Kiera McCarrell ("Plaintiff") made a good faith effort through written communications and telephone conferences on May 7, 2025, to resolve the dispute and have been unable to do so.

**MOTION**

RugsUSA, by and through its undersigned counsel, hereby moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) in its entirety. For the reasons set forth below, RugsUSA respectfully requests this Court to dismiss the Complaint.

**MEMORANDUM IN SUPPORT OF MOTION**

## I.      INTRODUCTION

The Complaint in this case alleges that RugsUSA, an online retailer of rugs, misrepresents its prices by using strike-through pricing, where a discount price is positioned next to a strike-through of a purported regular price of a product, and by advertising sales that are not true sales. This alleged fraudulent "pattern or generalized course of conduct" is the basis for each of Plaintiff's causes of action on behalf of an Oregon class.

Plaintiff's claims all sound in fraud, but they are not pleaded with the requisite particularity. The Complaint asserts a variety of statutory and common law claims, all of which are made on information and belief (even though Plaintiff tries to avoid this issue by not explicitly admitting she is pleading on information and belief) and are either wholly unsupported by any allegations in the Complaint or completely untethered from the elements of the causes of actions asserted. Due to these pleading deficiencies, the Complaint fails to satisfy Federal Rules of Civil Procedure 9(b) and 12(b)(6).

Page 1 –      DEFENDANT RUGSUSA, LLC'S MOTION TO DISMISS PLAINTIFF'S
              CLASS ACTION COMPLAINT

Accordingly, RugsUSA requests that Plaintiff's Complaint be dismissed with prejudice.

## II.    FACTUAL BACKGROUND

### A.    RugsUSA

RugsUSA is an online retailer who sells a wide variety of rugs and related products to consumers nationwide at affordable and competitive prices. RugsUSA is able to keep its prices low and quality high, in part, by maintaining close relationships with the designers, artisans, and factories who make the products that RugsUSA ultimately sells.

### B.    Plaintiff's Complaint

Plaintiff is an Oregon resident who allegedly purchased a rug through RugsUSA. As set forth further herein, the Complaint is chock full of general allegations and conclusory statements regarding RugsUSA's advertising and pricing practices. *See, generally*, ECF No. 1. The Complaint lacks specific factual allegations and details regarding the representations at issue, Plaintiff's experience with RugsUSA, and the purchases Plaintiff allegedly made that give rise to Plaintiff's Complaint.

#### 1.    *RugsUSA's Pricing and Advertising*

Plaintiff's Complaint generally alleges that RugsUSA uses "fake sales" and "fake strikethrough prices, fake sitewide sales, and 'limited time' sales that are continuously available." ECF No. 1 at ¶ 21. The Complaint then alleges that RugsUSA advertises limited time only sales and discounts on its website to entice customers to purchase products, but that "in truth these discounts run in perpetuity[.]" *Id.* at ¶ 22. Plaintiff alleges that the regular prices posted on RugsUSA's website are fictitious, and that the advertised discounted or sale price is the true price. *Id.* at ¶ 22, 26-28. Plaintiff attempts to support these allegations with general statements of what "reasonable customers" believe, *id.* at ¶ 28-30, 38-41, but cites no expert

Page 2 –    DEFENDANT RUGSUSA, LLC'S MOTION TO DISMISS PLAINTIFF'S
              CLASS ACTION COMPLAINT

studies or surveys or any other impartial information that could turn these arguments and conclusions into anything resembling a well-pled fact. Plaintiff later offers citations to various internet sources, *see id.* at ¶ 42-43, but these commercial blog posts are either undated or several years old, do not reveal their methodology, and are completely unscientific and unsupported.

In an attempt to illustrate her allegations, the Complaint contains screenshots of and contentions regarding other advertisements that purportedly ran on RugsUSA's website. *Id.* at ¶ 22, 24-25. Each of the screenshots that Plaintiff includes in Paragraph 22 and which she alleges are representative of RugsUSA's "fake sale" scheme are simply snapshots in time, as Plaintiff provides the date the image was purportedly captured but provides no details on how long the advertisement allegedly ran, or what, specifically, about the images supports her allegation that the "discounts run in perpetuity[.]" *Id.* at ¶ 22. Two screenshots include a strike-through price, but the screenshots show it is self-contained, and words like "sale" or "discount" are not used in relation to the strike-through price. *Id.*

Plaintiff then purports to show a specific example of a sale rolling over immediately into a new sale, *id.* at ¶ 24-25, but the images in the Complaint contradict her allegations. Plaintiff alleges that RugsUSA advertised a sale that ended on July 8, 2024, and then immediately began advertising another allegedly limited time sale on the same terms on July 9, 2024, *id.*, but the caption underneath each screenshot indicates they were both captured on July 8, 2024. These screenshots do not support Plaintiff's allegations.

