Jonas Jacobson (OSB No. 231106)
jonas@dovel.com
Vivek Kothari (OSB No. 182089)
vivek@dovel.com
Simon Franzini (Cal. Bar No. 287631)*
simon@dovel.com
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Tel: (310) 656-7066

*Attorneys for Plaintiff*

* Admitted *Pro Hac Vice*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KEIRA MCCARRELL, individually and on behalf of all others similarly situated, | Case No. 3:25-cv-00454-AB |
| *Plaintiff*, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| RUGSUSA, LLC, | |
| *Defendant*. | |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Plaintiff Keira McCarrell ("Plaintiff") and Defendant RugsUSA, LLC ("RugsUSA" or "Defendant," collectively "the Parties") have met and conferred and hereby submit the following Joint Rule 26(f) Report.

**1.    Jurisdiction and Service**

The Complaint alleges CAFA jurisdiction: "This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant." The sole Defendant in this matter has been served. Currently, no known issues exist regarding personal jurisdiction or venue.

**2.    Facts**

The Complaint alleges that Defendant RugsUSA engages in deceptive, unfair, and unlawful conduct by advertising supposedly time-limited sales that in truth are always available. Plaintiff contends that these practices harm consumers.

**3.    Legal Issues**

The FAC asserts violations of various consumer protection laws including, violation of Oregon's Unlawful Trade Practices Act ("UTPA"), breach of contract, breach of express warranty, unjust enrichment, and intentional misrepresentation. Defendant denies that it engages in deceptive, unfair, or unlawful conduct, and denies that its practices harm consumers. Defendant further denies that this case can proceed as a class action.

**4.    Motions**

On May 12, 2025, RugsUSA filed a Motion to Dismiss ("Motion") as to Plaintiff's initial Complaint (Dkt. No. 13) in this action. The Parties agreed to a briefing schedule for that Motion. Plaintiff filed her opposition to Defendant's Motion on June 27, 2025 (Dkt. No. 19), and Defendant's deadline to file a reply in support of its Motion is July 11, 2025.

Plaintiff anticipates filing a motion for class certification. The Parties may also file discovery motions, motions for summary judgment, motions in *limine*, and other pre-trial motions as appropriate or necessary depending on the progression of this litigation.

**5.    Amendment of Pleadings**

Plaintiff may seek to amend her initial Complaint in the future in response to any further motion to dismiss, any ruling on any such motion to dismiss, and/or to add additional named plaintiffs to serve as proposed class representatives.

**6.    Evidence Preservation**

The Parties have reviewed the ESI Guidelines and have met and conferred regarding the preservation of evidence and have taken reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.    Disclosures**

Considering the Court's practice to conduct the Rule 16 Conference after initial pleadings challenges are resolved, the Parties will submit a proposed schedule for disclosures within 14 days after the Court's order on Defendant's Motion to Dismiss (Dkt. No. 13).

**8.    Discovery**

No formal discovery has been taken place to date.

**9.    Class Actions**

Considering the Court's practice to conduct the Rule 16 Conference after initial pleadings challenges are resolved, the Parties will submit a proposed schedule for class certification briefing within 14 days after the Court's order on Defendant's Motion to Dismiss (Dkt. No. 13).

**10.    Related Cases**

Presently, there are no related cases or proceedings currently pending in this court or any other court.

11.    <u>**Relief**</u>

Individually and on behalf of the proposed class, Plaintiff seeks an order certifying the asserted claims, or issues raised, as a class action; a judgment in favor of Plaintiff and the proposed class; damages, treble damages, and punitive damages where applicable; restitution; rescission; disgorgement, and other just equitable relief; pre- and post-judgment interest; an injunction prohibiting Defendant's deceptive conduct, as allowed by law; reasonable attorneys' fees and costs, as allowed by law; and any additional relief the Court deems reasonable and just.

Damages will depend on information concerning Defendant's revenues, profits, and unit sales, which are not currently available to Plaintiff.  Accordingly, Plaintiff is not presently able to calculate a realistic range of provable damages.

12.    <u>**Settlement and ADR**</u>

The parties have generally discussed settlement, ADR, and the appropriate time to engage in Court sponsored or private mediation.  The resolution of motions that may lead to an environment in which a mediation could be productive including: a ruling on Defendant's pending motion to dismiss, a ruling on class certification, and a ruling on summary judgment.

13.    <u>**Other References**</u>

The Parties agree that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14.    <u>**Narrowing of Issues**</u>

The Parties are not aware of any issues that can be narrowed by agreement or by motion at this stage.

**15.**    **Scheduling**

Considering the Court's practice to conduct the Rule 16 Conference after initial pleadings challenges are resolved, the Parties will submit a proposed schedule within 14 days after the Court's order on Defendant's Motion to Dismiss (Dkt. No. 13).

**16.**    **Trial**

Plaintiff seeks a jury trial, and anticipates that the trial will take 5 court days.

**17.**    **Other**

The Parties do not consent to a Magistrate Judge.

The Parties agree to electronic service, via email to counsel of record, and that such electronic services will be treated as personal service for purposes of computing any deadlines triggered by such service.

Dated: July 9, 2025

Respectfully submitted,

By: */s/  Vivek Kothari*

Jonas Jacobson (OSB No. 231106)
jonas@dovel.com
Vivek Kothari (OSB No. 182089)
vivek@dovel.com
Simon Franzini (Cal. Bar No. 287631)*
simon@dovel.com
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Tel: (310) 656-7066

*Attorneys for Plaintiff*

* Admitted *Pro Hac Vice*


Dated: July 9, 2025

Respectfully submitted,

By: */s/ Thomas N. McCormick* (with permission)

Thomas N. McCormick (*pro hac vice pending*)
tnmccormick@vorys.com
VORYS, SATER, SEYMOUR AND PEASE LLP
2211 Michelson Drive, Suite 500
Irvine, CA 92612
Telephone: (949) 526-7903
Fax: (949) 526-7903

Timothy W. Snider (OSB No. 034577)
timothy.snider@stoel.com
Nicholas R. Bottchier (OSB No. 245683)
nicholas.bottcher@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 92705
Telephone: (503) 224-3380

*Attorneys for Defendant RUGSUSA, LLC*