IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEIRA MCCARRELL, *individually and on*
*behalf of all others similarly situated*,                              No. 3:25-cv-00454-AB

　　　　　Plaintiff,                                                OPINION AND ORDER

　　v.

RUGSUSA, LLC,

　　　　　Defendant.

**BAGGIO, District Judge:**

　　Plaintiff Keira McCarrell, individually and on behalf of others similarly situated, brings this action against Defendant RugsUSA, LLC for alleged violations of Oregon's Unlawful Trade Practices Act ("UTPA"), breach of contract, breach of express warranty, unjust enrichment, and intentional misrepresentation. Before the Court is Defendant's Motion to Dismiss, ("Mot. Dismiss", ECF 13), Plaintiff's Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, Defendant's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

## I.　FACTUAL BACKGROUND

　　Defendant is an online retailer that sells and markets rugs and home accessory products ("Products") on its website, www.rugsusa.com. Complaint ("Compl.", ECF 1) ¶ 6. Plaintiff alleges

that Defendant uses fake strikethrough prices, fake sitewide sales, and fake limited time sales that are continuously available to entice customers to purchase Defendant's Products. *Id.* ¶¶ 21, 22. Defendant runs these advertisements throughout its website including on its homepage, banners near the top of the site, on the product listing pages, and in the checkout cart. *Id.* ¶ 22. Plaintiff further alleges that the regular prices posted on Defendants website are fictitious, and that the advertised sale price is the true price of Defendant's Products. *Id.* ¶¶ 21, 26–30.

Plaintiff alleges that, on June 27, 2024, she visited Defendant's website and purchased an "Opar Flora Washable Abstract Rug." *Id.* ¶ 45. At the time of Plaintiff's purchase, Defendant's website "represented that a time-limited ('Ends Tonight') '70% OFF' sitewide sale, as well as another '40% Off Clearance' sale ('Use Code: SALE40'), was running and applied to the Product that" Plaintiff purchased. *Id.* Defendant represented that the list price for the rug was $183.19 but that Plaintiff would only pay $88.79 based on the sales running on Defendant's website. *Id.* ¶ 46. Plaintiff asserts that she read and relied on these representations. *Id.* ¶ 47. Based on Defendant's representations, Plaintiff understood that she was receiving a discount off the regular price of the rug and that the discount was only available for a limited time. *Id.* Plaintiff further asserts that she would not have bought the rug had she known that it was not discounted as advertised and that she was not actually receiving the advertised discount from the regular price. *Id.*

Plaintiff brings this action on behalf of herself and on behalf of Oregon consumers who "purchased one or more RugsUSA Product advertised at a discount on Defendant's website on or after October 13, 2023." *Id.* ¶ 58. As stated above, Plaintiff asserts claims for: (1) violation of the UTPA; (2) breach of contract; (3) breach of express warranty; and (5) intentional misrepresentation. *Id.* ¶¶ 66–130.

## II.    LEGAL STANDARD

Where the plaintiff "fail[s] to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the Court to reasonably infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 679.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). Regardless, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 680–81. Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

If a Rule 12(b)(6) motion is granted and "the complaint is dismissed, leave to amend should be granted unless the court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Morrow Equip. Co., LLC v. Stonebridge, Inc.*, 613 F. Supp. 3d 1355, 1356 (D. Or. 2020) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave [to amend] where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

## III.    DISCUSSION

### A.  Federal Rule of Civil Procedure 9(b)

As an initial matter, Defendant contends that the Rule 9(b) heightened pleading standard applies to each of Plaintiff's claims. When a plaintiff pleads that a defendant has engaged in fraud, the complaint must meet the heightened pleading standard of Rule 9(b). Under this standard, the plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A pleading satisfies Rule 9(b) if it identifies "the who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Decker v. GlenFed, Inc. (In re Glenfed, Inc. Sec. Litig.*), 42 F.3d 1541, 1548 (9th Cir. 1994)).

### 1.  *The Rule 9(b) pleading standard applies to each of Plaintiff's claims*

Defendant argues that Rule 9(b) applies to each of Plaintiff's claims because Plaintiff "claims she 'read and relied on' these alleged misrepresentations." Mot. Dismiss, 7 (quoting Compl. ¶ 47). Defendant argues that "[t]his is an allegation of fraud[,]" and "each of Plaintiff's claims is based on this purported fraudulent course of conduct related to misrepresentations about pricing, including her UTPA claim." Mot. Dismiss, 7. Plaintiff appears to concede that the Rule 9(b) heightened pleading standard applies to all her claims, except her UTPA claim. *See generally* Response in Opposition to Motion to Dismiss ("Resp.", ECF 13), 11–13 (arguing her Complaint complies with Rule 9(b) without disputing that Rule 9(b) applies). Plaintiff asserts that her UTPA claim is not subject to Rule 9(b) because her claim is not grounded in fraud. *See id.* at 16–17.

