Jonas Jacobson (OSB No. 231106)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)*
simon@dovel.com
Stephen Ferruolo (Cal. Bar No. 364158)*
sferruolo@dovel.com
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Tel: (310) 656-7066
Facsimile: +1 (310) 656-7069

Julian C. Diamond (NY Bar No. 5836846)*
jdiamond@bursor.com
Bursor & Fisher, P.A.
1330 Avenue of the Americas, New York, NY 10019
Tel: (646) 837-7011
Facsimile: (212) 989-9163

*Attorneys for Plaintiff*

* Admitted *Pro Hac Vice*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KEIRA MCCARRELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RUGSUSA, LLC,<br><br>Defendant. | Case No. 3:25-cv-00454-AB<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>**REDACTED VERSION**<br><br>ORAL ARGUMENT REQUESTED |

**TABLE OF CONTENTS**

I.      Introduction. ....................................................................................................1

II.     Background........................................................................................................1

        A.      Fake discounts are illegal.......................................................................1

        B.      Rugs USA's fake discounts. ...................................................................2

        C.      Plaintiff's claims. ...................................................................................5

III.    The proposed Class. ..........................................................................................5

IV.     The proposed Class satisfies Rule 23(a)...........................................................6

        A.      The proposed Class is sufficiently numerous. .......................................6

        B.      There are many common questions of law and fact. ..............................6

        C.      Plaintiff's claims are typical...................................................................7

        D.      Plaintiff and her counsel are adequate....................................................8

V.      The Court should certify a Rule 23(b)(3) damages class..................................8

        A.      Common issues predominate liability. ...................................................8

                1.      Liability for the UTPA claims can be established classwide............9

                        a.      Liability for the "false and misleading" UTPA
                                claims  can be established classwide. ....................................9

                        b.      Liability for the comparative advertising UTPA
                                claims can be established classwide. ...................................12

                        c.      Plaintiff's UTPA claims do not require reliance..................14

                2.      Liability for the contract and warranty claims can be
                        established classwide....................................................................14

                3.      Liability for the unjust enrichment claim can be established
                        classwide.......................................................................................15

        B.       Common questions predominate damages. ..........................................16

                1.      Price premium damages model (all claims). ....................................17

                2.      Rescission and restitution (equitable claim only)............................19

                3.      Statutory damages (UTPA claims only)..........................................20

        C.      A class action is a superior way to resolve this controversy. ........................21

VI.     The Court should certify a Rule 23(b)(2) injunction class. ......................................22

VII.    Conclusion. .....................................................................................................23

## TABLE OF AUTHORITIES

**Cases**

*Andriesian v. Cosmetic Dermatology, Inc.*,
  2015 U.S. Dist. LEXIS 50502 (D. Or. Mar. 3, 2015) ................................................................ 15

*Astiana v. Kashi Co.*,
  291 F.R.D. 493 (S.D. Cal. 2013) ............................................................................................... 16

*B.K. v. Snyder*,
  922 F.3d 957 (9th Cir. 2019) ..................................................................................................... 22

*Bally v. State Farm Life Ins. Co.*,
  335 F.R.D. 288 (N.D. Cal. 2020) ............................................................................................... 17

*Bohr v. Tillamook Cty. Creamery Ass'n*,
  373 Or. 343 (2025) ..................................................................................................................... 14

*Brinkmann v. ABM Onsite Servs.-West, Inc.*,
  2021 U.S. Dist. LEXIS 167025 (D. Or. Sep. 2, 2021) ............................................................... 16

*Briseno v. ConAgra Foods, Inc.*,
  674 F. App'x 654 (9th Cir. 2017) .............................................................................................. 17

*Cabrera v. Bayer Healthcare LLC*,
  2024 U.S. Dist. LEXIS 31709 (C.D. Cal. Feb. 23, 2024) ..................................................... 15, 16

*Calderon v. Kate Spade & Co., LLC*,
  2020 U.S. Dist. LEXIS 38510 (S.D. Cal. Mar. 5, 2020) ........................................................... 20

*Chehalem Physical Therapy, Inc. v. Coventry Health Care, Inc.*,
  2013 U.S. Dist. LEXIS 206122 (D. Or. Apr. 16, 2013) ............................................................. 22

*CLF 007 v. CooperSurgical, Inc.*,
  2025 U.S. Dist. LEXIS 61420 (D. Or. Mar. 31, 2025) ............................................................. 16

*Comcast Corp. v. Behrend*,
  569 U.S. 27 (2013) ................................................................................................................ 17, 19

*de Lacour v. Colgate-Palmolive Co.*,
  338 F.R.D. 324 (S.D.N.Y. 2021) ............................................................................................... 21

*Doe v. Trump*,
  335 F.R.D. 416 (D. Or. 2020) ...................................................................................................... 8

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) ....................................................................................................... 8

*Ewert v. eBay, Inc.*,
  2010 U.S. Dist. LEXIS 108838 (N.D. Cal. Sept. 30, 2010) ....................................................... 15

*FTC v. Figgie Int'l*,
  994 F.2d 595 (9th Cir. 1993) ..................................................................................................... 20

*Gunaratna v. Dennis Gross Cosmetology LLC*,
  2023 U.S. Dist. LEXIS 60796 (C.D. Cal. Apr. 4, 2023) ........................................................... 14

*Hanney v. Epic Aircraft, Ltd. Liab. Co.*,
    2024 U.S. Dist. LEXIS 35450 (D. Or. Jan. 25, 2024) ................................................................ 6

*Hanney v. Epic Aircraft, Ltd. Liab. Co.*,
    2024 U.S. Dist. LEXIS 85112 (D. Or. May 10, 2024) ............................................................. 21

*In re Pfa Ins. Mktg. Litig.*,
    696 F. Supp. 3d 788 (N.D. Cal. 2021) ...................................................................................... 20

*In re Premera Blue Cross Customer Data Sec. Breach Litig.*,
    2019 U.S. Dist. LEXIS 127093 (D. Or. July 29, 2019) ........................................................... 15

*Johnson v. City of Grants Pass*,
    50 F.4th 787 (9th Cir. 2022) .................................................................................................... 6

*Just Film, Inc. v. Buono*,
    847 F.3d 1108 (9th Cir. 2017) ................................................................................................. 7

*Just Film, Inc. v. Buono*,
    847 F.3d 1108 (9th. Cir. 2017) ............................................................................................... 16

