UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

<table>
<tr><td>KEIRA MCCARRELL, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>RUGSUSA, LLC,<br><br>Defendant.</td><td>Case No. 3:25-cv-00454</td></tr>
</table>

Declaration

of

**COLIN B. WEIR**

February 23, 2026

**REDACTED VERSION**

I, Colin B. Weir, declare as follows:

I am President at Economics and Technology, Inc. ("ETI"), 100 Franklin Street, 6th Floor, Boston, Massachusetts 02110.  ETI is a research and consulting firm specializing in economics, statistics, regulation and public policy.

## I.  QUALIFICATIONS, BACKGROUND, AND EXPERIENCE

1.    I hold a Masters of Business Administration, with honors, from the High Technology program at Northeastern University, Boston, Massachusetts.  I hold a Bachelor of Arts degree cum laude in Business Economics from The College of Wooster, Wooster, Ohio.  I have provided expert testimony before federal and state courts, the Federal Communications Commission, and state regulatory commissions, and have contributed research and analysis to numerous ETI publications and expert testimony at the state, federal, and international levels.  I have consulted on a variety of consumer and wholesale products cases, calculating damages relating to food products, health/beauty care products, automobiles, household appliances, herbal remedies, electronics, and computers.  My Statement of Qualifications, which outlines my professional experience, publications, and record of expert testimony during the last four years, is attached hereto as Exhibit 1.  This includes a list of all cases in which, during the previous four years, I have testified as an expert at trial or by deposition.

2.    I received graduate level training in conjoint analysis as part of my MBA.  I take continuing education in advanced conjoint design, execution, and analysis through Sawtooth Software, a leading provider of conjoint analysis software.  In addition, I have more than 17 years of experience using conjoint analysis professionally.



Declaration of Colin B. Weir
February 23, 2026
Page 2 of 16

## II. ENGAGEMENT

3.    I provide this declaration in connection with the case filed by Keira McCarrell ("Plaintiff") in the above-captioned actions against RugsUSA, LLC ("Defendant").[1]  I make this declaration based upon my own personal knowledge and, if called as a witness in this action, I would be able to competently testify as to the facts and opinions set forth herein.

4.    Plaintiff alleges that RugsUSA advertises "discounts" off of Defendant's list prices.[2] Plaintiff alleges that these sales are deceptive because, in truth, the sales and discounts are routinely available.  Plaintiff alleges that, as a result, the listed reference price (or its intermediate "default" price) is not the price that consumers typically must pay, or what most consumers pay, and the behavior is therefore misleading.[3]

5.     The proposed class (defined in the Complaint and highlighted below) includes purchasers from Defendant's website: rugsusa.com.  I understand that third parties also sell some RugsUSA products, but these purchases are not included in the class.

6.    I have been advised that Plaintiff seeks to certify the following class:

> Oregon Class. All persons who, while in the state of Oregon and within the applicable statute of limitations period, purchased one or more RugsUSA Products advertised at a discount on Defendant's website on or after October 13, 2023.

7.    I have been asked by Counsel for Plaintiff to ascertain whether it would be possible to calculate damages arising from Plaintiff's theories of liability on a class-wide basis using common evidence, and if so, to provide a framework for the calculation of damages suffered by the proposed class of consumers as a result of the Deceptive Sales Discounts.

---

[1] Class Action Complaint, filed March 17, 2025, (the "Complaint").

[2] Hereinafter the "Deceptive Sales Discounts" (encompassing the allegedly misleading list price and/or default price); *see, e.g.*, the Complaint.

[3] The Complaint.


ECONOMICS AND
TECHNOLOGY, INC.

Declaration of Colin B. Weir
February 23, 2026
Page 3 of 16

8.    ETI is presently being compensated at the rate of $950 per hour for my work on this case.  The opinions expressed in this declaration are my own, and my compensation is not dependent upon the substance of these opinions or the outcome of the litigation.

9.    The documents, data and other materials that I relied upon in forming my opinions are identified throughout my report, and in Exhibit 2, attached hereto.  In addition, I have relied upon my educational background and more than 22 years of experience.

### III.  FRAMEWORKS FOR DAMAGES

10.    As a threshold matter, it is my opinion that it is possible to determine class-wide damages in this case using Defendant's own available business records, third-party records, industry resources, and/or a conjoint analysis.

11.    I propose to calculate Price Premium Damages[4] using conjoint analysis (wherein consumers would receive the difference in value between what they paid and what they would have but for Defendant's challenged conduct) based upon the work of Dr. Michael Dennis.

12.    I also propose, as an alternative method of restitution damages, that class members be permitted to return products as a refund.

13.    I also propose, for Oregon consumers, the calculation of statutory damages of $200 per violation under ORS § 646.638.

14.    These methodologies can determine the damages across the relevant time period and geographic regions, for the liability theories in this litigation.

---

[4] I understand that Plaintiff is seeking price premium damages and restitution in the form of overpayment attributable to Defendant's challenged conduct.  For brevity, I refer only to price premium damages in this report, but the calculation of price premium damages and restitution in the form of overpayment would be the same in this case.

ECONOMICS AND
TECHNOLOGY, INC.

Declaration of Colin B. Weir
February 23, 2026
Page 4 of 16

## IV.  PRICE PREMIUM DAMAGES

15.  In this litigation, Price Premium Damages for the Class are the portion of the market price of the Products solely attributable to Defendant's conduct of using the Deceptive Sales Discounts, or in other words, the additional amount Defendant was able to charge solely attributable to its Deceptive Sales Discounts.

### Conjoint Analysis: Overview of the Methodology

16.  Conjoint analysis is a representative survey technique that permits an economist to analyze the value of various product attributes.[5]  Conjoint analysis can be used to determine market valuation/attribute information for a given product or attribute.  Conjoint analysis is founded on rigorous statistical and economic principles.[6]  Indeed, conjoint analysis has been used in litigation contexts to calculate damages for years.[7]

---

[5] Conjoint analysis as a discipline is quite broad, and can be used to facilitate many other sorts of research beyond the specific application that I discuss here.

[6] *See, e.g.*, Sawtooth Software technical papers, available online at https://www.sawtoothsoftware.com/support/technical-papers; *When "All Natural" May Not Be*, Analysis Group Forum (Winter 2013), https://www.analysisgroup.com/when-all-natural-may-not-be (last accessed June 24, 2025).

[7] *Applying Conjoint Analysis to Legal Disputes: A Case Study*, Wind, Yoram, *et al.*; *see, e.g., Khoday v. Symantec Corp.*, 2014 WL 1281600, at *10 (D. Minn. Mar. 13, 2014); *Sanchez-Knutson v. Ford Motor Co.*, 310 F.R.D. 529, 538-39 (S.D. Fla. 2015); *In re Lenovo Adware Litig.*, 2016 WL 6277245, at *21 (N.D. Cal. Oct. 27, 2016); *Guido v. L'Oreal, USA, Inc.*, 2014 WL 6603730, at *5, *10-14 (C.D. Cal. July 24, 2014); *Brown v. Hain Celestial Grp., Inc.*, 2014 WL 6483216, at *19 (N.D. Cal. Nov. 18, 2014); *Microsoft v. Motorola, Inc.*, 904 F. Supp. 2d 1109, 1119-20 (W.D. Wash. 2012); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 413-15 (S.D.N.Y. 2015); *Dzielak v. Maytag*, 2017 WL 1034197, at *6 (D.N.J. Mar. 17, 2017); *TV Interactive Data Corp. v. Sony Corp.*, 929 F. Supp. 2d 1006, 1022 & n.6 (N.D. Cal. 2013); *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017); *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 2018 WL 3126385 (N.D. Cal. June 26, 2018); *In re Arris Cable Modem Consumer Litig.*, 2018 WL 3820619, at *25-31 (N.D. Cal. Aug. 10, 2018); *Hadley v. Kellogg Sales Co.*, 2018 WL 3954587, at *11-16 (N.D. Cal. Aug. 17, 2018); *Martinelli v. Johnson & Johnson*, 2019 WL 1429653, at *3-4 (E.D. Cal. Mar. 29, 2019); *Krommenhock v. Post Foods, LLC*, 2020 U.S. Dist. LEXIS 40463 (N.D. Cal. Mar. 9, 2020); *Hudock v. LG Elecs. USA, Inc.*, 2020 U.S. Dist. LEXIS 54994 (D. Minn. Mar. 30, 2020); *Koenig v. Vizio, Inc.*, No. BC702266 (Cal. Super. Ct. Aug. 24, 2020); *Banh v. American Honda Motor Co., Inc.*, 2020 WL 4390371 (C.D. Cal. July 28, 2020); *Kaupelis v. Harbor Freight Tools, Inc.*, 2020 U.S. Dist. LEXIS 186249 (C.D. Cal. Sept. 23, 2020); *McMorrow v. Mondelez Int'l Inc.*, 2021 WL 859137 (S.D. Cal. Mar. 8, 2021); *de Lacour v. Colgate-Palmolive Co.*, 2021 WL 1590208 (S.D.N.Y. Apr. 23, 2021); *Bailey v. Rite Aid Corp.*, 2021 WL 1668003 (N.D. Cal. Apr. 28, 2021); *Cardenas v. Toyota Motor Corp.*, No. 18-cv-22798, 2021 U.S. Dist. LEXIS 152920 (S.D. Fla. Aug. 12, 2021); *Prescod v. Celsius Holdings, Inc.*, No. 19STCV09321 (Cal. Super. Ct. Aug 2, 2021); *Bechtel v. Fitness Equipment Svcs., LLC*, No. 1:19-CV-726, 2021 WL 4147766 (S.D. Ohio Sept. 12, 2021); *Milan v. Clif Bar & Co.*, 2021 WL

 ECONOMICS AND TECHNOLOGY, INC.

Declaration of Colin B. Weir
February 23, 2026
Page 5 of 16

17.  It is well known that conjoint analysis has a long history of use in the consumer goods industries.[8]

18.  In a typical conjoint analysis, survey panelists are confronted with various choices of product attributes, prices, and other alternatives, and asked either to rank their preferences, or to choose the most preferred attribute or combination thereof.

