Jonas Jacobson (OSB No. 231106)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)*
simon@dovel.com
Stephen Ferruolo (Cal. Bar No. 364158)*
sferruolo@dovel.com
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Tel: (310) 656-7066
Facsimile: +1 (310) 656-7069

Julian C. Diamond (NY Bar No. 5836846)*
jdiamond@bursor.com
Bursor & Fisher, P.A.
1330 Avenue of the Americas, New York, NY 10019
Tel: (646) 837-7011
Facsimile: (212) 989-9163

*Attorneys for Plaintiff*

* Admitted *Pro Hac Vice*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KEIRA MCCARRELL, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>RUGSUSA, LLC,<br><br>*Defendant*. | Case No. 3:25-cv-00454-AB<br><br>**DECLARATION OF JULIAN C. DIAMOND IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL** |

I, Julian C. Diamond, declare:

1.    I am an attorney at the law firm Bursor & Fisher, P.A. and counsel for Plaintiff in this action.

2.    Bursor & Fisher, P.A. ("Bursor & Fisher") has significant experience in litigating class actions of similar size, scope, and complexity to the instant action.  See Firm Resume of Bursor & Fisher, a true and accurate copy of which is attached hereto as Exhibit 1.

3.    Further, since December 2010, Bursor & Fisher has been court-appointed Class Counsel or Interim Class Counsel by numerous courts across the country.  *See, e.g., In re Sensa Weight Loss Litig*., Case No. 4:11-cv-01650-YGR (N.D. Cal. Mar. 2, 2012); *In re Haier Freezer Consumer Litig*., 2013 WL 2237890 (N.D. Cal. May 21, 2013); *Hendricks v. StarKist Co*., Case No. 4:13-cv-00729-HSG (N.D. Cal. July 23, 2015); *In re NVIDIA GTX 970 Graphics Card Litig*., Case No. 3:15-cv-00760-CRB (N.D. Cal. May 8, 2015); *McMillion v. Rash Curtis & Associates*, Case No. Case 4:16-cv-03396-YGR (N.D. Cal. Sep. 6, 2017); *Lucero v. Solarcity Corp*., Case No. 3:15-CV-05107-RS (N.D. Cal. Sep. 15, 2017); Gasser v. Kiss My Face, LLC (N.D. Cal. Oct. 23, 2017); *West v. California Service Bureau*, Case No. 4:16-cv-03124-YGR (N.D. Cal. Sep. 12, 2018); *Fischer, et al. v. Instant Checkmate LLC, No*. 19-cv-04892, 2022 WL 971479 (N.D. Ill. Mar. 31, 2022); *Krause v. RocketReach*, No. 21-cv-01938 (N.D. Ill., Sept. 12, 2023).

4.    Bursor & Fisher has also been recognized by courts across the country for its expertise in litigating Rule 23 class action claims to trial.  *See, e.g., Ebin v. Kangadis Food Inc.,* 297 F.R.D. 561, 566 (S.D.N.Y. Feb. 25, 2014) ("Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims. … The firm has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in five class action jury trials since 2008.*"); In re Welspun Litigation*, Case No. 16-

PAGE 1 – DIAMOND DECLARATION

cv-06792-RJS (S.D.N.Y. Jan. 26, 2017) (appointing Bursor & Fisher interim lead counsel to represent a proposed nationwide class of purchasers of mislabeled Egyptian cotton bedding products).

5.      Bursor & Fisher also has an active civil trial practice, having won multi-million dollar verdicts or recoveries in six of six civil jury trials since 2008.  For example, while serving as lead trial counsel in *Thomas v. Global Vision Products, Inc.*, our named partners, Scott Bursor and Tim Fisher, obtained a $50 million jury verdict in favor of the plaintiff and class.  In another example, in *Ayyad v. Sprint Spectrum, L.P.*, Bursor & Fisher obtained a $299 million trial verdict for a class of Sprint customers on a claim for unjust enrichment.  In *McMillion v. Rash Curtis & Associates*, Bursor & Fisher won a class action jury trial for claims under the Telephone Consumer Protection Act and secured a $267 million judgment.

6.      Bursor & Fisher has no conflicts with class members and is committed to vigorously prosecuting this case. If appointed class counsel, Bursor & Fisher will continue to vigorously prosecute this case to obtain the best possible result for the Class.

7.      Attached as Exhibit 2 (filed under seal) is a true and correct copy of excerpts (51:22-52:10; 70:6-13; 70:16-19; 71:12-16; 74:21-75:1) from the deposition transcript of David McManic, Rugs USA's Vice President of Pricing and Merchandise Planning and 30(b)(6) representative in this case, conducted on February 5, 2026.

8.      Attached as Exhibit 3 (filed under seal) is a true and correct copy of excerpts (44:18-23; 88:1-19; 109:18-112:6; 115:9-11; 116:17-117:3, 118:5-11) from the deposition transcript of Parham Hadian, Rugs USA's Chief Revenue Office and 30(b)(6) representative in this case, conducted on February 6, 2026.

9.      In accordance with D. Or. L.R. 7-1(a)(1)(A), Plaintiff twice attempted to confer with Defendant's counsel via Zoom, however Defendant's counsel willfully refused to

PAGE 2 – DIAMOND DECLARATION

participate in a meet and confer to resolve the dispute.  Specifically, on February 18, 2026, Plaintiff's counsel Stephen Ferruolo asked Defendant's counsel, Abby Meyer (who is a partner with daily involvement in the case) if she would be available to "to discuss Plaintiff's Motion for Class Certification in the matter of *McCarrell v. RugsUSA, LLC* in the District of Oregon as required for motions practice under LR 7-1" at 9:30 am PT on February 20. Ex. 4.

10.    Another one of Defendant's counsel, Craig Cardon, replied that the meet and confer could not go forward without him and that he was only available on Monday, February 23.  In this same email, Craig Cardon stated "[t]hat should give you time to provide us with a written description of the motion and the specific bases for it so that we can have an informed meet and confer."  Ex. 5.  This statement surprised Plaintiff's counsel because a written description of the motion is not part of D. Or. L.R. 7-1(a)(1)(A) which only mentions that the parties make a "good faith effort through personal or telephone conferences to resolve the dispute."

11.    On February 19, Plaintiff's counsel agreed to Defendant's counsel's proposed meet and confer date of February 23 and sent a Zoom invitation. Ex. 6.

12.    On the morning of February 23, Craig Cordon announced he could not proceed with the scheduled meet and confer.  The purported basis of this announcement was that Plaintiff did not provide Defendant with a written description of the basis for the proposed motion by close of business last week.  However, this was false, as none of Defendant's counsel had put a timeline on their unilaterally imposed requirement that Plaintiff must provide a written description of the motion, nor did Plaintiff's counsel agree to do so. Ex. 7.

13. Plaintiff's counsel and Defendant's counsel continued to send emails back and forth in which Defendant's counsel confirmed repeatedly that they would not attend any meet and confer even after Plaintiff's counsel provided a written description of the class certification

PAGE 3 – DIAMOND DECLARATION

motion. Plaintiff's counsel ultimately waited for 12 minutes for Defendant's counsel to arrive at the scheduled meet and confer.  However, Defendant's counsel never appeared. Exs. 8-21.

Dated: February 23, 2026                    Respectfully submitted,

                                            By: */s/ Julian C. Diamond*
                                                Julian C. Diamond

PAGE 4 – DIAMOND DECLARATION