# EXHIBIT 11

Case 3:25-cv-00454-AB Bursor & Fisher, P.A. Mail - McCarrell v. RugsUSA Meet and Confer Re Plaintiff's Motion for Class Certification Document 53-11 Filed 02/23/26 Page 2 of 2



Julian Diamond <jdiamond@bursor.com>

## McCarrell v. RugsUSA Meet and Confer Re Plaintiff's Motion for Class Certification

**Craig Cardon** <ccardon@sheppard.com>                    Mon, Feb 23, 2026 at 1:28 PM
To: Matthew Girardi <mgirardi@bursor.com>
Cc: Stephen Ferruolo <sferruolo@dovel.com>, Abby Meyer <ameyer@sheppard.com>, Rana Salem <rsalem@sheppard.com>, Rick Lyon <rick@dovel.com>, Simon Franzini <simon@dovel.com>, Gabe Doble <gabe@dovel.com>, Jonas Jacobson <jonas@dovel.com>, Julian Diamond <jdiamond@bursor.com>, Pica Mellquist <pica@dovel.com>

Matt,

Telling us that we will know the basis for your proposed motion "once we file the actual motion" is clearly not a good faith effort at a pre-filing meet and confer.   A motion for class certification is a complex evidentiary motion, which as you acknowledge is based upon more than the allegations of the complaint.  Expecting us to be able to meaningfully respond in a 30 minute call to whatever you may tell us on the call without providing us with a written summary beforehand would appear to be bad faith.   For example, if you tell us that you expect to satisfy a rule 23 element with a particular document, we can't be expected to meaningful review that document and meaningfully provide our perspective while on the spot on the call.  Presumably you will rely on more than one document and will also rely on materials that we have never even seen.

I told you last week that we would only participate in a call today if you provided a written summary of the basis for the proposed motion by the end of business last Friday.  You made a choice not to provide this reasonably requested information.  When you cited allegations in the complaint this morning, I told you we would alternatively proceed if you agree that you will not rely on anything other than the complaint.  You have refused to do that, so my statement from last week holds – we required you to provide us with a written summary of the bases for your proposed motion to proceed with a call.  Sending us a calendar meeting for a call when you had no intention of providing the requested summary is commonly referred to as a "bum's rush", which is far from good faith.   We made our position clear last week and you chose to ignore it.

Regards,

Craig

[Quoted text hidden]