# EXHIBIT 13



Julian Diamond <jdiamond@bursor.com>

# McCarrell v. RugsUSA Meet and Confer Re Plaintiff's Motion for Class Certification

**Matthew Girardi** <mgirardi@bursor.com>                                Mon, Feb 23, 2026 at 2:07 PM
To: Craig Cardon <ccardon@sheppard.com>
Cc: Stephen Ferruolo <sferruolo@dovel.com>, Abby Meyer <ameyer@sheppard.com>, Rana Salem <rsalem@sheppard.com>, Rick Lyon <rick@dovel.com>, Simon Franzini <simon@dovel.com>, Gabe Doble <gabe@dovel.com>, Jonas Jacobson <jonas@dovel.com>, Julian Diamond <jdiamond@bursor.com>, Pica Mellquist <pica@dovel.com>, Stephen Beck <sbeck@bursor.com>, Neal Deckant <ndeckant@bursor.com>

Craig,

The local rules are very clear that we are not required to do what you're saying.  I asked if you had any authority supporting your position, and you provided none.

All that the local rules require is that we make "a good faith effort through personal or telephone conferences to resolve the dispute." L.R. 7-1 (a)(1)(A).  Because a class certification motion is not dispositive, we are not required to "discuss each claim, defense, or issue that is the subject of the proposed motion."  *Cf.* L.R. 7-1 (a)(2).

We are excused from any conferral requirements when "[t]he opposing party willfully refused to confer." L.R. 7-1 (a)(1)(B).

**I ask once again: is Defendant refusing to attend the conferral?  Please advise.**

Thank you,

Matt
[Quoted text hidden]