# EXHIBIT 19

Case 3:25-cv-00454-AB   Document 53-19   Filed 02/23/26   Page 2 of 2



Julian Diamond <jdiamond@bursor.com>

---

## McCarrell v. RugsUSA Meet and Confer Re Plaintiff's Motion for Class Certification

---

**Matthew Girardi** <mgirardi@bursor.com>                                    Mon, Feb 23, 2026 at 3:43 PM
To: Craig Cardon <ccardon@sheppard.com>
Cc: Stephen Ferruolo <sferruolo@dovel.com>, Abby Meyer <ameyer@sheppard.com>, Rana Salem <rsalem@sheppard.com>, Rick Lyon <rick@dovel.com>, Simon Franzini <simon@dovel.com>, Gabe Doble <gabe@dovel.com>, Jonas Jacobson <jonas@dovel.com>, Julian Diamond <jdiamond@bursor.com>, Pica Mellquist <pica@dovel.com>, Stephen Beck <sbeck@bursor.com>, Neal Deckant <ndeckant@bursor.com>

Craig,

My statement that "The written basis [for our certification motion] will be laid out once we file the actual motion" merely stated that the motion itself will have the fulsome argument (which should be obvious). Your reading of it as a refusal to provide any basis for our motion during the conferral process ignores the entirety of the remainder of that same email, where I (1) put the basis for our motion in writing (that "**based on the nature of the allegations in the Complaint, the materials produced in discovery, and the testimony of our experts, we believe that we have met every factor under Rule 23(a) and Rule 23(b)(3). Namely, there is numerosity, commonality, typicality, adequacy of counsel and the plaintiff, predominance, and superiority**.") and (2) stated that "[i]f you need further clarification, we are happy to provide it on our call today."

I am going to reiterate one more time that we will be on the call at 1:30 pm PT today to attempt to meet our conferral obligations. We hope to speak with you then.

Best,

Matt

[Quoted text hidden]