P. Craig Cardon (CA 168646)*
Kevin M. Murphy (CA 346041)*
Rana Salem (CA 358050)*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
T: 310.228.3700 / F: 310.228.3701
ccardon@sheppard.com
kemurphy@sheppard.com
rsalem@sheppard.com

Abby H. Meyer (CA 294947)*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626
T: 714.513.5100 / F: 714.513.5130
ameyer@sheppard.com

[COUNSEL CONTINUED ON NEXT PAGE]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KEIRA McCARRELL, individually and on behalf of all others similarly situation,<br><br>   Plaintiff,<br><br> v.<br><br>RUGSUSA, LLC,<br><br>   Defendant. | Case No. 3:23-cv-00454-AB<br><br>**DECLARATION OF DAVID MCMANIC IN SUPPORT OF DEFENDANT RUGSUSA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL** |

SMRH:4913-5672-5669.2

Timothy W. Snider, OSB 034577
Nicholas R. Bottcher, OSB 245683
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
timothy.snider@stoel.com
nicholas.bottcher@stoel.com
T: 503.224.3380

*Attorneys for Defendant, RugsUSA, LLC*

*Admitted *Pro Hac Vice*

SMRH:4913-5672-5669.2

## DECLARATION OF DAVID MCMANIC

I, DAVID MCMANIC, declare as follows:

1.    I am VP of Pricing and Merchandise Planning for RugsUSA, LLC ("RugsUSA"). I have served in this role since approximately December 2023.  In this role, I am responsible for, among other things, running analyses to recommend and establish the pricing for products sold on the RugsUSA website.

2.    I submit this declaration in support of RugsUSA's Opposition to Plaintiff's Motion for Class Certification and Appointment of Class Representative and Class Counsel (the "Opposition").  I make this declaration based on my personal knowledge, my review of records available to me as they are kept in the ordinary court of RugsUSA's business, information obtained from RugsUSA employees upon whom I regularly rely in the ordinary course of business, and my knowledge of RugsUSA's practices outlined below, all of which is known to me to be true and correct. If called as a witness, I could and would competently testify as follows:

3.    RugsUSA uses a "compare at" pricing model on its website, which is disclosed to consumers in what is referred to internally as a "tool tip"—an encircled question mark displayed immediately adjacent to the stricken-through price on product pages.  The tool tip was added to the RugsUSA website on or about October 12, 2023, and is displayed in conjunction with stricken-through prices.  The tool tip states:

> *Compare at Price indicates that the item (which may include a different color or pattern) was offered by other retailers at or above that price in the past 90 days. Compare at Price may not be the prevailing market price for an item.*

4.    RugsUSA ███████████████████████████████ ████████████████████████████████████████. RugsUSA does not have access to information confirming whether third-party retailers sold products at the prices

reflected in its collected data. RugsUSA's ████████████████████ ████ for a given product, and ███████████████████████████.

5.      I have reviewed the product listing that was displayed on RugsUSA.com in connection with Plaintiff Keira McCarrell's purchase of a rug on or about June 27, 2024. Plaintiff purchased an "Opar Flora Washable Abstract Rug." On the date of Plaintiff's purchase, the product listing for that rug displayed a stricken-through list price of $183.19 and a compare-at clearance price of $147.99. I have also reviewed the product listing for Anna Hong (in the California litigation) and Evelin Preciado (in the Colorado litigation). On the dates of their purchases, the RugsUSA website would not have displayed stricken-through prices for the products that they purchased.

6.      At the time that Plaintiff Keira McCarrell made her purchase of a clearance product, RugsUSA.com was messaging a sitewide promotion event for the Fourth of July holiday. This event did not require a coupon code. Additionally, it was messaging a 40% off coupon code (SALE40) that could only be used on clearance products.

7.      As of June 2024, coupon code events could apply to either all non-customizable products including clearance products, or to only clearance products. In July 2024, however, RugsUSA changed this practice so that coupon codes only apply to clearance products when specifically stated in the promotion.

8.      RugsUSA's sitewide promotions that require a coupon code cannot be combined or "stacked" with other types of promotional coupons. The four most common categories of non-stackable promotional coupons are:

(a)      **Sitewide and Product Coupons**: Available to all customers who visit the website and typically advertised as "Take an additional X% off" either sitewide or to a select group

of items.  These coupons may be auto-applied upon adding a product to the cart, or may require the customer to manually enter the coupon code at check-out.  They cannot be used with other coupon codes such as those listed below.

(b)    **Affiliate Coupons**.  Affiliate coupons are distributed to consumers by third-party affiliate partners (e.g., RetailMeNot, HostGPO, and Rakuten) and operate separately from any sitewide promotion running on the RugsUSA website.  When a consumer attempts to apply an affiliate coupon to a transaction that already has a sitewide promotion applied, the website will automatically remove the sitewide promotion, or vice versa.  The consumer may select only one or the other—not both.

(c)    **Email Coupons**.  When a customer signs up to receive RugsUSA marketing emails, they may receive a promotional code by email.  Like affiliate coupons, email promotional codes cannot be combined with a sitewide promotion running on RugsUSA.com.

(d)    **Influencer-Specific Coupons**.  RugsUSA also partners with various social media influencers who provide their followers with unique promotional codes.  These influencer-specific codes cannot be combined with sitewide promotions.

9.    While coupon codes cannot be stacked within a single transaction, RugsUSA does not prevent a customer from splitting a purchase into multiple separate transactions in order to take advantage of multiple available coupons.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 30, 2026, at ___Ellicott City, Maryland_____.

Signed by:

David McManic

7500FDC70D4D406...

DAVID MCMANIC