P. Craig Cardon (CA 168646)*
Kevin M. Murphy (CA 346041)*
Rana Salem (CA 358050)*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
T: 310.228.3700 / F: 310.228.3701
ccardon@sheppard.com
kemurphy@sheppard.com
rsalem@sheppard.com

Abby H. Meyer (CA 294947)*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626
T: 714.513.5100 / F: 714.513.5130
ameyer@sheppard.com

[COUNSEL CONTINUED ON NEXT PAGE]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KEIRA McCARRELL, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>RUGSUSA, LLC,<br><br>        Defendant. | Case No. 3:25-cv-00454-AB<br><br>**DEFENDANT RUGSUSA, LLC'S MOTION FOR LIVE CROSS-EXAMINATION OF EXPERTS AT THE CLASS CERTIFICATION HEARING** |

Timothy W. Snider, OSB 034577
Nicholas R. Bottcher, OSB 245683
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
timothy.snider@stoel.com
nicholas.bottcher@stoel.com
T: 503.224.3380

*Attorneys for Defendant, RugsUSA, LLC*

*Admitted *Pro Hac Vice*

Defendant RugsUSA, LLC ("RugsUSA") hereby submits this Motion for Live Cross-Examination of Experts at the Class Certification Hearing ("Motion").  RugsUSA requests that the Court permit live cross-examination and redirect of Plaintiff Keira McCarrell's ("Plaintiff") experts, Bruce G. Silverman ("Silverman"), Colin B. Weir ("Weir"), and J. Michael Dennis ("Dennis") at the class certification hearing.  Should Plaintiff wish to cross-examine RugsUSA's expert, Dr. Keith R. Ugone ("Dr. Ugone"), RugsUSA will make Dr. Ugone available at the same hearing and requests that it be permitted to conduct a redirect.[1]

## I.    **RELEVANT BACKGROUND**

Plaintiff seeks to certify a class of Oregon consumers who purchased RugsUSA products advertised at a discount on RugsUSA's website during the proposed class period.  Plaintiff submitted expert reports from Silverman (Dkt. 55), Dennis (Dkt. 56), and Weir (Dkt. 57) in support of her certification request.  RugsUSA submitted a rebuttal report from Dr. Ugone.  As the parties' class certification briefing and expert reports make clear, the experts fundamentally disagree with each other on critical issues bearing directly on whether class certification is appropriate.  These disputes should not be resolved on the papers alone; they demand the scrutiny that only live cross-examination can provide.

## II.    **THE MOTION SHOULD BE GRANTED**

Courts must conduct a "rigorous analysis" to determine whether the prerequisites for class certification are met.  *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). This rigorous analysis "requires judging the persuasiveness of the evidence presented for and against certification," i.e.,

---

[1] RugsUSA requested that Plaintiff stipulate to this request. The parties' counsel conducted a meet and confer via Zoom videoconference on May 19, 2026 and exchanged additional meet and confer correspondence thereafter via email.  Following that good faith meet and confer effort, Plaintiff opposes the order sought by this Motion.

the weight of the evidence and testimony. *Bailey v. Rite Aid Corp.*, 338 F.R.D. 390, 406-07 (N.D. Cal. 2021) (quotations omitted). This necessarily includes expert evidence. *In re Lidoderm Antitrust Litig.*, 2017 WL 679367, at *7 (N.D. Cal. Feb. 21, 2017) ("At class certification, a court must determine whether the expert's evidence supporting certification is persuasive following a rigorous analysis of the same"). The gold standard for judging the persuasiveness of evidence is "'vigorous cross-examination.'" *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1237 (9th Cir. 2017). Indeed, cross examination is one of the traditional "safeguards of the adversary system" used to "'attack[] shaky but admissible evidence.'" *Id.* Accordingly, courts permit—and sometimes even require—evidentiary hearings at class certification, where the parties can cross-examine opposing experts. *See In re Wells Fargo Mortg. Discrimination Litig.*, 794 F. Supp. 3d 662, 665 (N.D. Cal. 2025) (stating that the court held "class certification proceedings, which included a concurrent expert evidentiary hearing with respect to the expert opinions submitted in conjunction with the parties' Rule 23 arguments"); *Morrison v. Booth*, 730 F.2d 642, 643 (11th Cir. 1984) (requiring "the court to conduct an evidentiary hearing on class certification when there is any doubt about the issue"); *Merrill v. S. Methodist Univ.*, 806 F.2d 600, 608 (5th Cir. 1986) (noting that "the district court should ordinarily conduct an evidentiary hearing on" class certification).

Such hearings benefit the parties by distilling the issues and allowing the court to judge the persuasiveness of the experts' opinions. In *Somers v. Apple, Inc.*, 258 F.R.D. 354 (N.D. Cal. 2009), for example, the district court held an expert evidentiary hearing that proved critical to its assessment of whether the plaintiff's expert's proposed methodologies for establishing class-wide damages were viable. *Id.* at 360. It was only through live testimony that the court discovered the plaintiff's expert could only vaguely explain how he might prove damages and was forced to admit

on cross examination that "he had never successfully employed a regression model to an indirect purchaser antitrust class action." *Id.* at 360-61. In contrast, the defendant's expert "gave specific testimony about how regression models work" and "the difficulties of constructing such a model" for the case. *Id.* at 360. The evidentiary hearing—and the live cross-examination it afforded—ultimately "highlighted" deficiencies in the plaintiff's case that the papers alone could not have revealed, leading the court to conclude that the plaintiff had failed to meet her burden on class certification. *Id.* at 361.

This case presents precisely the circumstances in which an evidentiary hearing is warranted. The parties' experts are sharply divided on issues central to class certification, and the Court's rigorous analysis demands more than a review of competing paper reports. As in *Somers*, live cross-examination will expose the strengths and weaknesses of each expert's methodology and conclusions in a way that written submissions simply cannot. A live hearing will also afford the Court the opportunity to pose its own questions to the experts, which will aid the court in conducting a rigorous analysis of the issues. RugsUSA therefore respectfully requests that the Court direct that a portion of the class certification hearing be devoted to live cross-examination and redirect of Silverman, Weir, and Dennis on their opinions offered in support of class certification, and that Plaintiff be permitted to conduct live cross-examination of Dr. Ugone at the same hearing if Plaintiff so elects.

-6-

DATED: May 22, 2026

SHEPPARD, MULLIN, RICHTER &  HAMPTON LLP


By: _____/s/ P. Craig Cardon_____

P. Craig Cardon*
ccardon@sheppard.com
Kevin Murphy*
kemurphy@sheppard.com
Rana Salem*
rsalem@sheppard.com
Abby H. Meyer*
ameyer@sheppard.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: 310.228.3700

STOEL RIVES LLP

Timothy W. Snider, OSB No. 034577
timothy.snider@stoel.com
Nicholas R. Bottcher, OSB No. 245683
nicholas.bottcher@stoel.com
Telephone: 503.224.3380

*Attorneys for Defendant RugsUSA, LLC*
\* Admitted *Pro Hac Vice*