P. Craig Cardon (CA 168646)*
Kevin M. Murphy (CA 346041)*
Rana Salem (CA 358050)*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
T: 310.228.3700 / F: 310.228.3701
ccardon@sheppard.com
kemurphy@sheppard.com
rsalem@sheppard.com

Abby H. Meyer (CA 294947)*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626
T: 714.513.5100 / F: 714.513.5130
ameyer@sheppard.com

[COUNSEL CONTINUED ON NEXT PAGE]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KEIRA McCARRELL, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>RUGSUSA, LLC,<br><br>        Defendant. | Case No. 3:25-cv-00454-AB<br><br>**DEFENDANT RUGSUSA, LLC'S MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERT COLIN WEIR**<br><br>ORAL ARGUMENT REQUESTED |

Timothy W. Snider, OSB 034577
Nicholas R. Bottcher, OSB 245683
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
timothy.snider@stoel.com
nicholas.bottcher@stoel.com
T: 503.224.3380

*Attorneys for Defendant, RugsUSA, LLC*

*Admitted *Pro Hac Vice*

## I.    __INTRODUCTION__[1]

In his expert report dated February 23, 2026 (the "**Report**" at Dkt. 50), Plaintiff's expert, Colin B. Weir, offers two categories of opinions relating to his proposed damages models that fail to satisfy the relevance and reliability requirements of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

First, Mr. Weir proposes a "Product Return Model" (Report ¶ 60) that purports to calculate, on a classwide basis, the prices paid by class members for purposes of providing a "full refund" upon return of the products. This model should be excluded as both irrelevant and unreliable. It is irrelevant because a "full refund" without any offset for the value received by the purchaser is not an available remedy under Oregon law, which requires that a party seeking rescission restore the opposite party to the status quo ante. It is unreliable because Mr. Weir's entire proposal consists of a single conclusory sentence devoid of any explanation of his methodology, the specific data he intends to rely upon, or the scientific or analytical principles underlying his proposed calculations.  Since Plaintiff is withdrawing her request for recission and restitution damages (*see* Dkt. 70, p. 4 n.2), excluding this opinion should not be contested.

Second, Mr. Weir's opinions regarding his proposed "Price Premium Damages" model (Report ¶¶ 11, 15, 30-38, 55-57) are entirely dependent upon the proposed conjoint analysis of Plaintiff's other expert, Dr. J. Michael Dennis. As set forth in RugsUSA's contemporaneously filed Motion to Exclude Opinions and Testimony of Plaintiff's Expert Dr. J. Michael Dennis (the "**Dennis Motion**"), Dr. Dennis's proposed conjoint analysis suffers from fatal methodological

---

[1]  Pursuant to Civil Local Rule 7-1(a), the undersigned counsel for RugsUSA certifies that RugsUSA and Plaintiff met and conferred regarding this Motion via a Zoom teleconference on May 26, 2026 and made a good faith effort to resolve the dispute but have been unable to do so.

flaws that render it unreliable.  Because Mr. Weir's Price Premium Damages opinions are built entirely upon Dr. Dennis's flawed foundation, they are likewise unreliable and must be excluded.

Accordingly, RugsUSA respectfully requests that the Court exclude Mr. Weir's opinions set forth in paragraphs 11, 15, 30-38, 55-57 and 60 of the Report, together with any related testimony, from the Court's analysis of Plaintiff's motion for class certification (Dkt. 47).

## II.     LEGAL STANDARD

"In evaluating challenged expert testimony in support of class certification, a district court should evaluate admissibility under the standard set forth in *Daubert*."  *Grodzitsky v. Am. Honda Motor Co.*, 957 F.3d 979, 984 (9th Cir. 2020) (quoting *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1006 (9th Cir. 2018)) (cleaned up).  Specifically, "the district court judge must ensure that all admitted expert testimony is both relevant and reliable."  *Id.*  "[E]xpert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule."  Fed. R. Evid. 702 advisory committee's note to 2023 amendment.

As to the relevance inquiry, Rule 702(a) requires that the expert's opinion "help the trier of fact to understand the evidence or to determine a fact in issue."   Rule 702(a)'s relevance inquiry has been construed as one of "helpfulness" or "fit." *Daubert*, 509 U.S. at 591; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry." *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022).