### 2.    *Allegations Specific to Plaintiff*

The Complaint alleges that on June 27, 2024, Plaintiff visited RugsUSA's website and purchased an Opar Flora Washable Abstract Rug. *Id.* ¶ 45. When Plaintiff made the purchase, she alleges RugsUSA's website "represented that a time-limited ('Ends Tonight') '70% OFF'

Page 3 –    DEFENDANT RUGSUSA, LLC'S MOTION TO DISMISS PLAINTIFF'S
            CLASS ACTION COMPLAINT

sitewide sale, as well as another '40% Off Clearance' sale ('Use Code: SALE40'), was running and applied to the Product that" Plaintiff purchased. *Id.* But the screenshot that Plaintiff includes in her Complaint does not mention the actual rug she allegedly purchased, and the screenshot does not support her allegations. *Id.*

The Complaint also includes a screenshot of what Plaintiff says are her order details and which she contends shows that the "Fourth of July" 70% discount and "SALE40" discounts were applied, but again the actual figures do not support Plaintiff's claims. Plaintiff alleges RugsUSA represented that the "regular" price of the rug was $183.19, which is reflected in the screenshot, the alleged "SALE40" discount is shown as $59.20, and Plaintiff's total charge is shown as $88.79. But none of these figures, mathematically, represent either a 70% or a 40% discount off of $183.19, and certainly not a combination of the two, undermining Plaintiff's allegations that the screenshots she provided relate in any way to her actual transaction.[1] The screenshots Plaintiff provides contradict her allegations of what "discount" or sale was actually applied to her purchase, leaving her allegations of fake sales and misrepresentations of list prices completely unsupported.

Plaintiff also alleges she reviewed "representations on Defendant's website" regarding prices, reductions, and limited time discounts, and that she relied on them. *Id.* ¶ 47. As discussed above, the actual screenshots Plaintiff includes in her Complaint do not match her allegations, and thus it is entirely unclear what purported representations she actually viewed and/or actually relied upon.

---

[1]    70% off of $183.19 would be a discount of $128.23, 40% off of $183.19 would be a discount of $73.28, and a 40% discount on top of a 70% discount would be a total discount of $144.21.

Page 4 –    DEFENDANT RUGSUSA, LLC'S MOTION TO DISMISS PLAINTIFF'S
           CLASS ACTION COMPLAINT

### 3.    *Plaintiff's Claims*

On March 17, 2025, Plaintiff filed her Complaint asserting claims for (1) violation of Oregon's Unlawful Trade Practices Act ("UTPA"); (2) breach of contract; (3) breach of express warranty; (4) unjust enrichment; and (5) intentional misrepresentation. *Id.* at ¶¶ 66-130. Plaintiff asserts all these claims on behalf of herself and a class defined as "[a]ll persons who, while in the state of Oregon and within the applicable statute of limitations period, purchased one or more RugsUSA Product advertised at a discount on Defendant's website on or after October 13, 2023." *Id.* at ¶ 58. For the reasons discussed below, each of Plaintiff's claims should be dismissed.

## III.    APPLICABLE LEGAL STANDARDS

### A.    Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A court may dismiss 'based on the lack of cognizable legal theory or the absence of sufficient facts alleged' under a cognizable legal theory." *Solano v. Kroger Co.*, No. 3:18-cv-01488-AC, 2020 U.S. Dist. LEXIS 107447, at *10 (D. Or. June 12, 2020) (citation omitted). While "detailed factual allegations" are not required, a complaint must have sufficient allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). When evaluating a motion to dismiss, courts generally accept all factual allegations in the complaint as true. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Court is not required to "assume the truth of legal conclusions merely because they are cast in the form of

Page 5 –    DEFENDANT RUGSUSA, LLC'S MOTION TO DISMISS PLAINTIFF'S
CLASS ACTION COMPLAINT

factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation omitted).

"Mere 'conclusory allegations of law and unwarranted inferences are insufficient to defeat a

motion to dismiss.'" *In re Arris Cable Modem Consumer Litig.*, No. 17-CV-01834-LHK, 2018

U.S. Dist. LEXIS 1817, at *11 (N.D. Cal. Jan. 4, 2018) (quoting *Adams v. Johnson*, 355 F.3d

1179, 1183 (9th Cir. 2004)); *accord Iqbal*, 556 U.S. at 678.  "In sum, for a complaint to survive a

motion to dismiss, the non-conclusory factual content, and reasonable inferences from that

content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S.*

*Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks and citation omitted).

### B.    Federal Rule of Civil Procedure 9(b)

"In alleging fraud or mistake, a party must state with particularity the circumstances

constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  To comply with Rule 9(b), Plaintiff's

"allegations of fraud must be specific enough to give defendants notice of the particular

misconduct which is alleged to constitute the fraud charged so that they can defend against the

charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236

F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks and citation omitted).  "Averments of

fraud must be accompanied by the who, what, when, where, and how of the misconduct

charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).  "A party alleging

fraud must set forth more than the neutral facts necessary to identify the transaction." *Id.*

(internal quotation marks and citation omitted). Additionally, as a general matter "'information

and belief' allegations do 'not satisfy the degree of particularity required under Rule 9(b).'"

*Villanueva v. Liberty Acquisitions Servicing, LLC*, 215 F. Supp. 3d 1045, 1055 (D. Or. 2016)

(citation omitted).