"Rule 9(b) applies to case[s] 'grounded in fraud' even when fraud is not an element of the claim." *Martell v. Gen. Motors LLC*, 492 F. Supp. 3d 1131, 1145 (D. Or. 2020) (citing *Vess*, 317 F.3d at 1103 and *In re Perma Blue Cross Customer Data Sec. Breach Litig.*, 198 F. Supp. 3d 1183, 1192 (D. Or. 2016)). A claim is grounded in fraud if it "alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of a claim." *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1161 (9th Cir. 2009) (cleaned up). In determining whether a complaint is grounded in fraud, a court should compare "the elements of fraud [under state law] and the course of conduct alleged in the complaint." *Latham v. PWCC Marketplace, LLC*, No. 3:21-cv-01381-MO, 2022 WL 226807, at *2 (D. Or. Jan. 25, 2022) (citing *Rubke*, 551 F.3d at 1161); *see also Ivie v. Mission Rock Residential LLC*, Case No. 3:21-cv-01122-SB, 2022 WL 2612215, at *11 (D. Or. May 27, 2022) (stating that a "[c]ourt must focus on whether [the] complaint [is grounded] in fraud based on a comparison between their allegations and the elements of fraud under Oregon law, not a comparison of the elements of UTPA and fraud claims."). In Oregon, the elements of common-law fraud are: (1) "the defendant made a material misrepresentation that was false;" (2) "the defendant did so knowing that the representation was false;" (3) "the defendant intended the plaintiff to rely on the misrepresentation;" (4) "the plaintiff justifiably relied on the misrepresentation;" and (5) "the plaintiff was damaged as a result of that reliance." *Strawn v. Farmers Ins. Co. of Or.*, 350 Or. 336, 351–52 (2011).

Here, the entire Complaint, including Plaintiff's UTPA claim, is grounded in fraud because it "alleges a unified course of fraudulent conduct[.]" *Rubke*, 551 F.3d at 1161. Plaintiff's claims are all based on her reading and relying on Defendant's purported misrepresentations. First, Plaintiff alleges that Defendant made material misrepresentations of "fake sales, fake list prices, and fake limited time sales." Compl. ¶¶ 47, 73–74, 124–25. Second, Plaintiff alleges that

Defendant knew that these representations were false *Id.* ¶ 126. Third, Plaintiff alleged that she believed that she was getting a limited time discount and would not have bought the Product if she knew that the Product was not actually discounted. *Id.* ¶¶ 41–43, 47. Fourth, Plaintiff alleges that she relied on the misrepresentation. *Id.* ¶¶ 38–40, 47. And fifth, Plaintiff alleges that she was harmed because "Defendant's advertisements harm consumers by inducing them to make purchases they otherwise would not have made, based on false information." *Id.* ¶ 44. Moreover, Plaintiff alleges that she was harmed because she was induced to make a purchase that she otherwise would not have made, based on the purported misrepresentations. *Id.*

Accordingly, because her Complaint is grounded in fraud, the Court finds that the Rule 9(b) pleading standard applies to each of Plaintiff's claims.

### 2. *Plaintiff Satisfies the Rule 9(b) Pleading Standard*

Defendant next asserts that Plaintiff fails to plead her action with the required particularity under Rule 9(b). Mot. Dismiss, 8–9. Defendant argues that, although the language is omitted, Plaintiff's allegations are almost entirely based upon information and belief. *Id.* at 8. Defendant further argues, that "Plaintiff has no personal knowledge of any of the allegedly pervasive fake time-limited sales and discounts," and the fact that her Complaint "describe[es] an investigation by her counsel . . . does not matter." *Id.* at 9. Plaintiff states that she satisfies the Rule 9(b) pleading standard because her counsel's thorough investigation, "over the course of a thirteen-month period, [showed] Defendant advertised a supposedly time-limited sale over 90% of the time." Resp., 14 (citing Compl. ¶ 26).

To begin, "it is irrelevant whether a plaintiff uses the phrase 'information and belief' when alleging false representations because allegations of misrepresentations not made on personal knowledge are presumed to have been made on information and belief." *In re Autodesk, Inc. Sec.*

*Litig.*, 132 F. Supp. 2d 833, 839 (N.D. Cal. 2000). And fraud claims based on "information and belief generally do not satisfy the heightened pleading standard expressed in Rule 9(b)." *Coos Bay RV Invs., LLC v. Wheelhaus, Inc.*, No. 3:21-cv-00448-AC, 2021 WL 5145323, at *4 (D. Or. Oct. 14, 2021), *findings and recommendation adopted*, 2021 WL 5149704 (D. Or. Nov. 4, 2021); *see also Villanueva v. Liberty Acquisitions Servicing, LLC*, 215 F. Supp. 3d 1045, 1055 (D. Or. 2016).