*Justin Kraft & Kraft Piano Servs., LLC v. Arden*,
    2008 U.S. Dist. LEXIS 91001 (D. Or. Nov. 7, 2008) .............................................................. 15

*Krueger v. Wyeth, Inc.*,
    396 F. Supp. 3d 931 (S.D. Cal. 2019) ..................................................................................... 19

*Kumandan v. Google LLC*,
    2022 U.S. Dist. LEXIS 247427 (N.D. Cal. Dec. 16, 2022) ...................................................... 18

*Lo v. Under Armour, Inc.*,
    2024 U.S. Dist. LEXIS 231680 (D. Or. Dec. 23, 2024) ........................................................... 19

*Local Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*,
    244 F.3d 1152 (9th Cir. 2001) ................................................................................................. 9

*Lytle v. Nutramax Labs., Inc.*,
    114 F.4th 1011 (9th Cir. 2024) .............................................................................................. 17

*Maney v. Brown*,
    516 F. Supp. 3d 1161 (D. Or. 2021) ........................................................................................ 6

*McMorrow v. Mondelēz Int'l, Inc.*,
    2021 U.S. Dist. LEXIS 42885 (S.D. Cal. Mar. 8, 2021) .......................................................... 18

*Moss v. United States Secret Serv. of the Dep't of Homeland Sec.*,
    2015 U.S. Dist. LEXIS 131260 (D. Or. Aug. 6, 2015) .............................................................. 7

*Noohi v. Johnson & Johnson Consumer Inc.*,
    146 F.4th 854 (9th Cir. 2025) ................................................................................................ 17

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC,*
    31 F.4th 651 (9th Cir. 2022) ........................................................................................ 11, 14, 22

*Parra v. Bashas', Inc.*,
   536 F.3d 975 (9th Cir. 2008) ................................................................................. 6

*Pearson v. Philip Morris, Inc.*,
   358 Or. 88 (2015) ................................................................................................ 10, 21

*Prescott v. Reckitt Benckiser LLC*,
   2022 U.S. Dist. LEXIS 135329 (N.D. Cal. July 14, 2022) ..................................... 18

*Pulaski & Middleman, LLC v. Google, Inc.*,
   802 F.3d 979 (9th Cir. 2015) ................................................................................. 17

*Rodriguez v. Hayes*,
   591 F.3d 1105 (9th Cir. 2010) ............................................................................... 22

*Rusoff v. Happy Grp., Inc.*,
   2024 U.S. Dist. LEXIS 237805 (N.D. Cal. Sep. 27, 2024) ..................................... 18

*Scharfstein v. BP W. Coast Prods., Ltd. Liab. Co.*,
   292 Or. App. 69 (2018) .......................................................................................... 21

*Scott v. W. Int'l Surplus Sales, Inc.*,
   267 Or. 512 (1973) ................................................................................................. 21

*Silva v. Unique Bev. Co., LLC*,
   2017 U.S. Dist. LEXIS 179362 (D. Or. Oct. 30, 2017) ........................................... 10

*Simon v. Carter's, Inc.*,
   2020 U.S. Dist. LEXIS 265097 (N.D. Cal. July 13, 2020) ...................................... 20

*Solano v. Kroger Co.*,
   2020 U.S. Dist. LEXIS 223143 (D. Or. Nov. 30, 2020) .......................................... 14

*Solano v. Kroger Co.*,
   2024 U.S. Dist. LEXIS 160116 (D. Or. July 16, 2024) ........................................... 16

*Spann v. J.C. Penney Corp.*,
   2015 U.S. Dist. LEXIS 42545 (C.D. Cal. Mar. 23, 2015) ....................................... 19

*Spann v. J.C. Penney Corp.*,
   307 F.R.D. 508 (C.D. Cal. 2015) ......................................................................... 7, 20

*Stathakos v. Columbia Sportswear Co.*,
   2017 U.S. Dist. LEXIS 72417 (N.D. Cal. May 11, 2017) ....................................... 18

*Stearns v. Ticketmaster Corp.*,
   655 F.3d 1013 (9th Cir. 2011) ................................................................................. 7

*Vaccarino v. Midland Nat'l Life Ins. Co.*,
   2013 U.S. Dist. LEXIS 88612 (C.D. Cal. June 17, 2013); ...................................... 15

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338, 350 (2011) ......................................................................................... 6

*Wiener v. Dannon Co.*,
   255 F.R.D. 658 (C.D. Cal. 2009) ............................................................................ 18

*Wolph v. Acer Am. Corp.*,
   272 F.R.D. 477 (N.D. Cal. 2011)......................................................................................... 9

**Statutes**

O.R.S. §646.608(1)(ee)............................................................................................... vi, 2, 5

O.R.S. §646.608(1)(j) ........................................................................................ vi, 2, 5, 10, 12

O.R.S. §646.608(1)(p) .......................................................................................... vi, 2, 5, 10

O.R.S. §646.608(1)(s)................................................................................................... vi, 2

O.R.S. §646.638.......................................................................................................... 21

O.R.S. §646.883.................................................................................................. vi, 5, 12

O.R.S. §646.883(1) ........................................................................................................ 2

O.R.S. §646.885.................................................................................................. vi, 5, 13

**Rules**

Fed. R. Civ. P. 23(a)(4)................................................................................................ 8

**Regulations**

16 C.F.R. § 233.1(a)...................................................................................................... 1

## 7-1(A) CERTIFICATION

Pursuant to Civil Local Rule 7-1, counsel for Plaintiff Keira McCarrell ("Plaintiff") made a good faith effort to resolve this dispute with counsel for Defendant Rugs USA, LLC ("Rugs USA") but has been unable to do so. Plaintiff identified the grounds for class certification in its Complaint at the outset of this case. Complaint (Dkt.1), ¶¶58-65, 92. Defendant denied all class certification allegations in its Answer, repeating for each: "Defendant also specifically denies that this action is suitable for resolution on a classwide basis." Answer (Dkt. 27), ¶¶58-65, 92. The Parties agreed on and jointly proposed a schedule to present this dispute to the Court. Dkt. 25 at 2-3 (proposed class certification briefing schedule); Dkt. 38 (revised class certification briefing schedule). In accordance with D. Or. L.R. 7-1(a)(1)(A), Plaintiff twice attempted to confer with Defendant's counsel via Zoom, however Defendant's counsel willfully refused to participate in a meet and confer to resolve the dispute. *See* Declaration of Julian C. Diamond ¶¶ 9-13. Thus, Plaintiff's meet and confer requirement is excused by D. Or. L.R. 7-1(a)(1)(B).