19.  Through conjoint analysis, by systematically varying the attributes of the product and observing how respondents react to the resulting product profiles, one can statistically measure information about the individual attributes.

20.  Statistical methods (including regression analysis) are then applied to the survey responses to calculate attribute value.[9]

21.  Conjoint analysis can be, and indeed has been, used to analyze the value and importance of product attributes.  One recent study used conjoint analysis to determine "whether health claims (claims of health-promoting effects) of food products positively influence product price and consumer choices."[10]  Prior to conducting the conjoint survey, the study finds that "[i]n

4427427 (N.D. Cal. Sept. 27, 2021); *Testone v. Barlean's Organic Oils*, 2021 U.S. Dist. LEXIS 185896 (S.D. Cal. Sept. 28, 2021); *Johnson v. Nissan N. Am., Inc.*, 2022 WL 2869528, at *5 (N.D. Cal. July 21, 2022); *Sonneveldt v. Mazada*, 2022 WL 17357780 (C.D. Cal. Oct. 21, 2022); *Willis v. Colgate Palmolive Co.*, No. 19-cv-8542 JGB (RAOx) (C.D. Cal Jan. 5, 2023); *Chapman v. General Motors*, 2023 WL 2745161 (E.D. Mich. Mar. 31, 2023); *Gunaratna v. Dennis Gross Cosmetology LLC*, 2023 WL 2628620 (C.D. Cal. Mar. 15, 2023); *.Banks v. R.C. Bigelow, Inc.*, 2023 U.S. Dist. LEXIS 135167  (C.D. Cal. Jul. 31, 2023); *Bush v. Rust-Oleum Corp.*, 2024 U.S. Dist. LEXIS 20131 (N.D. Cal. Feb. 5, 2024); *Corbett v. Pharmacare U.S. Inc.*, 2024 U.S. Dist. LEXIS 58336 (S.D. Cal. Mar. 29, 2024); *Vancleave v. Abbott Laboratories*, Case No. 19CV345045 (Cal. Super. Ct., Santa Clara County Apr. 5, 2024); *Sinatro v. Barilla America, Inc.*, No. 22-cv-03460-DMR, Dkt. No. 78 (N.D. Cal. May 28, 2024); *Cadena v. Am. Honda Motor Co., Inc.*, No. CV 18-4007-MWF (PJWx), 2024 WL 4005097 (C.D. Cal. Jul. 2, 2024); *Swartz v. Dave's Killer Bread, Inc.,* No. 4:21-cv-10053-YGR (N.D. Cal. Sept. 20, 2024) (order granting class certification) (Dkt. No. 193); *Wallenstein v. Mondelez Int'l, Inc.*, No. 22-cv-06033-VC, 2024 WL 4293904 (N.D. Cal. Sept. 25, 2024); *Lessin, et al. v. Ford Motor Co.*, Case 3:19-cv-01082-AJB-AHG, ECF No. 202 (S.D. Cal. Nov. 7, 2024) (Order re: Summary Judgment and Class Cert); *Jeruchim v. J.M. Smucker Co.*, No. 22-cv-06913-WHO, 2026 U.S. Dist. LEXIS 12228 (N.D. Cal. Jan. 22, 2026).

[8] *See, e.g.*, *Getting Started with Conjoint Analysis: Strategies for Product Design and Pricing Research*, Bryan K. Orme, Research Publishers 2014 ("Getting Started with Conjoint").

[9]*See Getting Started with Conjoint*.

[10] *Estimating Consumers' Willingness to Pay for Health Food Claims: A Conjoint Analysis*, Mitsunori Hirogaki, International Journal of Innovation, Management and Technology, Vol. 4, No. 6, December 2013.



Declaration of Colin B. Weir
February 23, 2026
Page 6 of 16

general, consumers consider health and wholesomeness as important aspects of food quality."[11] The study then uses choice-based conjoint analysis to measure the effects of various product attributes on the price of a single product, green tea. The study examines only four product attributes: health claim, country of origin, the size of the product, and price. The study finds that the health claim on green tea is a positive, statistically significant purchase driver, and results in a price premium of approximately 20%.

22. In light of proposed FDA front-of-pack nutrition labeling standards, another study sought "to estimate the relative contribution of declared amounts of different nutrients to the perception of the overall 'healthfulness' of foods by the consumer."[12] The study determined that claims such as "this product has no saturated fat," "this product is fat free," and "this product is low in total fat" were among the 22 most important nutrient content claims. The study concluded that "[c]onjoint analysis can lead to a better understanding of how consumers process information about the full nutrition profile of a product, and is a powerful tool for the testing of nutrient content claims."

23. An application of conjoint analysis to orange juice was used to evaluate which attributes of orange juice consumers value most. Results of the study showed that vitamin C content was the most important purchase driver besides price.[13]

24. The use of conjoint analysis in similar applications is too extensive to document exhaustively here.

25. It is now well-accepted that using a higher reference price alongside the selling price increases demand beyond the level induced simply by showing the selling price. This was

---

[11] *Id.*

[12] *Testing Consumer Perception of Nutrient Content Claims Using Conjoint Analysis*, Drewnowski, Adam *et al.*, Public Health Nutrition: 13(5): 688–694.

[13] *Evaluation of Packing Attributes of Orange Juice on Consumers' Intention to Purchase by Conjoint Analysis and Consumer Attitudes Expectation*, Gadioli, I. L. et al., Journal of Sensory Studies 28 (2013):57-65.


ECONOMICS AND TECHNOLOGY, INC.

Declaration of Colin B. Weir
February 23, 2026
Page 7 of 16

reflected in a paper that considers policy recommendations related to the use of fictitious reference pricing, which notes: "It is now well accepted that many consumers get extra utility, beyond that associated with consuming a product, from purchasing it on deal and that the magnitude of this utility is a function of the size of the deal.  Firms have long known (or at least intuitively known) this; in response, they often feature the selling price relative to a reference price -- for example, a 'former' price -- to increase demand beyond the level solely induced by a lower price.  These two stylized facts have led some firms to artificially inflate reference or comparison prices in sale communications so as to increase consumers' perceived utility in its offerings, which in turn leads to greater demand and profits."[14]

26.  This paper further notes: "There is still a need to develop and refine methods for estimating the impact of fictitious pricing on consumer welfare, both at the individual and aggregate levels.  This could include conjoint analysis, lab studies, and field studies."[15]

27.  Another paper studying reference pricing notes that "Comparative price advertising offers consumers a basis for comparing the relative value of the product offering by suggesting a monetary worth for the product and any potential savings.  For example, the comparative price advertisement, 'regular price $10.00, on sale $7.99,' suggests a monetary worth of $10.00 and a savings of $2.01."[16]

28.  Conjoint analysis, as a survey tool, does not rely on an existing data set but rather relies on data generated through the survey process.  Common conjoint analysis software permits the administration of a representative sample survey, and the analysis of the results therefrom.

---

[14] *Competition and the Regulation of Fictitious Pricing*, Staelin, R. et al., Journal of Marketing 2023, Vol. 87(6) ("Staelin") at 826 (citations omitted).

[15] *Id.*, at 843.

[16] *Comparative Price Advertising: Informative or Deceptive?*, Grewal, D. et al.. Journal of Public Policy & Marketing, Spring 1992, Vol. 11, No. 1 ("Grewal") at 52.


ECONOMICS AND TECHNOLOGY, INC.

Declaration of Colin B. Weir
February 23, 2026
Page 8 of 16

29.   No individualized analyses or Class-Member-specific inquiries will be required.  All relevant data needed to complete the conjoint analysis will be Class-wide, common evidence.

**Price Premium: The Dennis Conjoint Survey**

30.   I have been provided with, and have reviewed, a copy of the Declaration of J. Michael Dennis, Ph.D. dated February 23, 2026 ("Dennis Declaration").  Dr. Dennis is a recognized expert in the design and implementation of online consumer statistical surveys with more than 25 years experience conducting such surveys at leading institutions, having most recently served as Senior Vice President at NORC in Chicago, IL from 2014 - 2025.[17]

31.   Among other things, the Dennis Report discusses the process by which Dr. Dennis designed a conjoint analysis and market simulation of Defendant's Products with the Deceptive Sales Discounts ("Dennis Survey").

32.   I worked with Dr. Dennis to develop parts of the survey.

33.   Dr. Dennis proposes to measure the price premium (measured in percentage terms) at the time and point of sale solely attributable to the Deceptive Sales Discount through the use of an attribute that will display the details of the Deceptive Sales Discount (or blank) and price along with several distractor attributes/levels.[18]  Dennis' survey includes market-based price points derived from actual retail pricing data.[19]  Dennis has also taken into account the fact that the quantity of the Defendant's Products sold is a known fact, and is fixed as a matter of history.[20]

---

[17] Dennis Declaration, at paras 2 *et seq*.

[18] *Id.*, at para 95 *et seq*.

[19] *Id.*, at paras 92-102.

[20] *Id.*, at para 125.


ECONOMICS AND TECHNOLOGY, INC.

Declaration of Colin B. Weir
February 23, 2026
Page 9 of 16

34.  In addition to these factors that influenced Dennis' survey design, after the completion of the survey, the results are calculated using Hierarchical Bayes regression.[21]  The use of Hierarchical Bayes regression provides for, among other factors, the ability to estimate better market-level results from a conjoint survey and market simulator.

35.  After reviewing the Dennis Report, the methodology underlying Dennis' conjoint survey, and the documentary evidence relied upon by Dennis and incorporated into the survey design, it is my opinion that Dr. Dennis' conjoint survey is properly designed to measure the price premium paid due solely to the Deceptive Sales Discounts.  The survey is especially economically suitable given Dennis' use of market based prices, and considerations given as to the fixed quantity of the Defendant's Products sold that are part of the Class definition.