As to reliability, "[a] trial court has broad latitude not only in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011).  Although class action plaintiffs may attempt to "rely on an unexecuted damages model to demonstrate that damages are

susceptible to common proof", they must still establish "by a preponderance of the evidence, that the model will be able to *reliably* calculate damages in a manner common to the class at trial." *Lytle v. Nutramax Lab'ys, Inc.*, 114 F.4th 1011, 1024 (9th Cir. 2024) (emphasis added).  Where there is "too great an analytical gap between the data and the opinion proffered" it is not reliable and should be excluded.  *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

## III.    MR. WEIR'S OPINIONS AND TESTIMONY REGARDING THE PROPOSED "PRODUCT RETURN MODEL" SHOULD BE EXCLUDED (PARA. 60)

### A.    Mr. Weir's Proposed "Product Return Model" Does Not Fit Plaintiff's Alleged Harm, Or Oregon Law, And Is Therefore Irrelevant

"Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591.  To be sufficiently relevant, the expert opinion evidence must "logically advance[] a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharms.*, 43 F.3d 1311, 1315 (9th Cir. 1995) (*Daubert II*).  Relevancy therefore "depends on the particular law at issue." *Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014).  As noted above, Plaintiff has withdrawn her request for recission and restitution damages.

Here, Mr. Weir proposes in one sentence of his Report that he can "calculate, on a classwide basis, the original purchase prices that class members paid and that would need to be refunded to each class member who returns the products using Defendant's line item reports, which include this information as discussed above." (Report ¶ 60.)  However, Mr. Weir's proposed "Product Return Model" – which simply proposes a "full refund" of the Products' purchase price – does not fit any of the remedies applicable to Plaintiff's claims.

As set forth in Plaintiff's motion for class certification, she proposes that putative class members should "have the option to return the Products in exchange for a full refund."  (Dkt. 47, p. 20.)  But Plaintiff's proposed "refund" approach is based on the false notion that Oregon law

permits a plaintiff bringing claims for breach of contract and/or violation of the UTPA to seek the remedy of *nonrestitutionary* disgorgement (i.e., return of a product's purchase price without the offset for any benefits received by the purchasing party).

Although Plaintiff argues that "rescission with complete restitution can be an appropriate remedy," citing *Spann* out of California (Dkt. 47, p.19), her argument ignores that California courts have since "expressly ruled a full refund is unavailable to plaintiffs who obtain value from the deceptively advertised product." *Duvall v. Haier US Appliance Sols., Inc.*, 2026 U.S. Dist. LEXIS 80851, at *31, 2026 WL 986263 (N.D. Cal. Apr. 13, 2026); *see also Chowning v. Kohl's Dep't Stores, Inc.*, 735 F. App'x 924, 925 (9th Cir. 2018); *Brazil v. Dole Packaged Foods, LLC*, 660 F. App'x 531, 534 (9th Cir. 2016); *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 24 n.14 (1979). Moreover, under Oregon law, "[t]he goal of rescission is to restore the parties to the status quo ante." *Phelps v. 3PD, Inc.*, 261 F.R.D. 548, 563 (D. Or. 2009), citing *State v. Pettit*, 73 Or. App. 510, 513 (1985).

Here, Plaintiff does not (and cannot) argue that the Products are worthless. To the contrary, Plaintiff has unequivocally confirmed that she has received value from the rug that she purchased. (Dkt. 65-3, 32:22-24.) Before Plaintiff's transaction, RugsUSA had a brand new, unused rug in its inventory. (Accord, Ugone Rebuttal Report, Dkt. 65-1 ("Ugone Report") ¶ 150.) Return of Plaintiff's rug to RugsUSA now for a "full refund" would not restore RugsUSA to the status quo ante. Thus, the only available measure of restitution in this action is limited to the difference between what the Plaintiff paid and the value of what the Plaintiff received. But Mr. Weir's proposed "Product Return Model" model improperly fails to account for *either* the value received by customers from using the Products *or* the diminution in the value of the Products to RugsUSA as a result of their use.

Because Oregon law does not support Plaintiff's attempt to obtain a "full refund" in this action, Mr. Weir's proposed "Product Return Model" does not fit any of the remedies applicable to Plaintiff's claims and should be excluded as irrelevant.

**B.      Mr. Weir's One-Sentence Assertion That He Can Create A "Product Return Model" Is Not Reliable**

Under *Daubert*, expert opinion is only reliable if it is "scientifically valid" and based on "reasoning or methodology [that] properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 593. "Merely gesturing at a model or describing a general method will not suffice" to satisfy the reliability standard at the class certification stage. *Lytle*, 114 F.4th at 1032.

Here, even if Mr. Weir's proposed "Product Return Model" were relevant to the issues in this litigation (it is not), his one-sentence proposal fails to demonstrate that it is *reliable*. Rather, Mr. Weir merely asserts "I can calculate, on a classwide basis, the original purchase prices that class members paid and that would need to be refunded to each class member who returns the products using Defendant's line item reports, which include this information as discussed above." (Report ¶ 60.) But, Mr. Weir makes no effort to explain *how* he intends to perform this calculation on a transaction-by-transaction basis, *what* specific information in "Defendant's line item reports" he proposes to rely upon, or *which* established methodological or scientific principles he will employ in executing his proposed model.