## IV.    ARGUMENT

### A.    Plaintiff's Claims Are Subject to Rule 9(b)'s Heightened Pleading Standard

Plaintiff asserts causes of action against RugsUSA for violations of the UTPA, breach of contract, breach of express warranty, unjust enrichment, and intentional misrepresentation based on RugsUSA's alleged overall strike-through and discount pricing practices.  Plaintiff alleges that RugsUSA used "fake sales," made materially misleading representations, and advertised false discount prices.  ECF No. 1 at ¶ 6, 8, 21, 30.  Plaintiff claims she "read and relied on" these alleged misrepresentations.  *Id.* ¶ 47.  This is an allegation of fraud.  Moreover, each of Plaintiff's claims is based on this purported fraudulent course of conduct related to misrepresentations about pricing, including her UTPA claim.  *See id.* ¶ 73-74 (basing UTPA claim on alleged false or misleading representations regarding allegedly "fake sales, fake list prices, and fake limited time sales").  And to drive the point home, Plaintiff's separately alleged intentional misrepresentation claim even states it is based on the same facts underlying the UTPA claim.  *Id.* ¶ 124 ("As alleged more fully above [in the UTPA claim], Defendant made false representations and material omissions of fact . . . .").

Consequently, all of Plaintiff's claims are subject to Rule 9(b)'s heightened pleading standard, and Plaintiff "must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b); *see also  Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (Rule 9(b) may apply to claims that lack fraud as an element if the claims are "grounded" or "sound" in fraud); *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 198 F. Supp. 3d 1183, 1192 (D. Or. 2016) (discussing how "Rule 9(b) applies to all allegations, or averments, of fraud in all civil cases in federal court, even when fraud is not an essential element of the claim").

Page 7 –    DEFENDANT RUGSUSA, LLC'S MOTION TO DISMISS PLAINTIFF'S
CLASS ACTION COMPLAINT

Courts have consistently applied the heightened pleading standards to fraud, unjust enrichment, and UTPA claims where, as here, the claims are based on an alleged fraudulent course of conduct.  *See Martell v. Gen. Motors LLC*, 492 F. Supp. 3d 1131, 1145-46 (D. Or. 2020) (applying Rule 9(b) to UTPA claim); *Granados v. Onpoint Cmty. Credit Union*, No. 3:21-cv-847-SI, 2023 U.S. Dist. LEXIS 87214, at *18 (D. Or. May 18, 2023) (applying Rule 9(b) to UTPA claim); *Teater v. Pfizer, Inc.*, No. 3:05-cv-00604-HU, 2012 U.S. Dist. LEXIS 122848, at *14 (D. Or. June 27, 2012) (applying 9(b) requirements to unjust enrichment, fraud, and UTPA claims).

### B.    Plaintiff's Allegations Upon Information and Belief Do Not Satisfy Rule 9(b)

As an initial matter, Plaintiff's Complaint must be dismissed because it is almost entirely based on allegations made upon information and belief.  "Allegations of fraud based on information and belief generally do not satisfy the heightened pleading standard expressed in Rule 9(b)."  *Coos Bay RV Invs., LLC v. Wheelhaus, Inc.*, No. 3:21-cv-00448-AC, 2021 U.S. Dist. LEXIS 214453, at *11 (D. Or. Oct. 14, 2021) ; *see also Villanueva*, 215 F. Supp. 3d at 1055. While the general rule may be relaxed for information exclusively within another party's knowledge, *Villanueva*, 215 F. Supp. 3d at 1056, even in that situation the pleading must also allege the facts upon which the belief is grounded, *id.*; *see also Griffor v. Airport Chevrolet, Inc.*, No. 08-3063-HO, 2009 U.S. Dist. LEXIS 5332, at *7 (D. Or. Jan. 21, 2009) (exception for matters within another party's knowledge "'does not nullify Rule 9(b); a plaintiff who makes allegations on information and belief must state the factual basis for the belief.'" (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993))).

Plaintiff may note that her Complaint does not say it is alleged upon information and belief.  But Plaintiff's Complaint also notes that her counsel has previously filed other

Page 8 –    DEFENDANT RUGSUSA, LLC'S MOTION TO DISMISS PLAINTIFF'S
CLASS ACTION COMPLAINT

complaints against RugsUSA levying the same allegations.  ECF No. 1 at ¶ 20.  There was even one in this judicial district.  *See Korda v. RugsUSA, LLC*, No. 3:23-cv-01026-AR (D. Or. filed July 14, 2023).  In every one of those previous cases filed by the same counsel, the complaint noted that the allegations were made upon information and belief.  *E.g.*, Complaint, *Korda*, ECF No. 1 at 2 of 25 (D. Or. July 13, 2023).  Plaintiff in this case now omits that language, but "it is irrelevant whether a plaintiff uses the phrase 'information and belief' when alleging false representations because allegations of misrepresentations not made on personal knowledge are presumed to have been made on information and belief."  *In re Autodesk, Inc. Sec. Litig.*, 132 F. Supp. 2d 833, 839 (N.D. Cal. 2000).  The fact that Plaintiff includes a paragraph describing an investigation by her counsel (*see* ECF No. 1 at ¶ 26) does not matter, because Plaintiff "relies on these sources precisely because she does not have direct personal knowledge of the defendants' alleged misconduct."  *In Re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 998 n. 21 (9th Cir. 1999) (Browning, Cir. J., concurring in part) (overruled by statute on other grounds).  Plaintiff has no personal knowledge of any of the allegedly pervasive fake time-limited sales and discounts, and "[h]er complaint is therefore pled on information and belief."  *Id.*

But Plaintiff alleges no facts upon which the various allegations and beliefs regarding allegedly fake discounts and sales are based (aside from, as noted, a statement that her counsel investigated).  This is the core allegation of Plaintiff's entire theory of liability, and it does not satisfy Rule 9(b).  Plaintiff's allegations made upon information and belief thus cannot support a fraud claim.  *See Villanueva*, 215 F. Supp. 3d at 1056 (dismissing claim sounding in fraud because allegations were made upon information and belief).