On the other hand, Plaintiff asserts that because her counsel performed an investigation into Defendant's alleged misrepresentations her claims satisfy the Rule 9(b) heightened pleading standard. *See* Resp., 14–16. The parties have not provided the Court with Oregon fake-discounting cases addressing whether a plaintiff's representative's investigation satisfies Rule 9(b).[1] However, Plaintiff asserts that courts in California fake-discounting cases have found that investigations performed by a fraud plaintiff's counsel or representative satisfy the Rule 9(b) pleading standard. *See Dennis v. Ralph Lauren Corp.*, Case No. 16cv1056-WQH-BGS, 2017 WL 3732103, at *5 (S.D. Cal. Aug. 29, 2017) (the plaintiff's attorney's investigations satisfy Rule 9(b) because they were sufficiently detailed and identify the false representations may by the defendants); *see also Real v. Y.M.I. Jeanswear, Inc.*, Case No. EDCV 17-0870 JGB (DTBx), 2017 WL 11675686, at *5 (C.D. Cal. Sept. 1, 2017) (the plaintiff's attorney's investigation "track[ing] ten products' prices daily over a three-month period, on Defendants' website" satisfied Rule 9(b)).

Moreover, some courts in California fake-discounting cases have declined to dismiss complaints on Rule 9(b) grounds when particular facts as to whether prices are fictitious are likely

---

[1] Plaintiff argues that "[c]ourts in fake-discount cases routinely hold [investigations by counsel] sufficient to satisfy Rule 9(b)," and cites *Esgate v. Home Depot U.S.A., Inc.*, Case No. 6:24-cv-01806-MTK, 2025 WL 1207217 (D. Or. Apr. 25, 2025). Resp., 14. There, the court did not discuss Rule 9(b). *See generally Esgate*, 2025 WL 1207217. More importantly, the court's discussion about investigations were in the context of the UTPA's statute of limitations and discovery rule. *See id.* at *7-8. Therefore, it is true Plaintiff cites to a District of Oregon case, however *Esgate* is irrelevant to the question presented here.

only known by the defendant. *See Covell v. Nine W. Holdings, Inc.*, Case No.: 3:17-cv-01371-H-JLB, 2018 WL 558976, at *4 (S.D. Cal. Jan. 25, 2018) (declining to dismiss the complaint on Rule 9(b) grounds because "[w]ithout an opportunity to conduct any discovery, Plaintiff cannot reasonably be expected to have detailed personal knowledge of [defendant's] internal pricing policies[ ]"); *see also Safransky v. Fossil Grp., Inc.*, Case No.: 17cv1865-MMA (NLS), 2018 WL 1726620, at *12 (S.D. Cal. Apr. 9, 2018) (noting that a plaintiff is not required to conduct a pre-suit investigation or include the result of an investigation "in every case.").

The Court finds that although Plaintiff does not have direct personal knowledge, her counsel's investigation over a thirteen-month period revealing that Defendant had a time-limited sale over 90% of the time, satisfies the heightened pleading requirement of Rule 9(b). *See* Compl. ¶ 26. Additionally, at this stage of litigation "Plaintiff cannot reasonably be expected to have detailed personal knowledge of [Defendant's] internal pricing policies." *Covell*, 2018 WL 558976, at *4. Assuming Plaintiff's allegations are true, as is required at this stage, her counsel's investigation is "specific enough to give defendants notice of particular misconduct" that Plaintiff alleges. *See Vess*, 317 F.3d at 1106.

Next, Plaintiff need only provide the *Vess* factors to meet the Rule 9(b) threshold requirement for particularity. *Id.* ("'the who, what, when, where, and how' of the misconduct charged."). Plaintiff identifies "who" committed the alleged misconduct: Defendant, RugsUSA, LLC. Compl. ¶¶ 6–7. Plaintiff states "what" the misconduct was: advertisements representing fake and "limited time" sales. *Id.* ¶¶ 2, 6, 8–9, 19, 21-26, 30, 32–33, 36, 38, 45–48, 73, 77, 79, 83. Plaintiff provides "when" misconduct occurred: February 2024 through the filing date of the Complaint. *Id.* ¶¶ 20–21. Plaintiff explains "where" the misconduct occurred: On Defendant's website, www.rugsusa.com. *Id.* ¶¶ 18, 22, 45, 47. Lastly, Plaintiff describes "how" Defendant's

purported fake discounts and misconduct led Plaintiff and other consumers to purchase Defendant's Products. *See id.* ¶¶ 28–30, 38–44, 47. Therefore, the Court finds that Plaintiff meets the heightened pleading standard pursuant to Rule 9(b).