## MOTION

For the reasons stated in the supporting memorandum of law, Plaintiff seeks to certify UTPA claims under O.R.S. §§646.608(1)(s), 646.608(1)(j), 646.608(1)(p), 646.608(1)(ee), 646.883, and 646.885, and breach of contract, express warranty, and unjust enrichment claims for the following class: All persons who, while in the state of Oregon and within the applicable statute of limitations period, purchased one or more Rugs USA Product advertised at a discount on Defendant's website on or after October 13, 2023. Plaintiff also seeks her appointment as class representative and the appointment of Dovel & Luner, LLP and Bursor & Fisher, P.A. as class counsel.

## I.    Introduction.

Rugs USA markets and sells rugs online through its website where it advertises promotions for its rugs and shows purported discounts to its customers before they place an order. Customers are told that the regular price of a selected rug was, say, $73.99, but because of a sale or discount, they would pay only $39.95. These advertised discounts are deceptive because Rugs USA's purported regular prices are not really its regular prices. Instead, Rugs USA regularly sells its products at prices lower than its advertised list prices. So customers who bought during Rugs USA's supposed sales did not really get the promised discounts on their purchases.

Plaintiff's claims meet all the requirements for class certification.

## II.    Background.

### A.    Fake discounts are illegal.

Consumers love a good deal. Declaration of Bruce Silverman ("Silverman") ¶¶35, 48. If consumers believe that they are getting a discount, they are more likely to make a purchase, and are willing to pay more for it. *Id.* ¶72, ¶¶49-50.

Because customers value discounts, companies have long used discounts to boost their sales. *Id.* ¶¶51-55; 316 C.F.R. § 233.1(a) ("One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article."); *id.* (it is deceptive to promote "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price). And some companies take advantage of customers' valuation of discounts by advertising deceptive discounts (that do not reflect a discount off the true regular price).

Oregon, however, has long prohibited deceptive discounts. Oregon's Unlawful Trade Practices Act (UTPA) expressly prohibits businesses from making false or misleading

PAGE 1 – CLASS CERTIFICATION MOTION

representations about prices, discounts, or promotions for their products. *See* O.R.S. §646.608(1)(s) (prohibiting "false or misleading representations of fact concerning the offering price"); *id.* §646.608(1)(j) (prohibiting "false or misleading representations of fact concerning the reasons for, existence of, or amounts of price reductions"); *id.* §646.608(1)(p) (prohibiting "false or misleading statement[s] about a … promotion used to publicize a product").

The UTPA also makes it "unlawful" "for a seller to include a price comparison in an advertisement" unless the "seller clearly and conspicuously identifies in the advertisement the origin of the price that the seller is comparing to the seller's current price." O.R.S. §646.608(1)(ee), *id.* §646.883(1).

### B.    Rugs USA's fake discounts.

Rugs USA markets and sells rugs ("Rugs USA Products" or "Products") through its website. It advertises purported regular list prices, as well as purported discounts off those list prices. Silverman ¶¶5-6; ¶¶59-63. Shown here is an exemplary product page on Defendant's website with a purported discount. The promotional message shows the purported regular everyday price in strikethrough font ("~~$79~~") alongside the purported discounted sale price ("$49") and purported savings (the percentage off, "38%"):



PAGE 2 – CLASS CERTIFICATION MOTION

*Id*.; Declaration of Julian C. Diamond ("Diamond"), Ex. 3 (Hadian depo. tr.) at 88:1-19, 109:18-112:6. "Reasonable consumers believe" the strikethrough price (here, $79) "to be the price at which Rug USA usually and typically sells that product." Silverman ¶¶5-6, ¶39. That is, they believe $79 to be the regular everyday price at which Rugs USA regularly sells this product. *Id*. But it is not. *Id*. ¶¶59-61. Rugs USA displays this higher strikethrough price to give the consumer the illusion of savings. And it does so even if the product was never actually sold at this price:



Diamond, Ex. 2 (McManic depo. tr.) at 70:16-19; 71:12-16; *see id*. at 74:21-75:1; 70:6-13. ██

████████████████████████████████████████████████████████

Silverman ¶61. ████████████████████████████████████████████

████████████████████████████████ *Id*.; Diamond, Ex. 3 (Hadian

depo. tr.) at 44:18-23.

What's worse, the actual price that consumers pay for the product (i.e., the true regular price) is even lower than the discounted price shown above (i.e., lower than $49 in this example).

PAGE 3 – CLASS CERTIFICATION MOTION

This is because Rugs USA also offers a constant stream of purportedly time-limited promotions. Silverman ¶¶62-63. Rugs USA advertises these promotions prominently on its website. *Id*. ¶¶62-63, ¶6. For example:





*Id*., ¶6. Reasonable consumers, seeing promotions like these, understand them to be "time-limited" sales, before which the products were not discounted and after which the products

PAGE 4 – CLASS CERTIFICATION MOTION

would return to their pre-discount price. Silverman ¶¶54-57.

("There is nothing wrong with the suggestion of an honest end date for a sale. But if the sale (or a similar sale) just pops up again shortly thereafter with a new purported time limit, and that pattern continues, that misleads ordinary, reasonable consumers.").

### C.    Plaintiff's claims.

Like all class members, Plaintiff McCarrell purchased a rug from Rugs USA's website at a deceptive discount. Declaration of Keira McCarrell ("McCarrell"), ¶4. Rugs USA listed the purported regular list price of $183.19 in strikethrough font alongside the purported discount price, which was further discounted to $88.79 (an additional 40% off) because Rugs USA was running one of its standard purportedly limited-time promotions. *Id.*

Plaintiff and the proposed class seek to certify claims under the UTPA, including "false and misleading" representation claims for "price," "price reductions," and "promotions" (O.R.S. §646.608(1)(s), §646.608(1)(j), §646.608(1)(p)), as well as prohibited price comparison claims (O.R.S. §646.608(1)(ee), §646.883, §646.885). Dkt. 1 ("Compl.") ¶¶66-98. And they also seek to certify breach of contract, breach of warranty, and unjust enrichment claims. *Id.* ¶¶99-121.