36.  The survey sample will include approximately 400 completed responses to each survey.  The sample will be drawn in such a manner that the results of the survey are projectable to the class, and the results of the survey will be tested to confirm they provide a reliable and accurate measurement of the market price premium solely attributable to the Deceptive Sales Discounts used by Defendant.[22]

37.  As discussed below, the results of Dennis' conjoint survey may be used as an input in my Price Premium Damages calculation.

38.  I have relied on conjoint surveys, and the work of Dr. Dennis, to determine damages in other litigations.[23]

---

[21] *Id.*, at paras 122-123.

[22] *Id.*, at paras 37, 136.

[23] *See, e.g.*, *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 413-15 (S.D.N.Y. 2015); *Dzielak v. Maytag*, 2017 WL 1034197, at *6 (D. NJ. March 17, 2017); *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017); *Dei Rossi v. Whirlpool Corp.*, No. 2:12-cv-00125-TLN-CKD, 2015 U.S. Dist. LEXIS 55574 (E.D. Cal. Apr. 27, 2015); *Fitzhenry-Russell v. Dr Pepper Snapple Group, Inc.*, 2018 WL 3126385 (N.D. Cal. June 26, 2018); *Martinelli v. Johnson & Johnson, 2019 WL 1429653, at *3-4 (E.D. Cal. Mar. 29, 2019).*

ECONOMICS AND
TECHNOLOGY, INC.

Declaration of Colin B. Weir
February 23, 2026
Page 10 of 16

**Supply-Side Considerations**

39.    I understand that Dr. Dennis considered and accounted for supply-side factors in the determination of his estimate of the price premium.[24]

40.    I have also considered supply-side factors in my determination of a framework for damages.  First, unlike in a Lanham Act or intellectual property litigation where a but-for quantity of sales may need to be determined, in this litigation the historic number of units sold is a fact and, in this litigation, it would be antithetical to the concept of class definition to suggest that the quantity supplied be anything other than the actual number of units sold by Defendant.

41.    Furthermore, if one were to assume, *arguendo*, that Defendant would not have lowered its price in concert with demand (indicating that Defendant priced above the market clearing price), then the economic outcome would be that many or all of the purchases would not have taken place at all.  As such, the price premium developed by Dr. Dennis is an inherently conservative measure.

42.    It is also an economic perversion for a Defendant engaged in a litigation (with an obvious conflict of interest) to simply state that it would never have adjusted its prices or would not have adjusted them enough so as to meet demand, and therefore damages should be set at zero or something less than actual economic damages.  If that were permitted, any Defendant could simply postulate its way out of economic damages.

43.    I worked closely with Dr. Dennis to ensure that his survey was appropriately designed to measure the true market value of the price premium attributable to the Deceptive Sales Discounts.

44.    Dr. Dennis and I had several discussions concerning the design of his survey where I provided input based upon economic concepts, and real-world retail sales and market data.  We

---

[24] *See e.g.,* Dennis Declaration, at paras 92-102, 125.

ECONOMICS AND
TECHNOLOGY, INC.

Declaration of Colin B. Weir
February 23, 2026
Page 11 of 16

also had several discussions concerning the results of his survey and how they should be interpreted and applied.

45.   One of the most important and most frequent topics of discussion between Dr. Dennis and myself was the data on actual sales of the Products in the real-world marketplace. These real-world transactions occurred at prices that *already* reflect the supply-side factors then extant in the marketplace.  I understand that Dr. Dennis relied upon these historical data in setting the prices in his conjoint survey.

46.   We also discussed that variability in pricing showed that retailers' pricing was responsive to changing market forces.

47.   Another important supply-side factor that Dr. Dennis and I discussed was the fact that the quantity of the Products supplied is a known quantity, and fixed as a matter of history.

48.   Dr. Dennis and I discussed another supply-side factor, the fact that, as I discuss below, the market for the Products in highly competitive and an "ordinary" market, subject to ordinary market conditions, such as changes in consumer demand that affect price.

49.   Many major rug retailers and competitors identify a willingness to adjust prices in response to changing economic conditions and consumer preferences.  Target Corporation recently advised its investors that:

> A large part of our business is dependent on our ability to make trend-right decisions in a broad range of merchandise categories and offer those products at affordable prices. If we do not accurately predict consumer demand and quickly respond to changing consumer preferences and spending patterns, we may experience lower sales, spoilage, and increased inventory markdowns, which could adversely affect our results of operations.  Our ability to accurately predict consumer demand and adapt to changing consumer preferences depends on many factors, including obtaining accurate and relevant data on guest preferences, successfully implementing new technologies and capabilities (including artificial intelligence), emphasizing relevant merchandise categories, effectively managing our inventory levels, and implementing competitive and effective pricing and promotion strategies. We have not always been able to accurately predict consumer demand or rapid

ECONOMICS AND
TECHNOLOGY, INC.

Declaration of Colin B. Weir
February 23, 2026
Page 12 of 16

changes in consumer preferences and spending patterns, which has previously resulted in insufficient or excess inventory, increased inventory markdowns, higher costs (including for storage, transportation, labor, and other expenses), and adverse impacts on our results of operations. If we are unable to accurately predict consumer demand and effectively adapt to future changes in consumer preferences and spending patterns, our results of operations and financial condition could be adversely affected.[25]

50.   Retailers have also noted the intense level of competition in the industry, as well as the importance of responding to consumers and their ability to earn profits.  Walmart, Inc. notes that:

Each of our segments competes for customers, employees, digital prominence, products and services and in other important aspects of its business with many other local, regional, national and global physical, eCommerce and omni-channel retailers, social commerce platforms, wholesale club operators and retail intermediaries, as well as companies that offer services in digital advertising, data analytics/insights, fulfillment and delivery services, health and wellness and financial services. The omni-channel retail landscape is highly competitive and rapidly evolving, and the entry of new, well-funded competitors may increase competitive pressures.

We compete in a variety of ways, including the prices at which we sell our merchandise, merchandise selection and availability, services offered to customers, location, store hours, in-store amenities, the shopping convenience and overall shopping experience we offer, the attractiveness and ease of use of our digital platforms, quality and accessibility of data for customers, suppliers, and associates, and cost, speed of and options for accurate delivery to customers of merchandise purchased through our digital platforms or through our omni-channel integration of our physical and digital operations.[26]

51.   Amazon, another retailer that sells rugs, shares with its investors that:

**We Face Intense Competition**

Our businesses are rapidly evolving and intensely competitive ….  As a result of competition, our product and service offerings may not be successful, we

---

[25] Target Corporation., Form 10-K Annual Report filed with the US Securities and Exchange Commission, filed March 12, 2025.

[26] Walmart, Inc., Form 10-K Annual Report filed with the US Securities and Exchange Commission, March 14, 2025.


ECONOMICS AND TECHNOLOGY, INC.

Declaration of Colin B. Weir
February 23, 2026
Page 13 of 16

may fail to gain or may lose business, and we may be required to increase our spending or lower prices, any of which could materially reduce our sales and profits.[27]

52. Home Depot advises its investors:

Our industry is highly competitive, highly fragmented, and evolving. As a result, we face competition for customers for our products and services from a variety of retailers, suppliers, service providers, and distributors and manufacturers that sell products directly to their respective customer bases. These competitors range from traditional brick-and-mortar, to multichannel, to exclusively online, and they include a number of other home improvement retailers; local, regional and national hardware stores; electrical, plumbing and building materials supply houses; and lumber yards. With respect to some products and services, we also compete with specialty design stores, showrooms, discount stores, paint stores, specialty and mass digital retailers, warehouse clubs, MRO distributors, national and local wholesale supply distributors, home decor retailers, and other retailers, as well as with providers of home improvement services and tool and equipment rental. The internet facilitates competitive entry, price transparency, and comparison shopping, increasing the level of competition we face.

We compete primarily based on customer experience; price; quality; product availability, assortment, and innovation; and delivery options and capabilities, both in-store and online. We also compete based on store and branch location and appearance, presentation of merchandise, and ease of shopping experience throughout every step of the project, from inspiration and research to any post-purchase support.[28]

53. In addition to these factors that influenced Dr. Dennis' survey design, after the completion of the survey, the results were calculated using Hierarchical Bayes regression.[29] The use of Hierarchical Bayes regression provides for, amongst other factors, the ability to estimate better market-level results from a conjoint survey and market simulator.

---

[27] Amazon.com, Inc., Form 10-K Annual Report filed with the US Securities and Exchange Commission, filed February 7, 2025.

[28] The Home Depot, Inc., Form 10-K Annual Report filed with the US Securities and Exchange Commission, March 21, 2025.

[29] Dennis Declaration, at para 122-123.

ECONOMICS AND TECHNOLOGY, INC.

Declaration of Colin B. Weir
February 23, 2026
Page 14 of 16

54. The proper use of supply-side factors, individually or in combination, as I have discussed above, permits the Dennis Survey to estimate a marketplace outcome -- the price premium that prevailed due to Defendant's use of the Deceptive Sales Discounts.

**Calculation of Price Premium Damages**

55. After completing all of the work described above, calculating total Price Premium Damages in this litigation will be straightforward.

56. With the price difference due to the Deceptive Sales Discount determined on a percentage basis, the calculation of class-wide damages for any Product will be:

$$\%Price\ Premium{:}\times \$Units\ Sold\ = Damages$$

57. These calculations can be performed on a class-wide basis, across different geographies, and for any defined time period, including the proposed Class Period(s) in this litigation.

## V.  ADDITIONAL CALCULATIONS

58. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ ■ ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[30] ████████████████████████████████████████████████████████████████████████████████████████████████████


ECONOMICS AND TECHNOLOGY, INC.

Declaration of Colin B. Weir
February 23, 2026
Page 15 of 16

████████████████████████████████████████████████████████

████████████████████████████████████ ▪

59. I was asked whether I could calculate the following metrics using Defendant's transactional data: (a) the median, average, and modal historical discount off of the list price applied to class products; (b) any of the forgoing metrics for a subset of class products, such as a particular rug model; and (c) the proportion of consumers that received a discount. Using Defendant's data, for any given transaction or set of transaction, I can calculate each of these metrics for a look-back period of any time period available in the transactional data.