Without any of this detail, there is no way to evaluate Mr. Weir's proposal and his opinion amounts to nothing more than bare speculation and *ipse dixit*. *Joiner*, 522 U.S. at 146 ("[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."); *Lytle*, 114 F.4th at 1032. Accordingly, Mr. Weir's proposed "Product Return Model" should be additionally excluded on the grounds that it is unreliable.

IV.    **MR. WEIR'S OPINIONS AND TESTIMONY RELATED TO "PRICE PREMIUM" DAMAGES, WHICH RELY ON THE UNRELIABLE DENNIS CONJOINT SURVEYS, SHOULD ALSO BE EXCLUDED (PARAS. 11, 15, 30-38, 55-57)**

Throughout his Report, Mr. Weir repeatedly relies on the proposed conjoint analysis of Plaintiff's expert, Dr. Michael Dennis, to support his opinions regarding his proposed "Price Premium Damages" model.  (*See* Report ¶ 11, "I propose to calculate Price Premium Damages using conjoint analysis (wherein consumers would receive the difference in value between what they paid and what they would have but for Defendant's challenged conduct) *based upon the work of Dr. Michael Dennis*." (emphasis added); *see also id.* ¶¶ 15, 30-38, 55-57.)  However, as further set forth in the Dennis Motion, Dr. Dennis's proposed conjoint surveys suffer from fatal flaws which render them irrelevant and unreliable because: (1) Dr. Dennis ignored the subjective standard applicable to Plaintiff's UTPA claims and instead attempted to put forward a "one size fits all" model; (2) inexplicably omitted key context provided by the tooltip disclaimer on the RugsUSA website regarding the meaning of the "Compare at Price"; and (3) failed to approximate the actual conditions under which consumers evaluate and purchase rug products online.

Because Mr. Weir's opinions set forth in paragraphs 11, 15, 30-38, and 55-57 of the Report wholly rely on the proposed Dennis conjoint analysis, Mr. Weir's opinions should likewise be excluded as unreliable under Rule 702 and *Daubert*.  *See Chandler Gas & Store Inc. v. Treasure Franchise Co. LLC*, 2025 U.S. Dist. LEXIS 213116, at *14, 2025 WL 3018829 (D. Ariz. Oct. 29, 2025) ("Although inadmissible evidence may be considered in formulating expert opinions [...] [an expert] may not rely on evidence that itself is unreliable."); *Lusch v. Matrixx Initiatives, Inc.*, No. 05-292-HA, 2007 U.S. Dist. LEXIS 72068, at *14 (D. Or. Sep. 25, 2007) (excluding opinion premised on "the same scientifically unreliable evidence created by, and

relied upon" by another expert). *PRCM Advisers LLC v. Two Harbors Inv. Corp.*, 2025 U.S. Dist. LEXIS 84212, at *62, 2025 WL 1276513 (S.D.N.Y. May 2, 2025) ("[I]f one expert's opinion is excluded by the court (for example, because that expert was inadequately qualified, or her methodology was unreliable), *any* calculations, analyses, or conclusions reached by other experts in reliance on the excluded opinion must themselves be excluded." (emphasis added) (citation omitted)); *In re Pandora Media, LLC*, 2025 U.S. Dist. LEXIS 70978, at *42, 2025 WL 1090408 (C.D. Cal. Jan. 21, 2025) ("[N]o expert may rely on excluded opinions[.]"); *see also Nuveen Quality Income Mun. Fund, Inc. v. Prudential Equity Grp., LLC,* 262 F. App'x 822, 824 (9th Cir. 2008) ("An expert opinion is properly excluded where it relies on an assumption that is unsupported by evidence in the record and is not sufficiently founded on facts.").

## V.    CONCLUSION

For the reasons set forth above, RugsUSA respectfully requests that the Court grant its Motion and exclude the opinions set forth in paragraphs 11, 15, 30-38, 55-57 and 60 of Mr. Weir's Report and any related testimony from its analysis of Plaintiff's class certification motion.

-8-

DATED: June 17, 2026

SHEPPARD, MULLIN, RICHTER &  HAMPTON LLP

By: _____ */s/ P. Craig Cardon*
P. Craig Cardon*
ccardon@sheppard.com
Kevin Murphy*
kemurphy@sheppard.com
Rana Salem*
rsalem@sheppard.com
Abby H. Meyer*
ameyer@sheppard.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: 310.228.3700

STOEL RIVES LLP

Timothy W. Snider, OSB No. 034577
timothy.snider@stoel.com
Nicholas R. Bottcher, OSB No. 245683
nicholas.bottcher@stoel.com
Telephone: 503.224.3380

*Attorneys for Defendant RugsUSA, LLC*
* Admitted *Pro Hac Vice*

-9-

## **Certificate of Compliance**

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 2,160 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

/s/ P. Craig Cardon
P. Craig Cardon