Page 9 –        DEFENDANT RUGSUSA, LLC'S MOTION TO DISMISS PLAINTIFF'S
                CLASS ACTION COMPLAINT

### C.    Plaintiff's Complaint Fails to State a Claim Under the UTPA

"Oregon's UTPA, like those of many other jurisdictions, was enacted as a comprehensive statute for the protection of consumers from unlawful trade practices." *Pearson v. Philip Morris, Inc.*, 358 Or. 88, 361 P.3d 3, 21 (2015). Under the UTPA, a "person that suffers an ascertainable loss of money or property, real or personal, as a result of another person's willful use or employment of a method, act or practice declared unlawful under ORS 646.608, may bring an individual action in an appropriate court to recover actual damages or . . . $200, whichever is greater." ORS 646.638(1); *see also Pearson v. Philip Morris, Inc.*, 358 Or. 88, 127, 361 P.3d 3, 28, (2015) (to bring a UTPA claim, a plaintiff must prove that "(1) the defendant committed an unlawful trade practice; (2) plaintiff suffered an ascertainable loss of money **or** property; and (3) plaintiff's injury (ascertainable loss) was the result of the unlawful trade practice" (emphasis added)).

The sections of the UTPA that Plaintiff vaguely asserts RugsUSA violated are ORS 646.608(1)(e), (i), (j), (p), and (s), which provide:

> (1) A person engages in an unlawful practice if in the course of the person's business, vocation or occupation the person does any of the following:
>
> …
>
> (e) Represents that real estate, goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities that the real estate, goods or services do not have or that a person has a sponsorship, approval, status, qualification, affiliation, or connection that the person does not have;
>
> …
>
> (i) Advertises real estate, goods or services with intent not to provide the real estate, goods or services as advertised, or with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity;
>
> (j) Makes false or misleading representations of fact concerning the reasons for, existence of, or amounts of price reductions;
>
> …

Page 10 –    DEFENDANT RUGSUSA, LLC'S MOTION TO DISMISS PLAINTIFF'S
CLASS ACTION COMPLAINT

(p) Makes any false or misleading statement about a prize, contest or promotion used to publicize a product, business or service;

. . .

(s) Makes false or misleading representations of fact concerning the offering price of, or the person's cost for real estate, goods or services.

In addition, Plaintiff generally asserts that RugsUSA violated ORS 646.608(1)(ee) by violating ORS 646.883(2) and failing to properly employ comparison terms in violation of ORS 646.885(1)-(2).

As shown below, Plaintiff's Complaint fails to plead willfulness with particularity and also fails to plead with particularity the basis for the alleged violations of ORS 646.608(1)(j) and ORS 646.608(1)(ee) based on an alleged violation of ORS 646.883(2).  Further, Plaintiff's Complaint fails to plead *any* allegations that would support claims for violations of ORS 646.608(1)(e), (i), (p), (s), and (ee) based on an alleged violation of ORS 646.885(1)-(2).  The Court should reject Plaintiff's attempt to plead broad violations of multiple sections of the UTPA without pleading specific facts that would implicate an alleged violation of each section of the UTPA.[2]  Accordingly, RugsUSA respectfully requests that the Court dismiss Plaintiff's UTPA claim.

### 1.    *Plaintiff Fails to Allege Willfulness with Particularity*

The Complaint does not plead with particularity allegations that RugsUSA willfully violated the UTPA.  The UTPA provides a private right of action only to persons who have been damaged "as a result of another person's *willful* use or employment of a method, act or practice declared unlawful under ORS 646.608."  ORS 646.638(1) (emphasis added).  Thus to properly

---

[2]    *See Fleshman v. Wells Fargo Bank, Nat'l Ass'n*, 27 F. Supp. 3d 1127, 1140 (D. Or. 2014) (dismissing UTPA claim because plaintiffs "make no attempt to connect these allegations to a particular subsection of the statute").

Page 11 –    DEFENDANT RUGSUSA, LLC'S MOTION TO DISMISS PLAINTIFF'S
    CLASS ACTION COMPLAINT

allege a private claim based on *any* subsection of ORS 646.608, a plaintiff must establish that the

defendant willfully violated the UTPA.  Under the UTPA, a "willful violation occurs when the

entity committing the violation knew or should have known that its conduct was a violation of

the Act." *Miller v. Winco Foods*, No. 3:19-cv-02094-AC, 2020 U.S. Dist. LEXIS 212534, at *21

(D. Or. Sept. 3, 2020).  "'[A] bare allegation that a defendant acted willfully is a "mere

conclusion of the pleader"' and is generally insufficient."  *Id.* (citation omitted); *see also Silva v.*

*Unique Bev. Co., LLC*, No. 3:17-cv-00391-HZ, 2017 U.S. Dist. LEXIS 93625, at *24-25 (D. Or.

June 15, 2017) (finding conclusory allegation that defendant "willfully" violated various sections

of the UTPA insufficient).