## B. Oregon Unlawful Trade Practice Act

Plaintiff alleges that Defendant violated the UTPA under ORS 646.608(1)(e), (i), (j), (p), (s), and (ee), which prohibits certain deceptive trade practices in advertising prices. *See* Mot. Dismiss, 10–16. "Oregon's UTPA . . . was enacted as a comprehensive statute for the protection of consumers from unlawful trade practices." *Pearson v. Philip Morris, Inc.*, 358 Or. 88, 115 (2015). The UTPA provides a private right of action to persons who have been damaged as a result of another person's willful use or employment of a method, act or practice declared unlawful under ORS 646.608. ORS 646.638(1). To bring a UTPA claim, a plaintiff must plausibly allege that "(1) the defendant committed an unlawful trade practice; (2) plaintiff suffered an ascertainable loss of money or property; and (3) plaintiff's injury (ascertainable loss) was the result of the unlawful trade practice." *Pearson*, 358 Or. at 127.

### 1. Willfulness

Defendant moves to dismiss Plaintiff's UTPA claim, in part, because of Plaintiff's purported failure to sufficiently allege willfulness with particularity. *See* Mot. Dismiss, 11–12. A "willful violation occurs when the entity committing the violation knew or should have known that its conduct was a violation of the Act." *Miller v. Winco Foods*, Case No. 3:19-cv-02094-AC, 2020 WL 6693149, at *7 (D. Or. Sept. 3, 2020), *findings and recommendation adopted*, 2020 WL 6685697 (D. Or. Nov. 12, 2020). "[A] bare allegation that a defendant acted willfully is a 'mere conclusion of the pleader' and is generally insufficient." *Id.* (quoting *Adamson v. Worldcom Commc'ns, Inc.*, 190 Or. App. 215, 223 (2003)). A plaintiff's allegation must "suggest the

defendant acted willfully at the time of the alleged misconduct to survive a motion to dismiss." *Id.* Willfulness under the UTPA "requires no more than proof of ordinary negligence by a defendant in not knowing, when it should have known, that a representation made by [it] was not true." *State ex rel. Redden v. Disc. Fabrics, Inc.*, 289 Or. 375, 385 (1980).

Here, Plaintiff alleges that "Defendant knew or should have known that its conduct was a violation[.]" Compl. ¶ 82. To support her allegation Plaintiff asserts that Defendant's "list prices . . . are not actually Defendant's regular or former prices[ ] . . . [and that the] purported discounts Defendant advertises are not the true discount the customer is receiving."[2] *Id.* ¶ 30. Accepting Plaintiff's allegations of material fact as true and construing those facts in the light most favorable to Plaintiff, *Lund*, 5 F.4th at 968, the Court finds that Plaintiff has sufficiently alleged willfulness under the UTPA. Specifically, Plaintiff's factual allegations, although sparce, when accepted as true meet the willful requirement of ordinary negligence. *See Redden*, 289 Or. at 385. Accordingly, Defendant's motion to dismiss Plaintiff's UTPA claim based on failure to sufficiently allege willfulness with particularity is denied.

### 2.  *ORS 646.608(1)(j)*

Next, Defendant asserts that Plaintiff fails "to plead with particularity allegations to support a claim under ORS 646.608(1)(j), which makes it unlawful to make 'false or misleading

---

[2] In further support of her allegations, Plaintiff states that "Defendant knows that its actions are misleading and deceptive, because it was already sued for the same behavior under the consumer protection laws of multiple states." Compl. ¶ 82; *see also id.* ¶ 20. The parties disagree on whether factual allegations based on prior settlement are appropriate here. Defendant notes that the settlement agreement states the "[a]greement is not to be construed or deemed as an admissibility of liability, culpability, negligence, or wrongdoing on the part of Defendant." Reply, Ex. A at 23. The Court need not reach this question because Plaintiff has sufficiently alleged willfulness without the settlement evidence.

representations of fact concerning the reasons for, existence of, or amounts of price reductions.'" Mot. Dismiss, 12 (quoting ORS 646.608(1)(j)).