### III.    The proposed Class.

Plaintiff seeks to certify the following Class: All persons who, while in the state of Oregon, purchased one or more Rugs USA Product advertised at a discount on Defendant's

PAGE 5 – CLASS CERTIFICATION MOTION

website on or after October 13, 2023.[1] *See infra* Sections V, VI.

## IV.    The proposed Class satisfies Rule 23(a).

### A.    The proposed Class is sufficiently numerous.

"There is no specific number of class members required" to satisfy the numerosity requirement. *Johnson v. City of Grants Pass*, 50 F.4th 787, 803 (9th Cir. 2022). "However, proposed classes … of more than sixty are sufficiently large." *Id*. Here, it is undisputed that the proposed Class far exceeds sixty people. ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮ Declaration of Colin Weir ("Weir"), ¶58, n. 30; *Maney v. Brown*, 516 F. Supp. 3d 1161, 1173 (D. Or. 2021) ("Plaintiffs allege that the proposed class consists of approximately 10,400 members. Defendants do not dispute this allegation. Accordingly, Rule 23(a)(1)'s numerosity requirement is satisfied.").

### B.    There are many common questions of law and fact.

Rule 23(a)(2) requires "questions of law or fact common to the class.'" *Hanney v. Epic Aircraft, Ltd. Liab. Co.*, 2024 U.S. Dist. LEXIS 35450, at *8 (D. Or. Jan. 25, 2024). "'The existence of shared legal issues with divergent factual predicates is sufficient' to satisfy commonality under Rule 23(a)(2)." *Id.* (quoting *Parra v. Bashas', Inc.*, 536 F.3d 975, 978 (9th Cir. 2008)). "The United States Supreme Court has recognized that commonality is met when the claims of all class members 'depend upon a common contention' and 'even a single common question will do.'" *Hanney*, 2024 U.S. Dist. LEXIS 35450, at *8 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 359 (2011)).

As detailed in the predominance section, there are numerous issues of law and fact

---

[1]  The standard exclusions apply. *See* Proposed Order.

common to the proposed class. *See infra* Section V. For example, each claim turns on whether Rugs USA's advertised list prices were the bona fide regular prices at which Plaintiff typically and regularly sells its Products. *See Spann v. J.C. Penney Corp.*, 307 F.R.D. 508, 518 (C.D. Cal. 2015) (commonality satisfied in similar fake discount case). Commonality is met here.

### C.    Plaintiff's claims are typical.

"Typicality focuses on the class representative's claims—but not the specific facts from which the claim arose." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017). "The requirement is permissive, such that representative claims are 'typical' if they are reasonably coextensive with those of the absent class members; they need not be substantially identical." *Id.* (quotations omitted). Thus, typicality is "satisfied when each class member's claims arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1019 (9th Cir. 2011); *Moss v. United States Secret Serv. of the Dep't of Homeland Sec.*, 2015 U.S. Dist. LEXIS 131260, at *11 (D. Or. Aug. 6, 2015) (same).

Plaintiff's and absent class members' claims all arise from the same course of events: Rugs USA's practice of advertising on its website supposed regular prices; supposed discounts off those supposed regular prices; and supposed savings from those supposed discounts. *See* Sections II(A)-(B), V. Plaintiff and absent class members will make the same legal arguments to prove liability: because Rugs USA regularly sells its Products at discounted prices (and not the supposed list prices shown to consumers), the supposed list prices, discounts, and savings advertised on its website are deceptive.

So, Plaintiff's claims are reasonably coextensive with those of the proposed class. Plaintiff is typical. *See Spann*, 307 F.R.D. at 519 (typicality met in similar deceptive discount case).

PAGE 7 – CLASS CERTIFICATION MOTION

**D.      Plaintiff and her counsel are adequate.**

Rule 23(a)(4) requires the representative parties to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement involves a two-prong test: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011). As for the first prong, "[o]nly conflicts that are fundamental to the suit and that go to the heart of the litigation prevent a plaintiff from meeting the…adequacy requirement." *Doe v. Trump*, 335 F.R.D. 416, 435 (D. Or. 2020).  Any asserted conflict must also be actual, not speculative. *Id.*

Plaintiff and her counsel have no conflicts of interest with other class members. *See* McCarrell, ¶3; Diamond, ¶6; Declaration of Jonas Jacobson ("Jacobson"), ¶6. And they will vigorously prosecute the case. Moreover, Plaintiff's counsel has substantial experience (and success) litigating consumer class actions and deceptive discount cases. Diamond, ¶¶2-5; Jacobson, ¶¶2-5. So, Plaintiff and her counsel are adequate.

**V.      The Court should certify a Rule 23(b)(3) damages class.**

**A.      Common issues predominate liability.**

Predominance "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues. When one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members." *Owino v. Corecivic, Inc.*, 36 F.4th 839, 846 (9th Cir. 2022) (citation omitted).

Some "variation among" class members' claims or "potential difficulty in proof" does not "defeat predominance." *Local Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1163 (9th Cir. 2001) (quotations omitted). And, any "doubts regarding the propriety of class certification generally should be resolved in favor of certification." *Wolph v. Acer Am. Corp.*, 272 F.R.D. 477, 481 (N.D. Cal. 2011).

All of Plaintiff's claims arise from the same deceptive advertising: Rugs USA's representations about its supposed regular prices, discounts, and savings its customers received by purchasing during a supposed sale. Rugs USA makes substantially the same misrepresentations to all Class members: by displaying, prior to purchase, a discount off the regular list price. Silverman ¶58. It does so on its homepage, its product pages and during the checkout process on its cart pages. *Id*. ███████████████████

████████████████████████████████████████

██████████████████████████ Silverman ¶68; Diamond, Ex. 3 (Hadian depo tr.) at 88:1-19.

For all asserted claims, liability turns on common questions that can be answered with common proof.

### 1. Liability for the UTPA claims can be established classwide.

Plaintiff asserts two different types of UTPA claims: "false and misleading" claims and "comparative advertising" claims. Both turn on common questions that will be proved with classwide evidence.