## VI. PRODUCT RETURN MODEL

60. I understand that Plaintiff alleges that, as an alternative method of restitution damages, class members should be able to return products for a refund. For this model, I can calculate, on a classwide basis, the original purchase prices that class members paid and that would need to be refunded to each class member who returns the products using Defendant's line item reports, which include this information as discussed above.

## VII. STATUTORY DAMAGES

61. In addition to the above damages framework for the Class, I have been advised by Counsel for Plaintiffs that a statutory nuance must be considered for Oregon consumers. I have been advised that, under ORS § 646.638, statutory damages of $200 may be available per violation. It will be possible to calculate statutory damages using the sales data as discussed above.

---

[31] RUGSUSA_HONG00000511; Deposition of Kamran Tarar, February 11, 2026, at 62-65.

ECONOMICS AND TECHNOLOGY, INC.

Declaration of Colin B. Weir
February 23, 2026
Page 16 of 16

## VIII.  RESERVATION OF RIGHTS

62.  My testimony is based upon the information and data presently available to me. Additional, different and/or updated data including market research data may be obtained in advance of trial.  I therefore reserve the right to amend or modify my testimony.


VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief, and that this declaration was executed at Boston, Massachusetts this 23rd day of February 2026.

Colin B. Weir

ECONOMICS AND
TECHNOLOGY, INC.

# Exhibit 1

# Statement of Qualifications
# of

# COLIN B. WEIR

**Statement of Qualifications**

**COLIN B. WEIR**

Colin B. Weir is President at Economics and Technology, Inc.  Mr. Weir conducts economic, statistical, and regulatory research and analysis, and testifies as an expert witness. Mr. Weir's work involves econometric and statistical analysis, multiple regression, surveys, statistical sampling, micro- and macroeconomic modeling, accounting and other economic analysis.  Such analysis often involves analysis of databases, call detail records, and other voluminous business records.  Mr. Weir is familiar with common statistical and econometric software packages such as STATA and Sawtooth Software.  Mr. Weir assists with analysis of economic, statistical and other evidence; and preparation for depositions, trial and oral examinations.  Mr. Weir has provided expert testimony before federal and state courts, the FCC, and state regulatory commissions, and has contributed research and analysis to numerous ETI publications and testimony at the state, federal, and international levels.  Prior to joining ETI, Mr. Weir worked at Stop and Shop Supermarkets as a cash department head, grocery/receiving clerk, and price-file maintenance head.

Mr. Weir's experience includes work on a variety of issues, including: economic harm and damage calculation; liquidated damages provisions; lost profits; false claims; diminution in value; merger/antitrust analysis; Early Termination Fees (ETFs); Late Fees; determination of Federal Excise Tax burden; and development of macroeconomic analyses quantifying the economic impact of corporate actions upon the US economy and job markets.

Mr. Weir has conducted research and analysis in numerous litigation and regulatory matters on behalf of corporate, government and individual clients, including AT&T, MTS Allstream (Canada), The US Department of Justice, Office of the Attorney General of Illinois, Pennsylvania Department of Revenue,  Thomas v. Global Vision, (class action litigation, Superior Court, County of Alameda), Ayyad v. Sprint (class action litigation,  Superior Court, County of Alameda), Forcellati v. Hylands (class action, U.S. District Court, Central District of California), and Ebin v. Kangadis Foods (class action, U.S. District Court, Southern District of New York).

Mr. Weir holds an MBA with honors from Northeastern University.  He also holds a Bachelor of Arts degree *cum laude* in Business Economics from The College of Wooster.

Mr. Weir is a member of the Boston Economic Club, and a business member of the Boston Bar Association.  Mr. Weir has served on the Board of Trustees of the Waring School, and served as the comptroller for the Sybaris Investment Partnership.

1

ECONOMICS AND
TECHNOLOGY, INC.

*Statement of Qualifications – Colin B. Weir*

**Publications and Testimony of Colin B. Weir**

Mr. Weir has co-authored the following:

*Interoperability and Spectrum Efficiency: Achieving a Competitive Outcome in the US Wireless Market* (with Lee L. Selwyn) Economics and Technology, Inc., prepared on behalf of United States Cellular Corporation, July 2012.

*The Price Cap LECs' "Broadband Connectivity Plan": Protecting Their Past, Hijacking the Nation's Future* (with Lee L. Selwyn and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of United States Cellular Corporation, September 2011.

*Regulation, Investment and Jobs: How Regulation of Wholesale Markets Can Stimulate Private Sector Broadband Investment and Create Jobs* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of Cbeyond, Inc., Covad Communications Company, Integra Telecom, Inc., PAETEC Holding Corp, and tw telecom inc., February 2010.

*Revisiting Us Broadband Policy: How Re-regulation of Wholesale Services Will Encourage Investment and Stimulate Competition and Innovation in Enterprise Broadband Markets*, (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, February 2010.

*Longstanding Regulatory Tools Confirm BOC Market Power: A Defense of ARMIS* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of the AdHoc Telecommunications Users Committee, January 2010.

*Choosing Broadband Competition over Unconstrained Incumbent Market Power: A Response to Bell and TELUS* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, April 2009.

*The Role of Regulation in a Competitive Telecom Environment: How Smart Regulation of Essential Wholesale Facilities Stimulates Investment and Promotes Competition* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, March 2009.

*Special Access Overpricing and the US Economy: How Unchecked RBOC Market Power is Costing US Jobs and Impairing US Competitiveness* (with Lee L. Selwyn, Susan M. Gately, and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of the AdHoc Telecommunications Users Committee, August 2007.

*The AWS Spectrum Auction: A One-Time Opportunity to Introduce Real Competition for Wireless Services in Canada* (with Lee L. Selwyn and Helen E. Golding) Economics and Technology, Inc., prepared on behalf of MTS Allstream, June 2007.

*Comparison of Wireless Service Price Levels in the US and Canada* (with Lee L. Selwyn) Economics and Technology, Inc., prepared on behalf of MTS Allstream, May 2007.

2

 ECONOMICS AND TECHNOLOGY, INC.

*Statement of Qualifications – Colin B. Weir*

*Hold the Phone! Debunking the Myth of Intermodal Alternatives for Business Telecom Users In New York* (with Susan M. Gately and Lee L. Selwyn) Economics and Technology, Inc., prepared for the UNE-L CLEC Coalition, August 2005.

Mr. Weir has submitted the following testimony during the last four years:

**United States District Court, Northern District of Illinois, Eastern Division,** *Tiffany Huggins, Lauren Nunez, Geoff Edwards, and Beverly Blalock, individually and on behalf of a class of similarly situated individuals, v. Abbott Laboratories*, Case No. 1:25-cv-02460, on behalf of George Feldman McDonald, PLLC, Declaration submitted on October 15, 2025.

**United States District Court for the Northern District of Illinois,** *Arnesia Thomas and Pascha Perkins, individually as a representative of all others similarly situated, v. Walmart Inc., and Wal-Mart Stores, Inc.*, Case No. 1:23-cv-05315, on behalf of Dworken & Bernstein Co., LPA, Declaration submitted on October 14, 2025; Deposition on December 1, 2025.

**United States District Court, Northern District of California, San Jose Division,** *In re: Meta Pixel Tax Filing Cases*, Master File No. 5:22-cv-07557-PCP, on behalf of Bursor & Fisher, P.A., Declaration submitted on August 18, 2025; Deposition on October 2, 2025.

**United States District Court, Northern District of California,** *Omar Masry individually and on behalf of all others similarly situated, v. Abbott Laboratories*, Case No.: 5:23-cv-04348-PCP, on behalf of Clarkson Law Firm, Declaration submitted on August 11, 2025.

**United States District Court, Northern District of California,** *In re: Nestle Boost Nutritional Drink Litigation*, Case No.: 3:21-cv-09812-PJH, on behalf of Milberg Coleman Bryson Phillips Grossman, LLC, Declaration submitted on July 25, 2025; Deposition on August 15, 2025.

**United States District Court, Northern District of California,** *Sandra Jeruchim and Melissa Varga, individually and on behalf of all others similarly situated, v. The J.M. Smucker Company and Post Consumer Brands, LLC*, Case No.: 3:22-Cv-06913-WHO, on behalf of Bursor & Fisher, P.A., Declaration submitted on July 8, 2025; Deposition on September 8, 2025.

**United States District Court, Central District of California,** *Emily Chebul, individually and on behalf of all others similarly situated, v. Tuft & Needle, LLC*, Case No. 2:24-cv-02707-JLS-MAR, on behalf of Dovel & Luner, LLP, Declaration submitted on July 7, 2025.

**United States District Court, Northern District of California,** *In re: SanDisk SSDs Litigation*, Case No. 3 :23-cv-04152-RFL, on behalf of Bursor & Fisher, P.A., Declaration submitted on June 11, 2025; Reply Declaration submitted on August 20, 2025; Deposition on August 26, 2025.



*Statement of Qualifications – Colin B. Weir*

**In the Circuit Court of the City of St. Louis, State of Missouri,** *State of Missouri ex rel. Attorney General Andrew Bailey, and Missouri Department of Agriculture, v. Dolgencorp, LLC, d/b/a Dollar General*, Case No. 2322-CC096910, on behalf of the Missouri Office of the Attorney General, Deposition on June 6, 2025.

**United States District Court, Northern District of California,** *Mikhail Gershzon, Kristin Della, and Jill Lienhard, on behalf of themselves and those similarly situated v. Colgate-Palmolive Company*, Case No.: 23-cv-04086-JCS, on behalf of Gutride Safier, LLP, Declaration submitted on May 22, 2025; Deposition on June 27, 2025; Reply Declaration submitted on September 15, 2025.

**United States District Court, Northern District of California,** *Samuel Garcia, individually and on behalf of all others similarly situated, v. TC Heartland, LLC*, Case No.: 5:23-cv-04192-NW, on behalf of Clarkson Law Firm, Declaration submitted on April 21, 2025; Deposition on June 11, 2025; Reply Declaration submitted on September 15, 2025.