Here, the Complaint generally merely alleges that "[RugsUSA's] unlawful methods, acts

and practices described above were 'willful violations' of ORS 646.608 because [RugsUSA]

knew or should have known that its conduct was a violation[.]"  ECF No. 1 at ¶ 82.  This

solitary, vague allegation, purportedly describing "violations" of multiple sections of the UTPA

without any specificity is insufficient to satisfy 9(b).  Plaintiff offers no well-pleaded factual

allegations whatsoever that could support an inference that any violation (of which there were

none) could be considered willful.  Plaintiff's UTPA claim is not well pled and should be

dismissed entirely.

### 2.    *Plaintiff Fails to State a Claim Under ORS 646.608(1)(j)*

Even if Plaintiff had pleaded willfulness with the requisite particularity (she did not), the

Complaint similarly fails to plead with particularity allegations to support claims under

ORS 646.608(1)(j), which makes it unlawful to make "false or misleading representations of fact

concerning the reasons for, existence of, or amounts of price reductions."

Page 12 –    DEFENDANT RUGSUSA, LLC'S MOTION TO DISMISS PLAINTIFF'S
             CLASS ACTION COMPLAINT

In support of this claim, Plaintiff merely alleges that "[RugsUSA] ma[de] false or misleading representations of fact concerning the reasons for, existence of, or amounts of price reductions." *See* ECF No. 1, ¶ 73. Plaintiff does not articulate or otherwise describe with any specificity which false or misleading representations RugsUSA made, whether those representations were about the reason for, existence or amount of the price reductions, or otherwise identify the price reductions that she contends RugsUSA misrepresented. This failure to plead with particularity facts in support of a claim under ORS 646.608(1)(j) should not be countenanced. *See Fleshman v. Wells Fargo Bank, Nat'l Ass'n*, 27 F. Supp. 3d 1127, 1140 (dismissing UTPA claim because plaintiffs "make no attempt to connect these allegations to a particular subsection of the statute"). Accordingly, Plaintiff's UTPA claims under ORS 646.608(1)(j) should be dismissed.

### 3.    *Plaintiff Fails to State a Claim Under ORS 646.608(1)(e) and 646.608(1)(i)*

Similarly, Plaintiff pleads no allegations to support claims under ORS 646.608(1)(e) and (i), which relate to the characteristics and qualities of the product, not pricing. Indeed, ORS 646.608(1)(e) makes it unlawful to advertise that goods or services have "sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities that the real estate, goods or services do not have" and ORS 646.608(1)(i) prohibits advertising goods or services with intent not to provide the goods or services as advertised.

The Complaint is devoid of factual allegations that the ***quality and characteristics of the rugs*** were misrepresented or what Plaintiff claims was advertised that she did not receive. Instead, Plaintiff tries to conflate pricing with a product's quality or characteristics. These pricing-related allegations, however, do not support a claim under either section because neither

Page 13 –    DEFENDANT RUGSUSA, LLC'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

section applies to pricing. *See Clark v. Eddie Bauer LLC*, 532 P.3d 880, 532 P.3d 880, 886 n. 9
(2023) ("[A] representation about a product's former price is not a representation about 'the
character or quality of the product itself.'"); *see also Mendoza v. Lithia Motors, Inc.*, No. 6:16-
cv-01264-AA, 2017 U.S. Dist. LEXIS 4716, at *15 (D. Or. Jan. 11, 2017) (dismissing claim
under ORS 646.608(1)(e) because failure to disclose fees from financing and warranty "does not
implicate the characteristics or qualities" of the financing and warranty agreements); *Parada v.
MJ's Labor Servs.*, No. 2:17-cv-00521-SU, 2019 U.S. Dist. LEXIS 148140, at *17 (D. Or. Aug.
30, 2019) ("use of the word 'motel' does not imply any particular real estate or services,
characteristics or qualities of real estate or services, grade or standard of real estate or services").
Sections 646.608(1)(e) and (i) apply to representations about a product's tangible qualities, not
price, and the Complaint contains no properly supported allegations that RugsUSA misstated the
characteristics or qualities of the rug, or sold Plaintiff a different rug than the one advertised
online. Accordingly, the Court should dismiss Plaintiff's UTPA claims under ORS
646.608(1)(e) and (1)(i).

### 4.    *Plaintiff Fails to State a Claim Under ORS 646.608(1)(ee)*

ORS 646.608(1)(ee) states that a person engages in an unlawful practice if he or she
"[v]iolates ORS 646.883 or 646.885." Because Plaintiff has not properly pled a violation of
either of those two sections, she has not pled a violation of ORS 646.608(1)(ee).