Plaintiff alleges that Defendant's "Products have a certain former price, regular price, and market value by placing a higher price in 'strikethrough' font next to the supposed discounted price it is charging for a particular product on a particular day." Resp., 18 (citing Compl. ¶¶ 22, 28–29). In further support of her UTPA claim, Plaintiff alleges that Defendant violated ORS 646.608(1)(j):

> by advertising fake sales, fake list prices, and fake limited time sales. By advertising regular list prices and supposedly time-limited discounts, Defendant's website creates an illusion that consumers are receiving a limited-time discount if they buy now. In truth, however, Defendant's Products are always on sale, and these sales persist indefinitely. As a result, Defendant's listed prices are not Defendant's true prices, or former prices, or the prevailing market prices for Defendant's Products. Nor are its purported price reductions true price reductions. Because Defendant always offers sitewide discounts, as well as discounts on certain items, it does not ordinarily or typically sell its Products at the purported regular prices.

Compl. ¶ 73.

Accepting all allegations of material fact as true and construing those facts in the light most favorable to Plaintiff, *Lund*, 5 F.4th at 968, the Court finds that Plaintiff has sufficiently alleged a claim under ORS 646.608(1)(j). Specifically, Plaintiff's allegations of Defendant's falsity concerning perpetual sales involves "false or misleading representations of fact concerning the reasons for, existence of, or amounts of price reductions." ORS 646.608(1)(j). Stated differently, Plaintiff's factual allegations that Defendant represents that its sales are only available for a limited time when they are indefinite, are sufficient to state a claim under ORS 646.608(1)(j). Accordingly, Defendant's motion to dismiss Plaintiff's UTPA claim under ORS 646.608(1)(j) is denied.

### *3. ORS 646.608(1)(e) and (i)*

In further support of her UTPA claim, Plaintiff alleges that Defendant violated ORS 646.608(1)(e) by representing "that the value of its Products is greater than it actually is by

11 – OPINION AND ORDER

advertising fake discounts for the Products." Compl. ¶ 76. Further, Plaintiff alleges that Defendant violated ORS 646.608(1)(i) by advertising Products at a sale price "[b]ut the purported discounts that Defendant advertises are not the true discounts that the customer receives." *Id.* ¶ 75. ORS 646.608(1)(e) makes it unlawful to advertise that goods or services have "sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities that the real estate, goods or services do not have" and ORS 646.608(1)(i) prohibits advertising goods or services with intent not to provide the goods or services as advertised.

The Complaint does not allege that Defendant made representations about the quality and characteristics of Defendant's Products. Rather, the allegations in the Complaint pertain to alleged deceptive pricing of Defendant's Products. However, it is unsettled whether a plaintiff may bring UTPA pricing-related claims under ORS 646.608(1)(e) and (i). *See Clark v. Eddie Bauer LLC*, 371 Or. 177, 186 n.9 (2023) (stating that the Oregon Supreme Court has never considered this question, "[h]owever, because it [had] no bearing on the conclusions . . ." the court "assume[d] for purposes of [the] opinion that a representation about a product's former price is not a representation about 'the character or quality of the product itself.'").

Although not a fake-discount case, *Mendoza v. Lithia Motors, Inc.*, Case No. 6:16-cv-01264-AA, 2017 WL 125018 (D. Or. Jan. 11, 2017), is instructive here. There, the court found that ORS 646.608(1)(e) did not apply to the plaintiffs' allegations that the car dealership defendants "representations that the vehicles, warranties or other services had 'sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities' that they did not have[.]" 2017 WL 125018, at *5. The court reasoned "that defendants fail[ure] to disclose the fees, payments, or kickbacks they received from loan providers and third parties[ ] . . . does not implicate

the characteristics or qualities of the financing arrangements or the warranty services or contracts." *Id.*

Plaintiff, however, directs the Court to cases in California that have applied similar provisions of California's Consumers Legal Remedies Act ("CLRA") and have interpreted those provisions to prohibit deceptive pricing or fake sales. Resp., 20-21. The CLRA uses virtually identical language as the UTPA. *See* Cal. Civ. Code § 1770(a)(5) (prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have."); *see also id.* § 1770(a)(9) (prohibits "[a]dvertising goods or services with intent not to sell them as advertised."). For example, in *Phillips v. Brooklyn Bedding LLC*, Case No. 23-cv-03781-RFL, 2024 WL 2830663 (N.D. Cal. Mar. 28, 2024), the plaintiff alleged similar facts as the facts asserted in this action. There the plaintiff alleged that the defendant "deceptively advertises time-limited discounts for its mattresses and bedding products, when in reality they are always on sale for less than the purported regular price." *Id.* at *1. The court found that, for the purposes of the pleading stage of the litigation, the plaintiff adequately pled a CRLA claim under Cal. Civ. Code § 1770(a)(5) and (9). *Id.* at *3; *see also Vizcarra v. Michaels Stores, Inc.*, 710 F. Supp. 3d 718, 729 (N.D. Cal. 2025) (same).