### a. Liability for the "false and misleading" UTPA claims can be established classwide.

The UTPA prohibits businesses from making "false or misleading representations" concerning:

PAGE 9 – CLASS CERTIFICATION MOTION

- "price," O.R.S. §646.608(1)(s) (prohibiting "false or misleading representations of fact concerning the offering price");

- "price reductions," O.R.S. §646.608(1)(j) (prohibiting "false or misleading representations of fact concerning the reasons for, existence of, or amounts of price reductions"); and,

- "promotions," O.R.S. §646.608(1)(p) (prohibiting "false or misleading statement[s] about a … promotion used to publicize a product").

Plaintiff contends that Defendant's classwide statements about its list prices, price reductions, and promotional savings falsely conveyed to its website customers that they were getting genuine discounts off of the regular prices that Rugs USA typically charges its customers. So, for those claims, liability will turn on:

- what Rugs USA's advertising conveys (whether it conveys that the advertised list prices are the prices at which it usually sells its products and that consumers are getting a genuine discount off those regular prices); and

- whether this is true or not.

Both questions can be answered classwide.

Whether a statement in an advertisement is "a misrepresentation is determined based on an objective standard of what a reasonable consumer would understand that representation to be," which is "an objective inquiry" that is "common to the class." *Pearson v. Philip Morris, Inc.*, 358 Or. 88, 135 n.26 (2015). So, what Rugs USA's advertisements convey can be decided classwide using common evidence about how a reasonable consumer would perceive its price advertising. *Silva v. Unique Bev. Co., LLC*, 2017 U.S. Dist. LEXIS 179362, at *6 (D. Or. Oct. 30, 2017) ("[T]he Oregon Supreme Court indicated that whether" a statement in an

PAGE 10 – CLASS CERTIFICATION MOTION

advertisement "was a misrepresentation under the UTPA is determined based on an objective standard of what a reasonable consumer would understand the representation to be.").

Further, although the merits of the class members' substantive claims are generally irrelevant to the class certification inquiry, *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC,* 31 F.4th 651, 667 (9th Cir. 2022), Plaintiffs have already developed substantial evidence demonstrating that Plaintiffs are correct on the merits. Bruce Silverman, a well-regarded marketing expert, attests that Rugs USA's promotional representations on its website concerning its prices and discounts are "fundamentally misleading" because the "list price" "is clearly intended to communicate to customers that it is the regular price for the advertised product," i.e., "the price that Rugs USA typically charges consumers to buy the product and that most of its customers pay to buy the product." Silverman, ¶83. And the "supposed discount price" is likewise misleading because it is calculated based off the misleading purchase price. *Id.* ¶84. "Said differently, if a product is advertised as 20% off consumers believe and expect that they are getting a discount worth 20% of the purchase price, when in fact they are getting a much smaller discount worth much less, or in many cases, no discount at all." *Id.*

Likewise, whether Rugs USA's list prices and discounts off those list prices are false can also be proven classwide. ██████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████ Weir ¶¶58-59 (explaining that, using Rugs USA's data, he can calculate historical discounts off of the list price of Rugs USA's products); *see also* Silverman ¶62-63 █████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████████.

PAGE 11 – CLASS CERTIFICATION MOTION

The transactional evidence applies classwide, to all discounted Products purchased throughout the class period. And it shows that, throughout the class period, Rugs USA's supposed list prices, discounts, and savings were misleading. Because Rugs USA routinely offered discounts off the list prices, the list prices were not its true regular prices; the true regular prices were substantially lower. And the discounts were not true discounts; the advertised discounts were lower or non-existent.

In short, for the "false and misleading" UTPA claims, Plaintiffs can establish liability classwide, using Rugs USA's records and expert testimony that applies classwide. Common questions predominate. The "false and misleading" UTPA claims can be established classwide.

> **b.** **Liability for the comparative advertising UTPA claims can be established classwide.**

Under the UTPA, it is also "unlawful for a seller to include a price comparison in an advertisement unless" (1) "[t]he seller clearly and conspicuously identifies in the advertisement the origin of the price that the seller is comparing to the seller's current price," and (2) "[t]he price comparison is in compliance with ORS 646.608(1)(j)." O.R.S. §646.883.

As demonstrated above, the second requirement (compliance with §646.608(1)(j)) is a classwide issue provable with common evidence. And the first requirement is likewise a classwide issue provable with common evidence. ███████████████████

███████████████████████████████████

███████████████████████████. Silverman, ¶90; Diamond, Ex. 3 (Hadian depo tr.) 115:9-11.



Silverman, ¶90. If a consumer clicks on this fine-print asterisk, a pop-up disclaimer appears that purports to identify the origin of the reference price. Accordingly, the key question for this claim is whether inclusion of this fine print asterisk satisfies the clear and conspicuous disclosure requirement of Section 883. This is a textbook example of "an issue that is central to the validity of … the claims" that can be resolved "in one stroke" and is "capable of classwide resolution." *Olean*, 31 F.4th at 663.

Also, although resolution of this issue will occur at the merits stage, the evidence overwhelmingly demonstrates that the disclosure is the opposite of clear and conspicuous. *See* Silverman ¶¶90-99; Diamond, Ex. 3 (Hadian depo tr.), 116:17-117:3, 118:5-11.

Similarly, Section 885 of the UTPA states that, "[u]nless the seller states otherwise in the advertisement," the use of price comparison terms "such as 'discount,' '_____percent discount,' '$_____discount,' '_____percent off' and '$_____off'" is "considered to identify the origin of the price that the seller is comparing to the seller's current price as the seller's former price." O.R.S. §646.885. Because the displayed reference price is not the seller's former price (*see supra* Section II(B)), the key question here—which is common to the class—is whether Defendant's disclosure (viewable only if a user notices and elects to click on the small asterisk) is deemed to

PAGE 13 – CLASS CERTIFICATION MOTION

be "state[d] on the advertisement." *Id.* This too can be resolved "in one stroke" and is "capable of classwide resolution." *Olean*, 31 F.4th at 663.

### c. Plaintiff's UTPA claims do not require reliance.

When "class members … are not required to prove their individual reliance on the allegedly misleading statements," such claims are "ideal for class certification." *Bradach v. Pharmavite, LLC*, 735 F. App'x 251, 254-55 (9th Cir. 2018) (cleaned up). And the UTPA "does not require … a customer's reliance on the unlawful trade practice" to prove their claim. *Solano v. Kroger Co.*, 2020 U.S. Dist. LEXIS 223143, at *12 (D. Or. Nov. 30, 2020).