**United States District Court, Northern District of California,** *Rick Chen and Mindy Aiello, individually and on behalf of all others similarly situated, v. Vesync Corporation*, Case No. 3:23-cv-04458-TLT, on behalf of Bursor & Fisher, P.A., Declaration submitted on April 17, 2025; Deposition on June 9, 2025; Reply Declaration submitted on July 25, 2025; Deposition on August 5, 2025.

**United States District Court, Southern District of California,** *Albert Renn, on behalf of himself, all others similarly situated, and the general public, v. Otay Lakes Brewery, LLC*, Case No: 23-cv-1139-GPC-BLM, on behalf of Fitzgerald Monroe Flynn, PC, Declaration submitted on March 3, 2025.

**United States District Court, Northern District of California,** *Sharon Crowder, Joel Lumian, Robert Smith, Amanda Goldwasser, and Mark Elkins, each individually and on behalf of all others similarly situated, v. The Shade Store LLC*, Case No. 5:23-cv-2331, United States District Court, Western District of Washington At Seattle, *Lee Fitzgerald and Katherine Adler, individually and on behalf of all others similarly situated, v. The Shade Store LLC*, Case No. 2:23-cv-01435-RSM, on behalf of Dovel & Luner, LLP, Declaration submitted on January 23, 2025; Deposition on March 11, 2025.

**United States District Court, Northern District of California,** *Condalisa LeGrand, on behalf of herself, all others similarly situated, and the general public, v. Abbott Laboratories*, Case No. 3:22-cv-5815-TSH, on behalf of Fitzgerald Monroe Flynn, PC, Declaration submitted on January 23, 2025; Supplemental Declaration submitted on September 11, 2025.

**Superior Court of the State of California, County of Santa Clara,** *Makenzie Smith, individually and on behalf of all others similarly situated, v. LinkedIn Corporation*, Case No. 22CV404069, on behalf of Bursor & Fisher, P.A., Declaration submitted on January 13, 2025; Deposition on March 4, 2025.

4


ECONOMICS AND TECHNOLOGY, INC.

**United States District Court, Eastern District of Virginia, Richmond Division,** *James Dolan and James Morris, individually and on behalf of all others similarly situated, v. Ford Motor Company*, Case No. 1:19-cv-05045-REP, on behalf of Consumer Litigation Associates, PC, Declaration submitted on January 3, 2025; Reply Declaration submitted on February 12, 2025; Deposition on February 25, 2025.

**United States District Court, Northern District of California,** *Nea Vizcarra, individually and on behalf of all others similarly situated, v. Michaels Stores, Inc.*, Case No. 5:23-cv-468-PCP, on behalf of Dovel & Luner, LLP, Declaration submitted on November 15, 2024; Deposition on January 8, 2025.

**Superior Court of the State of California, for the County of Alameda,** *David Livingston, individually and on behalf of all other persons similarly situated, v. Mercedes-Benz USA, LLC,* Case No. RG21109711, on behalf of Bursor & Fisher, P.A., Declaration submitted on November 14, 2024; Deposition on December 16, 2024; Reply Declaration submitted on February 27, 2025.

**United States District Court, for the Northern District of California,** *Melissa Sanchez, Beverly Cassel, as individuals, on behalf of themselves, the general public and those similarly situated, v. Nurture, Inc.*, Case No. 5:21-cv-08566-EJD, on behalf of Gutride Safier, LLP, Declaration submitted on October 25, 2024; Deposition on December 12, 2024.

**United States District Court, Northern District of California,** *Colby Tunick, individually and on behalf of all others similarly situated, v. Takara Sake USA Inc.*, Case No. 3:23-cv-00572-TSH, on behalf of Clarkson Law Firm, Declaration submitted on October 17, 2024; Deposition on November 22, 2024; Reply Declaration submitted on January 28, 2025.

**United State District Court, Northern District of California,** *Venus Yamasaki, on behalf of herself and all others similarly situated, v. Natrol, LLC*, Case No. 3:23-cv-00182-JD, on behalf of Spangenberg Shibley & Liber LLP, Declaration submitted on October 11, 2024; Deposition on December 2, 2024.

**United States District Court, Northern District of California,** *Jennifer Vlacich, Brenda Robert, Elena Nacarino, Ana Krstic, Christina Vink, Lora Grodnick, Lisa Malara, and Teena Stambaugh, individually and on behalf of all others similarly situated, v. Del Monte Foods, Inc.*, Case No. 4:22-cv-00892-JST, on behalf of Dovel & Luner, LLP, Declaration submitted on August 30, 2024; Deposition on October 8, 2024.

**United States District Court, Northern District of Georgia, Atlanta Division,** *Kellie Carder et al., on behalf of themselves and all others similarly situated, v. Graco Children's Products, Inc.*, Case No. 2:20-cv-00137-LMM, on behalf of Milberg Coleman Bryson Phillips Grossman, LLC, Declaration submitted on August 16, 2024; Supplemental Declaration submitted on January 17, 2025.


ECONOMICS AND TECHNOLOGY, INC.

*Statement of Qualifications – Colin B. Weir*

**United States District Court, Northern District of California,** *Krystal Lopez and Damany Browne, individually and on behalf of all others similarly situated, v. Zarbee's Inc.*, Case No. 3:22-04465-CRB, on behalf of Dovel & Luner, LLP, Declaration submitted on August 2, 2024; Deposition on August 27, 2024.

**United States District Court, Southern District of New York,** *Tanysha Newman, individually and on behalf of all others similarly situated, v. Bayer Corporation and Bayer Healthcare, LLC*, Case No. 7:22-cv-07087-KMK-AEK, on behalf of Bursor & Fisher, P.A., Declaration submitted on July 18, 2024; Deposition on September 9, 2024.

**In the United States District Court, for the Northern District of Oklahoma,** *In re: Genentech, Inc. Herceptin (Trastuzumab) Marketing and Sales Practices Litigation*, MDL Docket No. 16-MD-2700, on behalf of GableGotwals, Declaration submitted on July 15, 2024; Deposition on September 4, 2024.

**United States District Court for the Central District of California, Eastern Division,** *Steven Hernandez, individually and on behalf of all others similarly situated, v. Radio Systems Corporation*, Case No.: 22-cv-01861-JGB-KK, on behalf of Schubert Jonckheer & Kolbe, Declaration submitted on June 17, 2024; Declaration submitted on July 31, 2024; Deposition on November 1, 2024.

**United States District Court for the Southern District of California,** *Linda Sunderland and Benjamin Binder, individually and on behalf of all others similarly situated, v. Pharmacare U.S., Inc., a Delaware Corporation*, Case No.: 3:23-cv-01318-JES-BGS, on behalf of Milberg Coleman Bryson Phillips Grossman, LLC, Declaration submitted on June 3, 2024.

**United States District Court for the Northern District Of California,** *Martha Valentine, Ruby Cornejo, and Tiffany Avino, each an individual, on behalf of themselves, the general public, and those similarly situated, v. Crocs, Inc.*, Case No. 3:22-cv-07463-TLT, on behalf of Gutride Safier, LLP, Declaration submitted on May 31, 2024; Reply Declaration submitted on August 21, 2024.

**In the United States District Court for the Northern District of California,** *David Wallenstein, Montgomery Summa, individually and on behalf of all others similarly situated, v. Mondelez International, Inc., a Virginia corporation, Mondelez Global, LLC, a Delaware limited liability company, and Nabisco, Inc., a New Jersey corporation*, Case No. 3:22-cv-6033, on behalf of Fox Law APC, Declaration submitted on May 24, 2024; Deposition on June 27, 2024; Reply Declaration submitted on July 12, 2024; Reply Declaration submitted on August 9, 2024.

**United States District Court, Western District of Wisconsin,** *John Bankhurst, Pamela Anderson, Jonathan Zang, and Jesse Karp, individually and on behalf of all others similarly situated, v. Sub-Zero Group, Inc. and Wolf Appliance, Inc.*, Case No. 3:23-cv-253, on behalf of Dovel & Luner, LLP, Declaration submitted on May 17, 2024; Deposition on June 18, 2024.

6


ECONOMICS AND TECHNOLOGY, INC.

*Statement of Qualifications – Colin B. Weir*

**United States District Court, Eastern District of New York,** *Claudia Newton and Brandy Leandro, on behalf of themselves and all others similarly situated, v. R.C. Bigelow, Inc., and Does 1 through 10*, Case No.: 2:22-cv-05660-LDH-SIL, on behalf of The Wand Law Firm, Declaration submitted May 16, 2024; Rebuttal Declaration submitted on August 8, 2024; Declaration submitted on September 19, 2025; Deposition on November 21, 2025.

**United States District Court, Northern District of Illinois, Eastern Division,** *Charlotte Willoughby, Lakendrea Camille Mcnealy, Shaylynn Doxie, Brittney Gray, Kataleena Helmick, Lani Johnston, Ashley Popa And Deniege Revord, individually and on behalf of a class of similarly situated individuals, v. Abbott Laboratories*, Case No. 1:22-cv-01322, on behalf of Lockridge Grindal Nauen P.L.L.P., Declaration submitted on April 12, 2024; Deposition on May 15, 2024; Reply Declaration submitted July 31, 2024.

**In the United States District Court, Northern District of California**, *Aaron Brand, John Flodin, individually and on behalf of all others similarly situated, v. Central Garden & Pet Company, a Delaware corporation, Breeder's Choice Pet Foods, Inc., and Does 1-50, inclusive*, Case No.: 4:21-cv-01631-JST, on behalf of Fox Law APC, Declaration submitted on March 15, 2024; Deposition on June 11, 2024; Reply Declaration submitted on August 20, 2024.

**United States District Court, Central District of California**, *Tristan Hurd and Ken Dimicco, individually and on behalf of all others similarly situated, v. G.Skill International Enterprise Co., LTD., G.Skill USA, Inc., Racerspeed, Inc., and Neuteck, Inc.*, Case No. 2:22-cv-00685-SSS-MAR, on behalf of Dovel & Luner, LLP, Declaration submitted on March 15, 2024; Declaration submitted on October 28, 2025.