#### a.    *Plaintiff fails to plead with particularity an ORS 646.608(1)(ee) claim for violation of ORS 646.883*

First, Plaintiff has not pleaded with particularity a violation of ORS 646.883 and,
therefore, has not stated a claim for violation of ORS 646.608(1)(ee). Under ORS 646.883, "[i]t
shall be unlawful for a seller to include a price comparison in an advertisement unless …
(1) [t]he seller clearly and conspicuously identifies in the advertisement the origin of the price

Page 14 –    DEFENDANT RUGSUSA, LLC'S MOTION TO DISMISS PLAINTIFF'S
CLASS ACTION COMPLAINT

that the seller is comparing to the seller's current price … [and] (2) [t]he price comparison is in compliance with ORS 646.608(1)(j) and the rules adopted under ORS 646.608(4).…"

In the Complaint, Plaintiff simply repeats a portion of ORS 646.883's language—without acknowledging that other portions of the statute exist—and then says as previously alleged RugsUSA "uses misleading price comparisons." ECF No. 1 at ¶ 79.  This is plainly insufficient to plead a violation of ORS 646.883, and this solitary, conclusory contention is the only allegation Plaintiff pleaded in support of the purported violation of ORS 646.883.  The Complaint does not include a single allegation of how RugsUSA failed to comply with ORS 646.608(4), which is required to establish a violation of ORS 646.883.  And, as set forth above, Plaintiff failed to plead the violation of ORS 646.608(1)(j) with particularity.  Therefore, the Complaint is devoid of any facts underlying the only two bases for the alleged violation of ORS 646.883.  Accordingly, the ORS 646.608(1)(ee) claim for violation of ORS 646.883 should be dismissed.

> b.    *Plaintiff pleads **no** facts to support an ORS 646.608(1)(ee) claim for violation of ORS 646.885*

Plaintiff's Complaint fails to allege ***any*** facts to support an ORS 646.608(1)(ee) claim for violation of ORS 646.885.  Under ORS 646.885(1), price comparison advertising using terms such as "regular," "reduced," "sale," "usually," "originally," "clearance," "liquidation" and "formerly" shall identify the origin of the price as the seller's own former or future price.  And, under ORS 646.885(2), price comparison advertising using the terms "discount," "_____ percent discount," "$_____ discount," "_____ percent off" and "$_____ off" shall be considered to be a comparison to the seller's former or future prices, unless the origin is otherwise specified.

Page 15 –    DEFENDANT RUGSUSA, LLC'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

But the allegations in the Complaint do not plausibly allege that RugsUSA has violated ORS 646.885. The allegations that the percent discount and sale prices are fake and "purely fictitious" are entirely made upon information and belief and thus does not satisfy Rule 9(b). The vague reference to Plaintiff's counsel's investigation simply states that some of the screenshots taken of RugsUSA's website displayed a time-limited sale. There is no indication that this "investigation" looked at how long those alleged advertisements remained active, or whether they allegedly rolled into another sale to create the so-called "perpetual" sales. ECF No. 1 at ¶ 26. It is simply a statement that on various unspecified dates a screenshot of one unspecified portion of RugsUSA's website allegedly referenced a time-limited sale. Similarly, the screenshots actually included in the Complaint just show that on a certain date some unspecified portion of RugsUSA's website referenced a sale. *Id.* at ¶ 22. These alleged facts do not reasonably support a conclusion that the former prices were fictitious. Accordingly, Plaintiff has failed to allege that RugsUSA violated ORS 646.885(1) and (2) and, therefore, her claim for violation of ORS 646.608(1)(ee) should be dismissed.

### D.    Plaintiff Has Not Stated a Claim for Breach of Contract

To state a claim for breach of contract, Plaintiff "must allege the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff." *Slover v. Or. State Bd. of Clinical Soc. Workers*, 144 Or. App. 565, 927 P.2d 1098, 1101 (1996) (internal quotation marks and citation omitted). Plaintiff's Complaint does not plausibly allege the relevant terms of any contract.

Plaintiff claims that when she placed an order on RugsUSA's website, she entered into a contract with RugsUSA. ECF No. 1 at ¶ 101. She alleges the contract was that she would pay RugsUSA money for what she ordered. *Id.* at ¶ 102. This is all potentially plausible, but then

Page 16 –    DEFENDANT RUGSUSA, LLC'S MOTION TO DISMISS PLAINTIFF'S
             CLASS ACTION COMPLAINT

Plaintiff claims that this contract also required RugsUSA to provide "Products that have a former price, and a market value, equal to the regular prices displayed on the websites" and to provide "specific discounts." *Id.* at ¶ 103. Plaintiff claims these were "specific and material terms of the contracts." *Id.*

These allegations are not supported by any facts and are just unplausible legal conclusions. Plaintiff offers no facts whatsoever establishing what document or writing spelled out these various purported obligations. Plaintiff has not attached a copy of any document or writing evidencing these terms. The screenshot of only a portion of what Plaintiff calls her "Order Details" do not support these claims, as the mere presence of a former price and a new price does not support a conclusion that Plaintiff and RugsUSA specifically had a meeting of the minds sufficient to form a contract regarding market values of products. *Value Linx Servs., LLC v. Linx Card, Inc.*, No. 3:18-cv-02126, 2019 WL 3502895 at *8-9 (D. Or. Aug. 1, 2019) (there must be a meeting of the minds on essential terms to create an enforceable contract; dismissing breach of contract claim). The supposed terms are too indefinite to support a breach of contract claim. *Id.*

### E. Plaintiff Fails to State a Claim for Breach of Express Warranty

For the same reasons that doomed her breach of contract claim, the Court should dismiss Plaintiff's claim for breach of express warranty. To state such a claim, Plaintiff must allege "(1) an affirmation of fact or description of the goods; and (2) the factual affirmation or description must be part of the basis of the bargain." *Johnson v. Medtronic Inc.*, No. 6:20-cv-00599, 2021 U.S. Dist. LEXIS 121057, at * 18 (D. Or. June 10, 2021) (citing *Autzen v. John C. Taylor Lumber Sales, Inc.*, 280 Or. 783, 572 P.2d 1322, 1325 (1977)).