Although persuasive, the Court declines to follow the California fake-discount case law here. In part because it appears that Oregon courts would decline to apply subsections (e) and (i) to pricing representations. *See Mendoza*, 2017 WL 125018, at *5; *see also Clark*, 371 Or. at 186 n.9. Additionally, Defendant urges the Court to disregard Plaintiff's discussion of the CRLA, as the UTPA is at issue here, not the CRLA. Reply to Motion to Dismiss ("Reply", ECF 22), 9. Defendant instead reasons "that while subsections (e) and (i) do not mention price reductions or comparison, other subsections such as (j) and (ee) do." *Id.* The Court agrees with Defendant,

"[i]nterpreting subsections (e) and (i) to also apply to pricing issues would render them superfluous and redundant, contrary to well established canons of statutory interpretations." *Id.* (citing, *e.g., Kungys v. United States*, 485 U.S. 759, 778 (1988)).

Consequently, Defendant's motion to dismiss Plaintiff's UTPA claim pursuant to ORS 646.608(1)(e) and (i) is granted. Although debatable, based upon the current factual record, the Court cannot conclude that it is impossible for Plaintiff to cure the defects in her pleading. *See Morrow*, 613 F. Supp. 3d at 1356. Therefore, Plaintiff has leave to amend her UTPA claim pursuant to ORS 646.608(1)(e) and (i).

### 4.   *ORS 646.608(1)(ee)*

In support of her UTPA claim, Plaintiff alleges that Defendant violated ORS 646.608(1)(ee) by using misleading price comparisons to advertise its products. Compl. ¶ 78. Pursuant to ORS 646.608(1)(ee), a person engages in an unlawful practice if he or she "[v]iolates ORS 646.883 or 646.885."

### i.   **ORS 646.883**

Plaintiff alleges that Defendant violated ORS 646.608(1)(ee) first by violating ORS 646.883. Compl. ¶ 78. ORS 646.883 makes it a violation "for a seller to include a price comparison in an advertisement unless: (1) The seller clearly and conspicuously identifies in the advertisement the origin of the price that the seller is comparing to the seller's current price. . . . [and] (2) The price comparison is in compliance with ORS 646.608 (1)(j) and the rules adopted under ORS 646.608 (4)[.]" Plaintiff asserts that Defendant violated the first requirement under ORS 646.883 because "Defendant's strikethrough pricing does not contain any disclosures at all about the origin of the strikethrough price." Compl. ¶ 79.

Accepting this allegation of material fact as true, *Lund*, 5 F.4th at 968, the Court finds that Plaintiff sufficiently alleges the first requirement of ORS 646.883. Additionally, because the Court has found that Plaintiff has sufficiently alleged a violation under ORS 646.608(1)(j), Plaintiff satisfies the second requirement of ORS 646.883.

### ii.    ORS 646.885

In addition, Plaintiff alleges that Defendant violated ORS 646.608(1)(ee) by violating ORS 646.885. Compl. ¶ 78. Under ORS 646.885(1), price comparison "terms such as 'regular,' 'reduced,' 'sale,' 'usually,' 'originally,' 'clearance,' 'liquidation' and 'formerly' shall identify the origin of the price that the seller is comparing to the seller's current price as the seller's own former price, or in the case of introductory advertisements, the seller's future price." And, under ORS 646.885(2), "[u]nless the seller states otherwise in the advertisement, use of terms such as 'discount,' '_____ percent discount,' '$_____ discount,' '_____ percent off' and '$_____ off' shall be considered to identify the origin of the price that the seller is comparing to the seller's current price as the seller's former price[.]"

Here, Plaintiff alleges that Defendant uses the terms "sale," "discount," and "___% off" in its advertisements. Compl. ¶ 37. And she further alleges that "Defendant's list prices are not Defendant's true prices, or the prevailing market price for Defendant's Products." *Id.* ¶ 73. Defendant contends that the discounts are not fake and therefore this claim should be dismissed. Mot. Dismiss, 16. At this stage of litigation the Court must accept Plaintiff's allegations as true. Thus, the Court accepts Plaintiff's allegation that "Defendant's list prices are not Defendant's true prices," and finds that Plaintiff states a plausible claim under ORS 646.609(1)(ee) and 646.885.

### C. Breach of Contract

Defendant next argues that the "Complaint does not plausibly allege the relevant terms of any contract." Mot. Dismiss, 16. In Oregon, to state a claim for breach of contract, a "plaintiff must allege the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff." *Slover v. Or. State Bd. of Clinical Soc. Workers*, 144 Or. App. 565, 570 (1996) (internal quotation marks and citations omitted).