The UTPA requires only that consumers suffered "an ascertainable loss" "as a result of" the unlawful practice. *Bohr v. Tillamook Cty. Creamery Ass'n*, 373 Or. 343, 348 (2025). The Oregon Supreme Court held when, like here, plaintiffs assert a "premium-price theory"—i.e., that the "price of the [product] would have been less … if not for [Defendant's] deceptive marketing"—then all purchasers presented with this marketing necessarily "experienced an economic loss." *Id.* at 368; *see infra* Section V(B) (detailing price premium theory in this case). This is because "[t]hose 'premium' prices were … paid by all purchasers" presented with the misrepresentations regardless of whether they "relied upon [the] misrepresentations." *Bohr*, 373 Or. at 367; *Gunaratna v. Dennis Gross Cosmetology LLC*, 2023 U.S. Dist. LEXIS 60796, *66 (C.D. Cal. Apr. 4, 2023) (when the alleged economic "injury [is] in the form of a price premium," "all [class] members will have suffered" the same "concrete economic injury").

### 2. Liability for the contract and warranty claims can be established classwide.

For the breach of contract and warranty claims, Rugs USA promised and warranted goods valued at the advertised list price, but delivered goods valued at a lower price. Compl. ¶¶49-53. Like the "false and misleading" UTPA claims addressed above, what Rugs USA's

PAGE 14 – CLASS CERTIFICATION MOTION

advertisements promised or warranted is governed by the objective reasonable consumer standard and can therefore be decided classwide. *Justin Kraft & Kraft Piano Servs., LLC v. Arden*, 2008 U.S. Dist. LEXIS 91001, at *21 (D. Or. Nov. 7, 2008) ("contract interpretation" is "objective," "which requires a court to look not at the parties' subjective understandings"); *Andriesian v. Cosmetic Dermatology, Inc.*, 2015 U.S. Dist. LEXIS 50502, at *10 (D. Or. Mar. 3, 2015) (applying reasonable consumer standard to a breach of warranty claim). Courts "have long found" that claims like these, which turn on objective standards instead of the subjective intent of the parties, "present the classic case for treatment as a class action," *Vaccarino v. Midland Nat'l Life Ins. Co.*, 2013 U.S. Dist. LEXIS 88612, at *57-58 (C.D. Cal. June 17, 2013), and that "[c]ommon issues predominate" in contract claims because "[t]he key issues of interpretation and breach asserted … do not require individualized adjudication." *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, 2019 U.S. Dist. LEXIS 127093, at *52-53 (D. Or. July 29, 2019); *see also Ewert v. eBay, Inc.*, 2010 U.S. Dist. LEXIS 108838, at *20-21 (N.D. Cal. Sept. 30, 2010) (predominance satisfied because the "court need not delve into the actual knowledge of individual class members" to resolve contract terms); *Cabrera v. Bayer Healthcare LLC*, 2024 U.S. Dist. LEXIS 31709, at *22-23 (C.D. Cal. Feb. 23, 2024) (same for warranty claims). And, whether Rugs USA's contractual promises and warranties were fulfilled—whether it delivered the Products with the promised discounts—turns on whether or not the goods were in fact usually sold at the advertised list price, which again can be decided classwide using Defendant's data.

> **3.      Liability for the unjust enrichment claim can be established classwide.**

Where, like here, "the alleged overpayment results from a uniform course of conduct," and the class's claims "will rely on common evidence," then "common issues of liability on the unjust enrichment claim will predominate over any individualized concerns." *Solano v. Kroger*

PAGE 15 – CLASS CERTIFICATION MOTION

*Co.*, 2024 U.S. Dist. LEXIS 160116, at *45 (D. Or. July 16, 2024).

For the unjust enrichment claim, Plaintiffs must establish "(1) a benefit conferred, (2) awareness by the recipient that [it] has received the benefit, and (3) it would be unjust to allow the [Defendant] to retain the benefit without requiring [it] to pay for it." *CLF 007 v. CooperSurgical, Inc.*, 2025 U.S. Dist. LEXIS 61420, at *21 (D. Or. Mar. 31, 2025). These elements turn on Rugs USA's "conduct and raise the same legal issues for all class members." *Astiana v. Kashi Co.*, 291 F.R.D. 493, 505 (S.D. Cal. 2013) (certifying quasi-contract claim in false advertising case) (collecting cases). That Rugs USA received a benefit (more money) from the challenged representations can be established classwide. *See infra* Section V(C)(1). And it cannot be disputed that Rugs USA is aware of the benefit, as it devises and implements its own pricing and discount policy, and keeps detailed records of how those prices and discounts impact its financials. Diamond Decl., Ex. 2 (McManic depo tr.), 51:22-52:10; Weir ¶¶58-59. And whether it is unjust for Rugs USA to retain that benefit turns on whether its fake discounting scheme is unfair or fraudulent on the whole. *See Cabrera*, 2024 U.S. Dist. LEXIS 31709, at *25-26 (common issues predominate for quasi-contract claim in consumer class action).

\* \* \*

In sum, for all claims, liability turns on issues that can be decided classwide, using common proof. Common questions predominate liability.

## B.    Common questions predominate damages.

"'To gain class certification, [p]laintiffs need to be able to allege that their damages arise from a course of conduct that impacted the class. But they need not show that each members' damages from that conduct are identical." *Brinkmann v. ABM Onsite Servs.-West, Inc.*, 2021 U.S. Dist. LEXIS 167025, at *26 (D. Or. Sep. 2, 2021) (quoting *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1120 (9th. Cir. 2017)). Thus, if Plaintiff "present[s] a model of damages that (1)

PAGE 16 – CLASS CERTIFICATION MOTION

identifies damages that stem from the defendant's alleged wrongdoing and (2) is 'susceptible of measurement across the entire class,'" predominance is satisfied. *Bally v. State Farm Life Ins. Co.*, 335 F.R.D. 288, 303 (N.D. Cal. 2020) (quoting *Comcast Corp. v. Behrend*, 569 U.S. 27, 34-38 (2013)); *Lytle v. Nutramax Labs., Inc.,* 114 F.4th 1011, 1027 (9th Cir. 2024) (quotations omitted) (*Comcast* "stand[s] for the unremarkable proposition that plaintiffs must be able to show that their damages stemmed from the defendant's actions that created the legal liability").