**In the United States District Court for the Western District of Virginia**, *Wendy Prince, individually and on behalf of all others similarly situated, v. Johnson Health Tech Trading, Johnson Health Tech Retail, Inc., and Johnson Health Tech, Inc.*, Civil Action No. 5:22-cv-00035, on behalf of Milberg Coleman Bryson Phillips Grossman, LLC, Declaration submitted on February 29, 2024; Deposition on June 7, 2024.

**In the United States District Court, for the Southern District of Ohio, Eastern Division,** *Judy Kirkbride and Beeta Lewis, individually and on behalf of all others similarly situated, v. The Kroger Co.*, Case No. 2:21-cv-00022-ALM-EPD, on behalf of Bursor & Fisher, P.A., Declaration submitted on February 23, 2024; Deposition on May 2, 2024; Reply Declaration submitted on July 25, 2024; Oral Testimony and Cross Examination on March 19 - 20, 2025.

**United States District Court, for the Southern District of New York,** *Joseph Wolf, Carmen Wolf, on behalf of themselves and those similarly situated, v. Dolgen New York LLC*, Case No.: 7:23-cv-00558-PMH, Milberg Coleman Bryson Phillips Grossman, LLC, Declaration submitted on February 9, 2024; Supplemental Declaration filed March 20, 2024; Deposition on March 25, 2024.


ECONOMICS AND TECHNOLOGY, INC.

*Statement of Qualifications – Colin B. Weir*

**United States District Court, Southern District of California,** *Heather Turrey, Oliver Fiaty, Jordan Hernandez, and Jeffrey Sazon, individually, and on behalf of all others similarly situated, v. Vervent, Inc. fka First Associates Loan Servicing, LLC; Activate Financial, LLC; David Johnson; and Laurence Chiavaro*, Case No. 3:20-cv-00697-DMS-AHG, on behalf of Blood, Hurst, & O'Reardon, LLP, Declaration submitted on February 2, 2024.

**United States District Court, Southern District of California,** *William Lessin and Carol Smalley et al, on behalf of themselves and all others similarly situated, v. Ford Motor Company*, Case No. 19-cv-1082-AJB-WVG , on behalf of McCune Law Group, Declaration submitted on December 1, 2023; Deposition on January 19, 2024; Reply Declaration submitted on April 12, 2024.

**United States District Court, Northern District of California,** *Thomas Iglesias, David Salazar, Olivia Thurman, and Bethany Torbert, individually and on behalf of all others similarly situated, v. For Life Products, LLC*, Case No. 3:21-cv-01147-TSH, on behalf of Clarkson Law Firm, Declaration submitted on November 29, 2023; Deposition on January 4, 2024.

**United States District Court, Northern District of California,** *Matthew Sinatro and Shane Winkelbauer, individually and on behalf of all others similarly situated, v. Welch Foods Inc., A Cooperative and Promotion in Motion, Inc.*, Case No. 22-cv-07028-JD, on behalf of Clarkson Law Firm, Declaration submitted on November 20, 2023; Reply Declaration submitted on December 14, 2023; Deposition on December 20, 2023; Supplemental Declaration filed March 5, 2024.

**United States District Court, Northern District of California,** *David Swartz, as an individual, on behalf of himself, the general public and those similarly situated, v. Dave's Killer Bread, Inc., and Flowers Foods, Inc.*, Case No.: 4:21-cv-10053-YGR, on behalf of Gutride Safier, LLP, Declaration submitted on November 17, 2023; Deposition on January 23, 2024; Reply Declaration submitted on March 22, 2024; Declaration submitted on February 14; Amended Declaration submitted on February 17, 2024; Deposition on March 24, 2025.

**United States District Court, Northern District of California,** *Steven C. Johnson, an individual, on behalf of himself and all others similarly situated, v. GLOCK, INC., a Georgia Corporation; Glock Ges.m.b.H, an Austrian entity; John and Jane Does I through V; ABC Corporations I-X, XYZ Partnerships, Sole Proprietorships and/or Joint Ventures I-X, Gun Component  Manufacturers I-V*, CASE NO.: 3:20-cv-08807-WHO, on behalf of Lewis and Lewis Trial Lawyers, PLC, Declaration submitted October 12, 2023; Reply Declaration submitted on April 11, 2024.

**United States District Court, Northern District of California,** *Kenneth Glassman, individually and on behalf of all others similarly situated, v. Edgewell Personal Care, LLC*, Case No. 3:21-cv-07669-RS, on behalf of Bursor & Fisher, P.A., Declaration submitted on September 14, 2023; Deposition on November 8, 2023; Reply Declaration submitted on February 12, 2024.


ECONOMICS AND TECHNOLOGY, INC.

*Statement of Qualifications – Colin B. Weir*

**United States District Court, for the Northern District of California, San Francisco,** *Tracy Howard, Adina Ringler, and Trecee Artis on behalf of themselves and those similarly situated, v. Hain Celestial Group, Inc., d/b/a Earth's Best*, Case No. 3:22-cv-00527-VC, on behalf of Gutride Safier LLP, Declaration submitted on September 5, 2023; Deposition on October 12, 2023; Reply Declaration submitted on December 13, 2023.

**Superior Court of the State of California, for the County of Alameda, Northern Division,** *Patricia Bland and Edward White, individually and on behalf of all others similarly situated, v. Premier Nutrition Corporation; and DOES 1-25, inclusive*, Case No. RG19002714, on behalf of Blood, Hurst, & O'Reardon, LLP, Deposition on September 1, 2023.

**United States District Court, Northern District of California,** *Antonio Mckinney, Clint Sundeen, and Joseph Alcantara, each individually and on behalf of all others similarly situated, v. Corsair Gaming, Inc.*, Case No. 3:22-cv-00312-CRB, on behalf of Dovel & Luner, LLP, Declaration submitted on September 1, 2023; Deposition on January 9, 2024; Declaration submitted on May 20, 2025.

**United States District Court, Northern District of California,** *Matthew Sinatro, and Jessica Prost, individually and on behalf of all others similarly situated, v. Barilla America, Inc.*, Case No: 4:22-cv-03460, on behalf of Clarkson Law Firm, Declaration submitted on August 30, 2023; Reply Declaration submitted on February 7, 2024; Declaration submitted on February 7, 2025; Deposition on April 30, 2025; Reply Declaration submitted on August 19, 2025; Deposition on September 22, 2025.

**United States District Court, for the Central District of California,** *Kathleen Cadena, et al., v. American Honda Motor Company, Inc.*, Case No. 2:18-cv-04007-MWF-MAA, on behalf of Gibbs Law Group, LLP, Declaration submitted on August 11, 2023; Deposition on September 27, 2023; Declaration submitted on December 23, 2024; Reply Declaration submitted on May 23, 2025; Deposition on June 4, 2025.

**United States District Court, for the Eastern District of Michigan,** *Edward Pistorio, Paul Murdock, Daniel Przekop, Hasan Aktulga, Sandra and Thomas Kloszewski, Randall Courtney, Corey Gerritsen, Sara Elice, Justin Bagley and Elizabeth Bagley, and Marcus Swindle on behalf of themselves and all others similarly situated, v. FCA US LLC*, Case No.: 2:20-cv-11838-SFC-RSW, on behalf of Capstone Law APC, Declaration submitted on July 31, 2023; Deposition on September 13, 2023.

**United States District Court, District of Minnesota,** *Teeda Barclay, Jay Ovsak, and Nicole Nordick, individually, and on behalf of others similarly situated, v. iFIT Health & Fitness, Inc. f/k/a Icon Health & Fitness, Inc., and Nordictrack, Inc.*, Case No. 0:19-cv-02970-ECT-DTS, on behalf of Markovits, Stock & DeMarco, LLC, Declaration submitted on July 14, 2023; Deposition on August 9, 2023; Declaration submitted on January 2, 2024.


ECONOMICS AND TECHNOLOGY, INC.

*Statement of Qualifications – Colin B. Weir*

**United States District Court, Eastern District of Michigan, Southern Division,** *Bobby Roe, et al., individually and on behalf of all others similarly situated, v. Ford Motor Company*, Case No. 2:18-cv-12528-LGM-APP, on behalf of Kessler Topaz Meltzer & Check LLP, Declaration submitted on June 28, 2023.

**United States District Court, for the Central District of California, Eastern Division**, *Sarah McCracken, Individually and on behalf of all others similarly situated, v. KSF Acquisition Corporation*, Case No. 5:22-cv-01666, on behalf of Schubert Jonckheer & Kolbe, Declaration submitted on May 24, 2023.

**United States District Court, Northern District of California, Oakland Division,** *Jonathan Rusoff and Joseph Gambino, on behalf of themselves and all others similarly situated, v. The Happy Group, Inc., a corporation; and DOES 1 through 10, inclusive*, Case No.: 4: 21-cv-08084-YGR, on behalf of The Wand Law Firm, Declaration submitted on April 11, 2023; Deposition on May 10, 2023; Reply Declaration submitted on July 18, 2023.

**United States District Court, Northern District of Illinois,** *Justin O'Connor, Stanislaw Zielinski, Daniel Fair, Bryan Smith, Jason Steen, William Fiedler, Michael Barcelona, Robert Marino, Brian Dougherty, Susan Heller, Victor M. Orndorff, and Michael McDonald on behalf of themselves and all others similarly situated, v. Ford Motor Company*, Case No. 1:19-cv-05045, on behalf of Milberg Coleman Bryson Phillips Grossman, LLC, Declaration submitted on March 30, 2023; Reply Declaration submitted on June 1, 2023; Deposition on June 15, 2023.

**United States District Court, Northern District of California, Oakland Division,** *In re: Plum Baby Food Litigation*, Case No. 21-cv-00913-YGR, on behalf of Lockridge Grindal Nauen P.L.L.P., Declaration submitted on December 20, 2022; Deposition on February 27, 2023; Declaration submitted on September 29, 2023.