Page 17 –      DEFENDANT RUGSUSA, LLC'S MOTION TO DISMISS PLAINTIFF'S
               CLASS ACTION COMPLAINT

Plaintiff alleges that RugsUSA "issued material, written warranties by advertising that the Products had a prevailing market value equal to the regular price displayed on Defendant's website" and "by representing that the Products were being sold at an advertised discounted price." ECF No. 1 at ¶¶ 110-111. Plaintiff does not actually identify the "written" warranties to which they refer. The various screenshots Plaintiff provides in Paragraph 22 of her Complaint do not say anything about "prevailing market value." They are not affirmations of fact. But in any event, "an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty." ORS 72.3130(2). The statements of which Plaintiff complains are simply an advertisement conveying an opinion about the goods and do not adequately plead the creation of any warranty. The Court should dismiss Plaintiff's breach of express warranty claim.

### F.     Plaintiff's Complaint Fails to State a Claim for Unjust Enrichment

Under Oregon law, a plaintiff can state a claim for unjust enrichment only if "the case type matches already recognized forms of unjust enrichment." *Larisa's Home Care, LLC v. Nichols-Shields*, 362 Or. 115, 128, 404 P.3d 912, 919 (2017). The Oregon Supreme Court has approved only limited sources of guidance to determine whether a complaint's allegations properly plead a claim for unjust enrichment, one of which is the *Restatement (Third) of Restitution and Unjust Enrichment. See id.*, 362 Or. at 128.

No section of the Restatement is applicable here. Plaintiff's unjust enrichment claim is based on the same vague pricing and discount allegations as her fraud claim and fails for the same lack of particularity set forth above. ECF No. 1 at ¶ 118 ("As alleged in detail above . . ."); *see also Teater*, 2012 U.S. Dist. LEXIS 122848 at *25 (dismissing duplicative unjust enrichment claim for failure to satisfy 9(b)); *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1133

Page 18 –     DEFENDANT RUGSUSA, LLC'S MOTION TO DISMISS PLAINTIFF'S
              CLASS ACTION COMPLAINT

(N.D. Cal. 2009) (complaint failed to state a claim for unjust enrichment where plaintiff "merely incorporate[d] the other facts of the [complaint] by reference and ma[de] a conclusory allegation that defendants have been 'unjustly enriched[.]'"). Because Plaintiff's allegations fall outside the categories of unjust enrichment recognized by Oregon courts, her unjust enrichment claims should also be dismissed. *See Larisa's Home Care, LLC*, 362 Or. at 128.

### G. Plaintiff Fails to State a Claim for Intentional Misrepresentation

Under Oregon law, the elements of a claim for intentional misrepresentation are: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." *Johnsen v. Mel-Ken Motors*, 134 Or. App. 81, 894 P.2d 540, 545 (1995). Plaintiff alleges that RugsUSA made false representations as well as material omissions of fact. ECF No. 1 at ¶ 124.

#### 1. *Plaintiff Fails to Plead with Particularity an Affirmative Fraud Claim*

Plaintiff fails to plead with particularity the representations upon which she relied. The Complaint alleges that Plaintiff reviewed the discounted or sale price and other unspecified representations. ECF No. 1 at ¶ 47. It is not clear which specific ones she is referring to—there is no allegation that Plaintiff specifically viewed or relied upon the statements provided in Paragraph 22 of Plaintiff's Complaint, while (as described above) the screenshot of her "Order Details" contained in Paragraph 46 of the Complaint contradicts Plaintiff's allegations regarding application of both 70% and 40% discounts. The Complaint also generally alleges that "[a]s alleged more fully above, Defendant made false representations and material omissions of fact[,]" *id.* at ¶ 124, but does not specify what exactly those representations and omissions are,

Page 19 –    DEFENDANT RUGSUSA, LLC'S MOTION TO DISMISS PLAINTIFF'S
            CLASS ACTION COMPLAINT

when they were made, or to whom.  In short, Plaintiff does not provide the who, what, where, and when, and such vague allegations about a wide variety of pricing representations and other unidentified marketing materials are insufficient to apprise RugsUSA of the particular conduct constituting an intentional misrepresentation.  *See In re Cloudera, Inc.*, 121 F.4th 1180, 1187 (9th Cir. 2024).  Plaintiff "must clearly and explicitly allege each specific misrepresentation that Plaintiff[] contend[s] [RugsUSA] fraudulently made, along with all of the other matters required under Rule 9(b) for pleading an allegation of fraud through affirmative misrepresentation."  *In re Premera*, 198 F. Supp. 3d at 1193; *see also Trudel v. Stoltz*, No. 93-36061, 1995 U.S. App. LEXIS 27862, at \*15 (9th Cir. Sep. 25, 1995) ("Rule 9(b) to require that a plaintiff 'state the time, place, and ***specific content of the false representations*** as well as the identities of the parties to the misrepresentation.'") (emphasis added).  Because Plaintiff has failed to plead her affirmative fraud claim with particularity under Rule 9(b), that claim should be dismissed.