Again, the parties do not provide the Court with Oregon case law in which a court has considered whether a plaintiff can state a claim for breach of contract in the context of fake-discount cases. Instead, Plaintiff directs the Court to California fake-discount cases. For example, in *Vizcarra*, the plaintiff claimed, "that she and class members entered a contract with [defendant] in which they would pay [defendant] for the products, and [defendant] in turn would provide products that had market values equal to the non-discounted list prices while providing a discount." 710 F. Supp. 3d at 731. The court found that at the pleading stage, plaintiff stated a breach of contract claim because she alleged a specific agreement in which "she upheld her end while [defendant] did not and that she was harmed as a result." *Id.*

Similarly, in *Phillips*, the plaintiff entered into a contract with [defendant] in which he would pay for the product, and in return, [defendant] would provide a product that had 'a market value equal to the regular price[ ] displayed on the website,' along with 'a discount equal to the difference between the price paid, and the regular price[ ] advertised.'" 2024 WL 2830663, at *6 (internal citations omitted). Additionally, the plaintiff "allege[d] that, while he fulfilled his end of the contract by paying [defendant] for the product, [defendant] breached that contract 'by failing to provide' him with a product that 'ha[d] a regular price and market value equal to the regular

price displayed, and by failing to provide the discount it promised.'" *Id.* The court found that "[t]hese allegations are enough to state a claim for breach of contract." *Id.*

The facts here are almost identical to *Vizcarra* and *Phillips*. Plaintiff entered into a contract with Defendant in which she would pay for a rug, and in return, Defendant would provide the rug at "a former price, and a market value, equal to the regular prices displayed on the websites," along with a "specific discount advertised on the website[.]" Compl. ¶¶ 101-03. Plaintiff alleged that she fulfilled her end of the contract by paying Defendant for the rug. *Id.* ¶ 104. And "Defendant breached the contract[ ] with Plaintiff . . . by failing to provide [the rug] that had a regular price and a market value equal to the list price displayed on its website, and by failing to provide the promise discount." *Id.* ¶ 105. Accordingly, as in *Vizcarra* and *Phillips*, this Court finds that Plaintiff plausibly states a claim for breach of contract. Defendant's motion to dismiss Plaintiff's breach of contract claim is denied.

### D.  Breach of Express Warranty

Defendant next argues that Plaintiff fails to offer facts supporting her express breach of warranty claim. *See* Mot. Dismiss, 17–18. To state a claim for breach of express warranty, Plaintiff must allege "(1) an affirmation of fact or description of the goods; and (2) the factual affirmation or description must be part of the basis of the bargain." *Johnson v. Medtronic Inc.*, Civ. No. 6:20-cv-00599-MK, 2021 WL 2669560, at *6 (D. Or. June 10, 2021), *findings and recommendation adopted*, 2021 WL 2668793 (D. Or. June 29, 2021) (citing *Autzen v. John C. Taylor Lumber Sales, Inc.*, 280 Or. 783, 788 (1977)).

Again, the parties do not provide Oregon case law where a court has considered whether a plaintiff can state a claim for breach of express warranty in the context of a fake-discount case. Instead, Plaintiff directs the Court to California fake-discount cases. In *Vizcarra*, the court

concluded that a breach of express warranty was sufficiently pled where plaintiffs alleged "that [defendant] represented that its products had a market value equal to the regular non-discounted list price, and that this was part of the basis for the bargain." 710 F. Supp. 3d at 731. Similarly, in *Phillips*, the court there concluded the plaintiff sufficiently pled a breach of warranty claim because the plaintiff alleged that the defendant "represented that its product 'had a prevailing market value equal to the regular price displayed on [its] website' and that '[t]his warranty was part of the basis of the bargain' on which he relied." 2024 WL 2830663, at *6 (internal citations omitted). Further, plaintiff alleged the warranty was breached "because the product's 'stated market value was not the prevailing market value.'" *Id.* (internal citations omitted).

Here, Plaintiff alleges "that [Defendant's] Products had a prevailing market value equal to the regular price displayed on Defendant's website" and "that the Products were being sold at an advertised discounted price." Compl. ¶¶ 110-11. Plaintiff alleges that these affirmations were "part of the basis of the bargain," *id.* ¶ 112, because Plaintiff believed she was receiving a discount, and that the prevailing market value was the displayed regular price. *E.g., id.* ¶¶ 8, 29–30, 38–39. Accordingly, as in *Vizcarra* and *Phillips*, this Court finds that Plaintiff plausibly states a claim for breach of express warranty.[3] Therefore, Defendant's motion to dismiss Plaintiff's breach of express warranty claim is denied.