To run afoul of *Comcast*, a damages model must be so "untethered from plaintiff's theory of liability" that it "has no possibility of demonstrating the amount of damages in a particular case." *Id*. A model only violates *Comcast* if it is so disconnected from the liability theory that it is "arbitrary." *See Pulaski & Middleman, LLC v. Google, Inc*., 802 F.3d 979, 988 (9th Cir. 2015).

Plaintiff has three alternative damages models. Each measures harm to the class that results directly from Rugs USA's alleged fake discount scheme. And all three are susceptible to measurement across the entire class. So *Comcast* is satisfied.

### 1.    Price premium damages model (all claims).

Rugs USA's fake discounting artificially increases demand for Rugs USA's products. Weir ¶25. This allows Rugs USA to charge more than it otherwise could, causing class members to pay extra. *Id*. The "extra" is known as a "price premium." In false advertising class actions, courts routinely hold that class members can recover the price premium attributable to the false advertising, either as damages (for legal claims) or as restitution (for equitable claims). *See Briseno v. ConAgra Foods, Inc.*, 674 F. App'x 654, 657 (9th Cir. 2017) (affirming conclusion "that Plaintiffs' proffered model tracked their theory of liability and was therefore sufficient to survive class certification" where "Plaintiffs propose[d] to measure the classwide price premium attributable to" to misleading product labeling); *Noohi v. Johnson & Johnson Consumer Inc.*, 146 F.4th 854, 865 (9th Cir. 2025) ("Noohi's theory of harm is that class members paid more for

PAGE 17 – CLASS CERTIFICATION MOTION

the Product than they would have absent the misleading title 'oil-free.' Under that theory of harm, the amount of overpayment attributable to the challenged term—the 'price premium'—is the standard measure of damages[.]"); *Prescott v. Reckitt Benckiser LLC*, 2022 U.S. Dist. LEXIS 135329, at *30 (N.D. Cal. July 14, 2022) (price premium is appropriate measure of restitution and damages); *Stathakos v. Columbia Sportswear Co.*, 2017 U.S. Dist. LEXIS 72417, at *33 (N.D. Cal. May 11, 2017) ("[The] proper measure of restitution could be the delta between the price plaintiffs actually paid and the price a reasonable consumer would have paid absent the [deceptive] reference price[.]"); *McMorrow v. Mondelēz Int'l, Inc.*, 2021 U.S. Dist. LEXIS 42885, at *40 (S.D. Cal. Mar. 8, 2021) (certifying a price premium model of "actual damages"); *Wiener v. Dannon Co.*, 255 F.R.D. 658, 670 (C.D. Cal. 2009) ("[a]ctual damages" are available for "breach of express warranty claims"); *Kumandan v. Google LLC*, 2022 U.S. Dist. LEXIS 247427, at *35 (N.D. Cal. Dec. 16, 2022) (certifying price premium model for breach of contract claim). In other words, a price premium model measures the "difference between what the plaintiff paid and the value of what the plaintiff received," which is the "proper measure" of damages or restitution for a false advertising case. *Rusoff v. Happy Grp., Inc.*, 2024 U.S. Dist. LEXIS 237805, at *39 (N.D. Cal. Sep. 27, 2024) (quotations omitted).

Plaintiff's first damages model measures just this: the price premium attributable to Rugs USA's fake discount advertising. Weir ¶11. Using "conjoint analysis," economists J. Michael Dennis and Colin Weir will calculate "what the prices of the Products would have been 'but-for' the harmful act (that is, Defendant's use of allegedly false reference pricing and false discounts) and then compare those 'but-for' prices to the actual prices paid by class members." Declaration of J. Michael Dennis ("Dennis") ¶35. As such, Plaintiff can establish, on a classwide basis, the price premium that Rugs USA was able to charge class members directly as a result of its deceptive price advertising. *See generally* Dennis ¶¶37-136 (discussing survey); Weir ¶¶16-29

PAGE 18 – CLASS CERTIFICATION MOTION

(describing conjoint and its applications); ¶¶30-38 (discussing use of Dennis' conjoint survey as input in price premium calculation); ¶¶55-57 (discussing calculation of price premium damages).

To do so, Dr. Dennis will administer a consumer survey. Dennis ¶¶37-136 (detailing methodology and design). After collecting data from a large sample of potential Rugs USA customers, Dennis will use statistical analysis (*see id*. ¶¶120-129) to generate a "statistically robust estimate of any overpayments that class members incurred." *Id.* ¶124. Using this calculated price premium and the transactional data, Mr. Weir can then calculate the price premium damages classwide, both in the aggregate and for each individual class member. Weir ¶¶55-59.

Plaintiff's proposed price premium model identifies damages that result from Rugs USA's wrongdoing: the price premium that purchasers paid solely as a result of the Deceptive Sales Discounts. *Id.* ¶15. And it is susceptible to measurement across the entire class: it can be measured classwide, for each class member, using common survey evidence. *Id.* ¶¶55-57. Thus, Plaintiff's price premium model satisfies *Comcast*.

### 2.    Rescission and restitution (equitable claim only).

Rugs USA's fake discounting harmed Plaintiff and the Class in a second way: by inducing them to buy rugs they otherwise would not have. *E.g.*, Compl. ¶9; McCarrell ¶5. This too is a cognizable harm for which consumers can seek redress. *See Lo v. Under Armour, Inc.*, 2024 U.S. Dist. LEXIS 231680, at *3-4 (D. Or. Dec. 23, 2024) (plaintiff injured when he made purchases he otherwise would not have made based on misrepresentations); *Spann v. J.C. Penney Corp.*, 2015 U.S. Dist. LEXIS 42545, at *15 (C.D. Cal. Mar. 23, 2015) ("[r]escission with complete restitution can be an appropriate remedy" in a fake discounting case); *Krueger v. Wyeth, Inc.*, 396 F. Supp. 3d 931, 952-54 (S.D. Cal. 2019) (same); *FTC v. Figgie Int'l*, 994 F.2d

PAGE 19 – CLASS CERTIFICATION MOTION

595, 606 (9th Cir. 1993) (full refund restitution available when "had [customers] been told the truth, perhaps they would not have bought [the products] at all").

Plaintiff presents this second model, applicable only to her equitable claim, to measure this harm. Under this model, class members who were induced to make a purchase they otherwise would not have made would have the option to return the Products and, in exchange, receive a full refund. Weir ¶60.