**United States District Court, Northern District of California,** *Lisa M. Moore, individually and on behalf of all others similarly situated, v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC; Pfizer Inc.*, Case No. : 4:20-cv-09077-JSW, on behalf of Clarkson Law Firm and Moon Law APC, Declaration submitted on December 7, 2022; Deposition on April 13, 2023.

**United States District Court, Southern District of California,** *Montiqueno Corbett, Damaris Luciano, and Rob Dobbs, individually and on behalf of all others similarly situated, v. Pharmacare U.S., Inc.*, Case No.: 3:21-cv-00137-GPC-AG, on behalf of Milberg LLC, Declaration submitted on September 30, 2022; Declaration submitted on March 22, 2023; Deposition on April 10, 2023; Supplemental Declaration submitted on April 24, 2023; Declaration submitted on October 30, 2024.



ECONOMICS AND TECHNOLOGY, INC.

*Statement of Qualifications – Colin B. Weir*

**In the United States District Court, for the Eastern District of Texas, Sherman Division,** *William Squires, Jesse Badke, Ahmed Khalil, Michelle Nidever, John Murphy, Kevin Neuer, Nicholas Williams and Donna Sue Scott, on behalf of themselves and all others similarly situated, v. Toyota Motor Corp, Toyota Motor North America, Inc. and Toyota Motor Sales, U.S.A., Inc.*, Case No.: 4:18-cv-00138, on behalf of Berger Montague, P.C., Declaration submitted September 29, 2022; Deposition on October 27, 2022; Reply Declaration submitted December 21, 2022.

**United States District Court, Northern District of California,** *Anthony Bush, individually and on behalf of all others similarly situated, v. Rust-Oleum Corporation* Case No.: 3:20-cv-03268-LB, on behalf of Clarkson Law Firm and Moon Law, Declaration submitted on September 27, 2022; Deposition on February 8, 2023.

**United States District Court, Southern District of California,** *William D. Petterson, individually and on behalf of all others similarly situated, v. Circle K Stores Inc.*, Case No. 3:21-cv-00237-RBM-BGS, on behalf of Bursor & Fisher, P.A., Declaration submitted on September 22, 2022; Deposition on October 11, 2022.

**Superior Court of the State of California, For the County Of Santa Clara,** *Elizabeth J. VanCleave, and Katherine Hassan, individually and on behalf of a class of similarly situated individuals, v. Abbott Laboratories*, Case No. 19CV345045, on behalf of Goldstein, Borgen, Dardarian & Ho, Declaration submitted on September 19, 2022; Reply Declaration submitted on January 10, 2023; Deposition on February 1, 2023; Declaration submitted on August 29, 2024; Deposition on October 22, 2024; Supplemental Declaration submitted on October 31, 2024; Oral Testimony and Cross Examination on February 7, 2025.

**United States District Court, Southern District of New York,** *Asher Haft, Robert Fisher, and Cheryl Jones, individually and on behalf of all others similarly situated, v. Haier US Appliance Solutions, Inc. d/b/a GE Appliances*, Case No.: 1:21-cv-00506-GHW, on behalf of Milberg LLC, Declaration submitted on August 12, 2022.

**United States District Court for the District of Delaware,** *Michael Ninivaggi, Jake Mickey and Cailin Nigrelli, individually and on behalf of all others similarly situated, v. University of Delaware,* Case No. 20-cv-1478-SB, and *Hannah Russo, individually and on behalf of all others similarly situated, v. University of Delaware*, Case No. 20-cv-1693-SB, on behalf of Bursor & Fisher, P.A., Declaration submitted on July 1, 2022; Declaration submitted on August 1, 2022; Deposition on August 19, 2022; Reply Declaration submitted September 30, 2022.

**United States District Court, Central District of California,** *Kimberly Banks and Carol Cantwell, on behalf of themselves and all others similarly situated, v. R.C. Bigelow, Inc., a corporation; and DOES 1 through 10, inclusive,* Case No.: 20-cv-06208-DDP (RAOx), on behalf of The Wand Law Firm, Declaration submitted on June 17, 2022; Rebuttal Declaration submitted October 3, 2022; Declaration submitted on March 6, 2024; Deposition on May 30, 2024; Oral Testimony and Cross Examination on April 4, 2025.


ECONOMICS AND TECHNOLOGY, INC.

*Statement of Qualifications – Colin B. Weir*

**United States District Court, Central District of California,** *Mocha Gunaratna and Renee Camenforte, individually and on behalf of all others similarly situated, v. Dr. Dennis Gross Skincare, LLC, a New York Limited Liability Company*, Case No. 2:20-cv-02311-MWF-GJS, on behalf of Clarkson Law Firm, P.C.; Declaration submitted on March 30, 2022; Deposition on May 20, 2022; Reply Declaration submitted on September 22, 2022.

**Superior Court of the State of California, County of Santa Clara,** *Lance Dutcher, individually and on behalf of all others similarly situated, v. Google LLC, d/b/a YouTube, and YouTube LLC,* Case No. 20CV366905, on behalf of Bursor & Fisher, P.A., Declaration submitted on March 2, 2022; Deposition on May 17, 2022; Reply Declaration submitted on August 2, 2022; Declaration submitted on May 2, 2023.

**United States District Court, Middle District of Tennessee, Nashville Division,** *In re Nissan North America, Inc. Litigation; Lakeita Kemp, individually and on, behalf of all others similarly situated v. Nissan North America, Inc., and Nissan Motor Co., Ltd.*, Cases Nos. 3:19-cv-00843, Case No. 3:19-cv-00854, on behalf of DiCello Levitt Gutzler, Declaration submitted February 28, 2022; Deposition on August 25, 2022; Reply Declaration submitted on November 15, 2022.

**In the Court of Claims, for the State of Ohio,** *Autumn Adams, individually and on behalf of all others similarly situated v. University of Cincinnati*, Case No. 2021-00458JD, on behalf of Bursor & Fisher, P.A., Deposition on August 10, 2022; Reply Declaration submitted on November 16, 2022.

**United States District Court, Northern District of California, San Francisco Division,** *Eric Fishon, individually and on behalf, of all others similarly situated, v. Premier Nutrition Corporation f/k/a Joint Juice, Inc.*, Case No. 3:16-cv-06980-RS, on behalf of Blood, Hurst, & O'Reardon, LLP, Deposition on March 11, 2022; Oral Testimony and Cross Examination on May 31, 2022.

**United States District Court, Eastern District of Michigan,** *Chapman, et al., v. General Motors, LLC*, Case No. 2:19-cv-12333-TGB-DRG, on behalf of Hagens Berman Sobol Shapiro LLP, Declaration submitted on March 1, 2022; Deposition on April 13, 2022; Reply Declaration submitted on June 16, 2022.

**United States District Court, Central District of California,** *Terry Sonneveldt, Esther Wright Schneider, Michael Bibbo, Alan Meshberg, Brian Hume, Amie Levasseur, Jean Levasseur, Christopher Lacasse, Beth Pickerd, Dan Pickerd, Tim Halwas, Erin Matheny, Lewis Delvecchio, Jon Sowards, Lawrence Bohana, Monika Bohana, David Dennis, Jacqueline S. Aslan, Michael Gilreath, and Renatta Gilreath, individually and on behalf of all others similarly situated, v. Mazda Motor of America, Inc. D/B/A Mazda North American Operations and Mazda Motor Corporation*, Case No.: 8:19-cv-01298-JLS-KES, on behalf of Kessler Topaz Meltzer & Check, LLP, Declaration submitted on March 11, 2022; Deposition on April 4, 2022; Declaration submitted July 26, 2022.

12


ECONOMICS AND TECHNOLOGY, INC.

*Statement of Qualifications – Colin B. Weir*

**United States District Court, Southern District of California,** *Michael Testone, Collin Shanks, and Lamartine Pierre, on behalf of themselves, all others similarly situated, and the general public,v. Barlean's Organic Oils, LLC,* Case No. 3:19-cv-00169-JLS-BGS, on behalf of Law Offices of Jack Fitzgerald, Deposition on March 25, 2022.

**In The United States District Court, For the District of New Hampshire,** *Derick Ortiz, individually and on behalf of all others similarly situated, v. Sig Sauer, Inc.*, Case No.: 1:19-cv-01025-JL, on behalf of Bursor & Fisher, P.A., Oral Testimony and Cross Examination on May 4, 2022.

**United States District Court, Southern District of Florida,** *Javier Cardenas, Rodney and Pamela Baker, Michelle Monge, and Kurt Kirton, individually and on behalf of all others similarly situated, v. Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc., and Southeast Toyota Distributors, LLC*, Case No.: 18-cv-22798-CIV-FAM, on behalf of Kessler Topaz Meltzer & Check, LLP, Supplemental Declaration submitted on February 17, 2023; Oral Testimony and Cross Examination on March 7, 2023.

**Superior Court of the State of California, County of Los Angeles,** *Jeffrey Koenig, on behalf of himself and all others similarly situated, v. Vizio, Inc*., Case No. BC 702266, on behalf of Greg Coleman Law, Supplemental Declaration submitted on May 2, 2022; Deposition on May 12, 2022; Supplemental Declaration submitted January 16, 2023; Deposition on February 13, 2023.

**United States District Court, Southern District of New York,** *Anne De Lacour, Andrea Wright, and Loree Moran individually and on behalf of all others similarly situated, v. Colgate-Palmolive Co., and Tom's of Maine Inc.*, Case No. 1:16-cv-08364-RA, on behalf of Bursor & Fisher, P.A., Declaration submitted on July 22, 2022; Deposition on September 9, 2022.

Mr. Weir has provided expert testimony since 2007, served as a consultative expert in numerous proceedings that did not result in testimony, and has contributed research and analysis to numerous additional projects, publications and testimony at the state, federal, and international levels.


ECONOMICS AND TECHNOLOGY, INC.

**Exhibit 2**

**Documents Reviewed**

- Class Action Complaint, filed March 17, 2025

- Deposition Transcript of Kamran Tarar, February 11, 2026

- Declaration of J. Michael Dennis, February 23, 2026

- Sawtooth Software technical papers, available online at

http://www.sawtoothsoftware.com/support/technical-papers.