### 2.    *Plaintiff Fails to Plead <u>Any</u> Facts to Support Fraud by Omission, Half-Truth, Or Concealment*

When fraud is based on omission, the representation element may be met by alleging that "the defendant either (1) remained silent when they had a duty to speak, or (2) assumed the obligation to make a full and fair disclosure of the whole truth by making a representation in the nature of a 'half-truth.'"  *Benson Tower Condo. Owners Ass'n v. Victaulic Co.*, No. 3:13-cv-01010-SI, 2014 U.S. Dist. LEXIS 146847, at \*33 (D. Or. Oct. 15, 2014).  With a pure omission claim, a plaintiff must plead a duty to disclose.  *Id.*  "In contrast to a[] [pure] omissions case, in a half-truths case the duty to disclose arises from the truth already half-spoken."  *United States v. Spanier*, No. 16cr1545-BEN, 2017 U.S. Dist. LEXIS 54010, at \*3 (S.D. Cal. Apr. 7, 2017).

Here, the Complaint fails to state a claim for fraud by omission because Plaintiff fails to (and cannot) plead a duty owed by RugsUSA. Plaintiff's conclusory allegation that "Defendant at all relevant times had a duty to disclose" is insufficient. ECF No. 1 at ¶ 83. *See Taylor v. Gorilla Capital, Inc.*, No. 6:18-cv-648-MC, 2018 U.S. Dist. LEXIS 182515, at *12 (D. Or. Oct. 23, 2018) (holding that a "conclusory statement that a duty to disclose existed" was insufficient to plead fraud by omission). Moreover, as a matter of law, a duty to disclose "does not exist if the parties were merely in an arm's-length commercial or business relationship where they were acting in their own economic interest." *Imhoff v. Ethicon, Inc.*, No. 3:20-cv-00380-AR, 2022 U.S. Dist. LEXIS 166673, at *29 (D. Or. July 15, 2022). Here, the parties were in an arm's-length transaction for the sale and purchase of a rug, therefore, no duty can exist.

Likewise, the Complaint fails to state a fraud by half-truth claim because Plaintiff fails to "clearly and explicitly allege what [RugsUSA] omitted, namely what [RugsUSA] should have disclosed in order to avoid making a half-truth or otherwise being misleading." *In re Premera*, 198 F. Supp. 3d at 1195; *see also Taylor*, 2018 U.S. Dist. LEXIS 182515, at *12 (dismissing half-truth fraud claim where plaintiff failed to "allege particular facts to establish Defendants had represented a 'half-truth'").

Similarly, the Complaint fails to state a fraud by concealment claim. "A claim of concealment differs from claims alleging misrepresentation or omission … in that there is no affirmative representation on which a plaintiff may rely." *Martell*, 537 F. Supp. 3d at 1197. Concealment is "characterized by deceptive acts or contrivances intended to hide information, mislead, avoid suspicion, or prevent further inquiry into a material matter." *Unigestion Holding, S.A. v. UPM Tech., Inc.*, 160 F. Supp. 3d 1214, 1224 (D. Or. 2016). To allege fraud by concealment, "it requires more than merely failing to own up to the truth … [or] making an

Page 21 –     DEFENDANT RUGSUSA, LLC'S MOTION TO DISMISS PLAINTIFF'S
              CLASS ACTION COMPLAINT

affirmative misrepresentation." *In re Premera*, 198 F. Supp. 3d at 1193-4.  A plaintiff "must allege facts showing [defendant's] deceptive acts intended to prevent discovery of the concealed information."  *Martell*, 537 F. Supp. 3d at 1197; *see also In re Premera*, 198 F. Supp. 3d at 1193-94 (allegations that a "defendant contacted the plaintiff and intentionally misled or gave materially incorrect information to the plaintiff in order to send that party down the wrong path" would suffice for fraud by concealment).

Here, Plaintiff merely asserts that RugsUSA "concealed material information from Plaintiff" in a conclusory fashion.  ECF No. 1 at ¶ 83.  Plaintiff "do[es] not allege how [RugsUSA] engaged in such 'active concealment'" and, thus "Plaintiff[']s allegations are insufficient."  *In re Premera*, 198 F. Supp. 3d at 1193-94 ("Plaintiffs must clearly and explicitly allege what [defendant] did that constitutes active concealment").  Accordingly, Plaintiff's fraud claims should be dismissed.

## V.    CONCLUSION

For the foregoing reasons, RugsUSA respectfully requests that the Court grant its motion to dismiss Plaintiff's Complaint with prejudice.


DATED:  May 12, 2025            STOEL RIVES LLP


*s/ Nicholas R. Bottcher*
TIMOTHY W. SNIDER, OSB No. 034577
timothy.snider@stoel.com
NICHOLAS R. BOTTCHER, OSB No. 245683
nicholas.bottcher@stoel.com


Page 22 –     DEFENDANT RUGSUSA, LLC'S MOTION TO DISMISS PLAINTIFF'S
              CLASS ACTION COMPLAINT

- AND -

THOMAS N. McCORMICK (*pro hac vice pending*)
tnmccormick@vorys.com
VORYS, SATER, SEYMOUR AND PEASE LLP
4675 MacArthur Court, Ste. 700
Newport Beach, CA  92660
Telephone:  949.526.7903

*Attorneys for Defendant RugsUSA, LLC*

128896860.1 0082389-00002