### E.  Intentional Misrepresentation

Next, Defendant moves to dismiss Plaintiff's intentional misrepresentation claim. *See* Mot. Dismiss, 19–20. Under Oregon law, there are "four theories of fraud: (1) affirmative

---

[3] Defendant argues that its advertisements "convey[ ] an opinion about the goods" and "are not affirmations of fact." Mot. Dismiss, 18 (citing ORS 72.3130(2)). However, allegations of fake discounts are descriptions of the goods, including the price and the promised discount. *Vizcarra*, 710 F. Supp. 3d at 731.

misrepresentation; (2) omission of a material fact when there is an independent duty to disclose; (3) omission of a material fact needed to make a 'half-truth' not misleading; and (4) actual or active concealment. *Martell*, 492 F. Supp. 3d at 1142 (quoting *Unigestion Holding, S.A. v. UPM Tech., Inc.*, 160 F. Supp. 3d 1214, 1223-24 (D. Or. 2016)). A plaintiff must be explicit regarding which fraud theory they are pursuing. *Id.* at 1144.

Plaintiff brings a claim for "intentional misrepresentation," Compl. ¶¶ 122-30, which appears to be a claim for affirmative misrepresentation. To state a claim for affirmative misrepresentation, Plaintiff must allege: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." *Johnsen v. Mel-Ken Motors*, 134 Or. App. 81, 89 (1995) (internal quotation marks and citations omitted).

Plaintiff plausibly alleges a claim for intentional misrepresentation. Plaintiff alleges that Defendant made representations regarding the regular price of its Products and representations that the Products were being sold at a discount price. Compl. ¶ 33, 45–47. Plaintiff states that the representations were false. *Id.* ¶ 33 (alleging that "Defendant represents that its Products are being sold at a discount because of a promotion, when they are not."). Plaintiff alleges that "Defendant's misrepresentations and nondisclosures are material[,]" *Id.* ¶ 85, because she "read and relied on Defendant's representations . . . [and] would not have made the purchase" had she known the representations were false. *Id.* ¶¶ 44, 48. Plaintiff asserts that Defendant knew the representations were false, *id.* ¶ 126, for example, Plaintiff asserts that Defendant's "list prices . . . are not actually Defendant's regular or former prices . . . [and that the] purported discounts Defendant advertises

are not the true discount the customer is receiving." *Id.* ¶ 30. Plaintiff alleges that "Defendant intended that Plaintiff . . . rely on these misrepresentations." *Id.* ¶ 127. And she further alleges that "consumers are more likely to buy a product . . . if they believe the product is on sale[.]" *Id.* ¶ 41; *see also id.* ¶¶ 42-43. Plaintiff argues that she justifiably relied on Defendant's misrepresentations because she "would not have made the purchase if she had known that the product was not discounted as advertised, and that she was not receiving the advertised discount." *Id.* ¶ 47. And lastly, Plaintiff alleges she was damaged because she was induced to make a purchase that she otherwise would not have made, based on the false information. *Id.* ¶ 44. She further alleges that "Defendant's advertisements artificially increase consumer demand for Defendant's Products, and as a result, Defendant can charge a price premium for its Products, that it would not be able to charge absent misrepresentations[.]" *Id.* Therefore, "Plaintiff . . . paid more for the Products [she] bought than [she] otherwise would have." *Id.*

Accordingly, the Court finds that Plaintiff plausibly states a claim for fraud under an intentional misrepresentation theory, and Defendant's motion to dismiss her claim is denied.

### F.  Unjust Enrichment

Finally, Defendant moves to dismiss Plaintiff's unjust enrichment claim. Mot. Dismiss, 18–19. Under Oregon law, a plaintiff can state a claim for unjust enrichment only if "the case type matches already recognized forms of unjust enrichment." *Larisa's Home Care, LLC v. Nichols-Shields*, 362 Or. 115, 128 (2017). In *Larisa's Home Care*, the Oregon Supreme Court held that "Oregon courts should examine the established legal categories of unjust enrichment as reflected in Oregon case law and other authorities to determine whether any particular enrichment is unjust." *Id.* at 133. One of these established legal categories is fraud. *See id.* at 128 (citing the Restatement

(Third) of Restitution and Unjust Enrichment for the proposition that fraud is one of the most recognizable sources of unjust enrichment).

As discussed above, Plaintiff adequately alleges intentional misrepresentation (fraud), therefore the Court finds that Plaintiff's allegations support a claim for unjust enrichment. Therefore, Defendant's motion to dismiss Plaintiff's unjust enrichment claim is denied.

## IV.    CONCLUSION

Based on the reasons discussed herein, Defendant's Motion to Dismiss [13] is GRANTED IN PART and DENIED IN PART. Plaintiff's UTPA claims pursuant to ORS 646.608(1)(e) and (i), only, are DISMISSED with leave to amend, within 14 days of the date of this Opinion and Order.

IT IS SO ORDERED.

DATED this  7th  day of August 2025.

AMY M. BAGGIO
United States District Judge