This model measures alleged harm from Rugs USA's wrongdoing: based on Defendant's misrepresentation, class members spent money on a Product that they otherwise would not have spent. And it addresses that harm by letting class members return the Product and get back the money they would not have spent. Plaintiff can use common evidence to measure the amount of the refund for each class member, classwide. Weir ¶¶58, 60.

Courts recognize that this type of damages model is available in deceptive discount cases. *See Calderon v. Kate Spade & Co., LLC*, 2020 U.S. Dist. LEXIS 38510, at *22 (S.D. Cal. Mar. 5, 2020) ("[T]he Court could fashion a remedy [in a deceptive discount case] by rescinding the transactions and refunding the amounts."); *Simon v. Carter's, Inc.*, 2020 U.S. Dist. LEXIS 265097, at *10 (N.D. Cal. July 13, 2020) (rescission and return available as a monetary remedy). Also, by requiring class members to return, this model does not create a windfall even if the rug has value. *Spann,* 307 F.R.D. at 530-31 (returning the product avoids the needs to measure and offset by the value received). The refund due upon return can be calculated from Rugs USA's sales data. *In re Pfa Ins. Mktg. Litig.*, 696 F. Supp. 3d 788, 820 (N.D. Cal. 2021) ("[T]ransactional data … can be employed to effectuate any requests for rescission[.]").

### 3.    Statutory damages (UTPA claims only).

Simplest of all, "a person that suffers an ascertainable loss of money or property, real or personal, as a result of another person's willful use or employment of a method, act or practice

PAGE 20 – CLASS CERTIFICATION MOTION

declared unlawful under ORS 646.608, may … recover … statutory damages of $200." O.R.S. §646.638. *Scharfstein v. BP W. Coast Prods., Ltd. Liab. Co.*, 292 Or. App. 69, 71 (2018) (affirming classwide statutory damages of $200 per class member for UTPA violation).

Under such a framework, satisfying the *Comcast* requirements presents a lower threshold and is readily met "because statutory damages are available to each class member[.]" *de Lacour v. Colgate-Palmolive Co.*, 338 F.R.D. 324, 344 n.10 (S.D.N.Y. 2021); *see also Pearson v. Philip Morris, Inc.*, 358 Or. 88, 121 n.18 (2015) (noting that where "plaintiff sought to recover the minimum statutory damages of $200 … the plaintiff could prevail on the basis of a showing of 'some loss' without showing the amount of the [purchased item's] actual diminished value") (citing *Scott v. W. Int'l Surplus Sales, Inc.*, 267 Or. 512, 516 (1973)). For this model, there is thus no need to quantify a price premium. Instead, Plaintiff need only show that the class "paid a price premium" due to the misrepresentation, which entitles class members to "obtain statutory damages." *de Lacour*, 338 F.R.D. at 344 n.10. That is, entitlement to statutory damages can be shown by any "reduction in demand," which is evidence of a classwide price premium. Weir Decl. ¶61.

### C.    A class action is a superior way to resolve this controversy.

"In determining whether class certification is a superior vehicle for adjudication, courts consider the following non-exclusive factors: (i) the class members' interests in individually controlling the prosecution or defense of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by or against class members; (iii) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (iv) the likely difficulties in managing a class action." *Hanney v. Epic Aircraft, Ltd. Liab. Co.*, 2024 U.S. Dist. LEXIS 85112, at *5 (D. Or. May 10, 2024). Here, all factors support certification: (1) individual claims are small relative to the cost of individual litigation so there is

PAGE 21 – CLASS CERTIFICATION MOTION

little incentive for individual claims (Plaintiff's rug cost under $100); (2) there is no other litigation against Rugs USA commenced by the Class; (3) it makes sense to concentrate the litigation here, as all class members are in Oregon; and (4) because common issues predominate, there are no management difficulties that would foreclose a class. A class action is superior. *See id.* at *2 (superiority met where "not a single class member has filed a related or competing lawsuit" and "[p]laintiffs' claims arise out of the same alleged wrongful conduct and rest on the resolution of common issues of fact and law").

## VI.    The Court should certify a Rule 23(b)(2) injunction class.

"Rule 23(b)(2) applies … when a single injunction … would provide relief to each member of the class." *B.K. v. Snyder*, 922 F.3d 957, 971 (9th Cir. 2019) (quotations omitted). To certify this class, Rule 23(b) "does not require us to examine the viability or bases of class members' claims for declaratory and injunctive relief, but only to look at whether class members seek uniform relief from a practice applicable to all of them." *Chehalem Physical Therapy, Inc. v. Coventry Health Care, Inc.*, 2013 U.S. Dist. LEXIS 206122, at *22 (D. Or. Apr. 16, 2013). Nor does it matter if "some class members may have suffered no injury or different injuries," *J.N. v. Or. Dep't of Educ.*, 338 F.R.D. 256, 274 (D. Or. 2021), as long as at least one Plaintiff has standing to seek an injunction, *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682 n.32 (9th Cir. 2022). There are no predominance nor cohesiveness requirements, and "questions of manageability and judicial economy are irrelevant." *Rodriguez v. Hayes*, 591 F.3d 1105, 1111 (9th Cir. 2010).

Here, Plaintiff seeks to enjoin Rugs USA from continuing to advertise fake discounts. Compl. ¶93; McCarrell ¶6. And that single injunction would provide relief to each class member: it would stop the practice that misled each class member, and allow them to trust Rugs USA's price-and-discount advertising going forward.

PAGE 22 – CLASS CERTIFICATION MOTION

## VII.    Conclusion.

For the reasons above, the Court should grant certification.

Dated: February 23, 2026

Respectfully submitted,

/s/ Julian C. Diamond
Julian C. Diamond (NY Bar No. 5836846)*
jdiamond@bursor.com
Bursor & Fisher, P.A.
1330 Avenue of the Americas, New York, NY 10019
Tel: (646) 837-7011
Facsimile: (212) 989-9163


Jonas Jacobson (OSB No. 231106)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)*
simon@dovel.com
Stephen Ferruolo (Cal. Bar No. 364158)*
sferruolo@dovel.com
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Tel: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiff*

* Admitted *Pro Hac Vice*

**<u>Certificate of Compliance</u>**

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 6,497 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.


<u>*/s/ Julian C. Diamond*</u>
Julian C. Diamond