- *When "All Natural" May Not Be*, Analysis Group Forum (Winter 2013).

https://www.analysisgroup.com/Insights/ag-feature/analysis-group-forum/winter-2013-

forum/when-all-natural-may-not-be/

- *Applying Conjoint Analysis to Legal Disputes: A Case Study*, Wind, Yoram, *et al*.

- *Microsoft v. Motorola, Inc.*, 904 F.Supp.2d 1109, 1119-20 (W.D. Wash. 2012)

- *Khoday v. Symantec Corp.*, Civil No. 11-180 (JRT/TNL), 2014 WL 1281600, at *10 (D. Minn.

Mar. 13, 2014)

- *Guido v. L'Oreal, USA, Inc.*, Nos. 2:11-cv-01067-CAS (JCx), 2:11-cv-05465-CAS (JCx), 2014

WL 6603730, at *5, *10-*14 (C.D. Cal. Jul. 24, 2014)

- *Brown v. Hain Celestial Group, Inc.*, No. C 11-03082 LB, 2014 WL 6483216, at *19 (N.D.

Cal. Nov. 18, 2014)

- *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 413-15 (S.D.N.Y. 2015)

- *Sanchez-Knutson v. Ford Motor Company*, 310 F.R.D. 529, 538-39 (S.D. Fla. 2015)

- *In re: Lenovo Adware Litigation*, Case No. 15-md-02624-RMW, 2016 WL 6277245, at *21

(N.D. Cal. Oct. 27, 2016)

- *Dzielak v. Maytag*, Civ. No. 2:12-0089 (KM)(JBC), 2017 WL 1034197, at *6 (D.N.J. Mar. 17,

2017)

- *TV Interactive Data Corp. v. Sony Corp*., 929 F. Supp. 2d 1006, 1022, n.6 (N.D. Cal. 2013)

- *Dei Rossi v. Whirlpool Corp.*, No. 2:12-cv-00125-TLN-CKD, 2015 U.S. Dist. LEXIS 55574

(E.D. Cal. Apr. 27, 2015)

- *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1132 (9th Cir. 2017)

- *Fitzhenry-Russell v. Dr Pepper Snapple Group, Inc.*, 326 F.R.D. 592, 602-606, 611-612, 614-616 (2018)

- *In Re Arris Cable Modem Consumer Litig.*, 327 F.R.D. 334, 367-374 (2018)

- *Hadley v. Kellogg Sales Co.*, 324 F.Supp.3d 1084, 1103-1110 (2018)

- *Martinelli v. Johnson & Johnson*, No. 2: 15-cv-01733-MCE-DB, 2019 WL 1429653, at *3-4 (E.D. Cal. Mar. 29, 2019)

- *de Lacour v. Colgate-Palmolive Co.*, 338 F.R.D. 324, 344-345 (2021)

- *Bailey v. Rite Aid Corp.*, 338 F.R.D. 390, 403-404, 408-411 (2021)

- *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 563-567 (2020)

- *Hudock v. LG Elecs. USA, Inc.*, Civil No. 16-1220 (JRT/KMM), 2020 WL 1515233, at *15 (D. Minn. Mar. 30, 2020)

- *Banh v. American Honda Motor Co.*, Inc., Case No. 2:19-cv-05984-RGK-AS, 2020 WL 4390371, at *17-*19 (C.D. Cal. Jul. 28, 2020)

- *Koenig v. Vizio, Inc.*, Case No. BC702266 (Cal. Super. Ct. Cnty. L.A. Aug. 24, 2020)

- *Kaupelis v. Harbor Freight Tools, Inc.*, Case No. 19-1203-JVS (DFMx), 2020 WL 5901116, at *5-*6 (C.D. Cal. Sep. 23, 2020)

- *McMorrow v. Mondelez Int'l Inc.*, Case No. 17-cv-2327-BAS-JLB, 2021 WL 859137, at *3-*7 (S.D. Cal. Mar. 8, 2021)

- *Prescod v. Celsius Holdings, Inc.*, Case No. 19STCV09321 (Cal. Super. Ct. Cnty. L.A. Aug. 2, 2021)

- *Cardenas v. Toyota Motor Corp.*, Case No.: 18-cv-22798, 2021 U.S. Dist. LEXIS 152920, at *21-*23, *52-*65 (S.D. Fla. Aug. 12, 2021)

- *Bechtel v. Fitness Equipment Svcs., LLC*, No. 1:19-CV-726, 2021 WL 4147766, at *2, *16-*17 (S.D. Ohio Sep. 12, 2021)

- *Milan v. Clif Bar & Co.*, Case No. 18-cv-02354-JD, 2021 WL 4427427, at *6-*7 (N.D. Cal. Sep. 27, 2021)

- *Testone v. Barlean's Organic Oils*, Case No. 19-cv-169-JLS (BGS), 2021 WL 4438391, at *5-*6, *15-*17 (S.D. Cal. Sep. 28, 2021)

- *Johnson v. Nissan N. Am., Inc.,* 2022 WL 2869528, at *5 (N.D. Cal. July 21, 2022)

- *Sonneveldt v. Mazada*, 2022 WL 17357780 (C.D. Cal. Oct. 21, 2022)

- *Willis v. Colgate Palmolive Co.*, No. CV 19-8542 JGB (RAOx) (C.D. Cal Jan. 5, 2023), ECF No. 105

- *Chapman v. General Motors*, Case No. 2:19-CV-12333-TGB-DRG, 2023 WL 2745161 (E.D. Mich. Mar. 31, 2023)

- *Gunaratna v. Dennis Gross Cosmetology LLC*, Case No. CV 20-2311-MWF (GJSx), 2023 WL 2628620 (C.D. Cal. Mar. 15, 2023)

- *Banks v. R.C. Bigelow, Inc.*, No. 20-CV-06208 DDP (RAOx) (C.D. Cal. Jul. 31, 2023)

- *Bush v. Rust-Oleum Corp.*, Case No. 3:20-cv-03268-LB (N.D. Cal. Feb. 5, 2024), ECF No. 189, Amended Order Granting Motion for Class Certification

- *Corbett v. Pharmacare U.S. Inc.*, No. 21-cv-137-JES (AHG) (S.D. Cal.) March 29, 2024 Order

- *Vancleave v. Abbott Laboratories*, Case No. 19CV345045 (Cal. Super. Ct., Santa Clara County Apr. 5, 2024)

- *Sinatro v. Barilla America, Inc.*, No. 22-cv-03460-DMR, Dkt. No. 78 (N.D. Cal. May 28, 2024)

- *Cadena v. Am. Honda Motor Co., Inc.*, No. CV 18-4007-MWF (PJWx), 2024 WL 4005097 (C.D. Cal. Jul. 2, 2024)

- *Swartz v. Dave's Killer Bread, Inc.,* No. 4:21-cv-10053-YGR (N.D. Cal. Sept. 20, 2024) (order granting class certification) (Dkt. No. 193)

- *Wallenstein v. Mondelez Int'l, Inc.*, No. 22-cv-06033-VC, 2024 WL 4293904 (N.D. Cal. Sept. 25, 2024)

- *Lessin, et al. v. Ford Motor Co.*, Case 3:19-cv-01082-AJB-AHG, ECF No. 202 (S.D. Cal. Nov. 7, 2024) (Order re: Summary Judgment and Class Cert)

- *Jeruchim v. J.M. Smucker Co.*, No. 22-cv-06913-WHO, 2026 U.S. Dist. LEXIS 12228 (N.D. Cal. Jan. 22, 2026)

- *Getting Started with Conjoint Analysis: Strategies for Product Design and Pricing Research*, Bryan K. Orme, Research Publishers 2014

- *Estimating Consumers' Willingness to Pay for Health Food Claims: A Conjoint Analysis*, Mitsunori Hirogaki, International Journal of Innovation, Management and Technology, Vol. 4, No. 6, December 2013

- *Testing Consumer Perception of Nutrient Content Claims Using Conjoint Analysis*, Drewnowski, Adam *et al*., Public Health Nutrition: 13(5), 688–694

- *Evaluation of Packing Attributes of Orange Juice on Consumers' Intention to Purchase by Conjoint Analysis and Consumer Attitudes Expectation*, Gadioli, I. L. et al., Journal of Sensory Studies 28 (2013):57-65

- *Competition and the Regulation of Fictitious Pricing*, Staelin, R. et al., Journal of Marketing 2023, Vol. 87(6) 826-846

- *Comparative Price Advertising: Informative or Deceptive?*, Grewal, D. et al.. Journal of Public Policy & Marketing, Spring 1992, Vol. 11, No. 1, 52-62

- Sawtooth Software Annual User Survey

- Target Corporation., Form 10-K Annual Report filed with the US Securities and Exchange Commission, filed March 12, 2025

- Walmart, Inc., Form 10-K Annual Report filed with the US Securities and Exchange Commission, March 14, 2025

- Amazon.com, Inc., Form 10-K Annual Report filed with the US Securities and Exchange Commission, filed February 7, 2025

- The Home Depot, Inc., Form 10-K Annual Report filed with the US Securities and Exchange Commission, March 21, 2025

- RUGSUSA_HONG00000504

- RUGSUSA_HONG00000508

- RUGSUSA_HONG00000511

- RUGSUSA_HONG00000941

- RUGSUSA_HONG00000957

- RUGSUSA_HONG00002073

- RUGSUSA_HONG00002475

- RUGSUSA_HONG00002889

- RUGSUSA_HONG00003099

- RUGSUSA_HONG00003961

- RUGSUSA_HONG00005219

- RUGSUSA_HONG00005688-A

- RUGSUSA_HONG00005689-A

- RUGSUSA_HONG00005691

- RUGSUSA_HONG00005692

- RUGSUSA_HONG00005693

- RUGSUSA_HONG00005694

- RUGSUSA_HONG00005695

- RUGSUSA_HONG00005696