P. Craig Cardon (CA 168646)*
Kevin M. Murphy (CA 346041)*
Rana Salem (CA 358050)*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
T: 310.228.3700 / F: 310.228.3701
ccardon@sheppard.com
kemurphy@sheppard.com
rsalem@sheppard.com

Abby H. Meyer (CA 294947)*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626
T: 714.513.5100 / F: 714.513.5130
ameyer@sheppard.com

[COUNSEL CONTINUED ON NEXT PAGE]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KEIRA McCARRELL, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>RUGSUSA, LLC,<br><br>    Defendant. | Case No. 3:25-cv-00454-AB<br><br>**DEFENDANT RUGSUSA, LLC'S MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERT BRUCE SILVERMAN**<br><br>ORAL ARGUMENT REQUESTED |

SMRH:4917-0541-2020.1

Timothy W. Snider, OSB 034577
Nicholas R. Bottcher, OSB 245683
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
timothy.snider@stoel.com
nicholas.bottcher@stoel.com
T: 503.224.3380

*Attorneys for Defendant, RugsUSA, LLC*

*Admitted *Pro Hac Vice*

I.      **<u>INTRODUCTION</u>**[1]

In his expert report dated February 20, 2026 (the "**Report**", filed at Dkt. 48), Plaintiff's expert, Bruce Silverman, purports to opine "on the 'tool tip' asterisk and MSRP disclaimer that Defendant added to the strikethrough pricing appearing on the product pages on its website." (Report, ¶ 8(e).)  Specifically, in paragraphs 90-98 of the Report, Mr. Silverman offers sweeping opinions regarding "reasonable consumer" behaviors and interactions with the tool tip asterisk and MSRP disclaimer (the "**Disclaimer**") and "reasonable consumer" understanding of the language of the Disclaimer.

However, Mr. Silverman does not offer any quantitative or qualitative data, research, or support for any of his opinions regarding the Disclaimer.  He has not conducted any studies or interviews with the relevant population of consumers.  Nor has he reviewed or cited any empirical data which supports these opinions.  Instead, Mr. Silverman attempts to rely solely on his "experience" as a former advertising executive.

Although the Ninth Circuit has recognized that an expert's experience *can* sometimes form the basis for expert opinion, where an expert purports to rely on their own experience, a court must still assess: "whether the expert's experience supports the expert's conclusions; whether the expert's reasoning is circular, speculative, or otherwise flawed; [and] whether the expert's reasoning is adequately explained." *United States v. Holguin,* 51 F.4th 841, 855 (9th Cir. 2022) (internal citations omitted); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).  Mr. Silverman wholly fails to satisfy these requirements here.

---

[1] Pursuant to Civil Local Rule 7-1(a), the undersigned counsel for RugsUSA certifies that RugsUSA and Plaintiff met and conferred regarding this Motion via a Zoom teleconference on May 19, 2026 and made a good faith effort to resolve the dispute but have been unable to do so.

To the contrary, throughout the nine short paragraphs setting forth his myriad "opinions" on this topic, Mr. Silverman only makes vague references to his "experience" without any effort to bridge the gaps between the purported experience, the facts of this case, or the ultimate conclusions he offers. Accordingly, as further set forth below, Mr. Silverman's *ipse dixit* opinions relating to the Disclaimer do not satisfy the requirements of Federal Rule of Evidence 702 or *Daubert* and should be excluded from the Court's analysis of Plaintiff's motion for class certification.

## II.    LEGAL STANDARD

"In evaluating challenged expert testimony in support of class certification, a district court should evaluate admissibility under the standard set forth in *Daubert*." *Grodzitsky v. Am. Honda Motor Co.*, 957 F.3d 979, 984 (9th Cir. 2020) (quoting *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1006 (9th Cir. 2018)) (cleaned up). Specifically, "the district court judge must ensure that all admitted expert testimony is both relevant and reliable." *Id.* "[E]xpert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule." Fed. R. Evid. 702 advisory committee's note to 2023 amendment.

A court's gatekeeping role "applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." *Kumho Tire*, 526 U.S. at 141. The purpose of the Rule 702 analysis is therefore "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152. Thus, "the relevant reliability concerns may focus upon personal knowledge or experience." *Id.* at 150.

Although "*Daubert* and *Kumho Tire* may be harder to apply when the expert testimony is 'experience-based' rather than 'science-based,'" any such difficulty "cannot simply lead to a 'that goes to weight, not admissibility' default"; rather, there is "a strong argument that reliability becomes more, not less, important when the 'experience-based' expert opinion is perhaps not subject to routine testing, error rate, or peer review type analysis, like science-based expert testimony." *United States v. Valencia-Lopez*, 971 F.3d 891, 898 (9th Cir. 2020); *see also Daubert v. Merrell Dow Pharms.*, 43 F.3d 1311, 1315-16 (9th Cir. 1995) (*Daubert II*) ("[S]omething doesn't become 'scientific knowledge' just because it's uttered by a scientist.").

## III.    MR. SILVERMAN'S OPINIONS REGARDING THE WEBSITE DISCLAIMER ARE NOT SUFFICIENTLY RELIABLE AND SHOULD BE EXCLUDED

"When an expert relies upon their experience, the expert 'must explain how that experience leads to the conclusions reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'" *Rocket Software, Inc. v. Collegenet, Inc.*, 2025 U.S. Dist. LEXIS 263810, at *15 (D. Or. Dec. 19, 2025) (excluding expert opinion based on "industry experience"); *accord Wolff v. Tomahawk Mfg.*, 2025 U.S. Dist. LEXIS 100871, at *28-29 (D. Or. May 28, 2025).  As further set forth below, Mr. Silverman's opinions in paragraphs 90-98 should be excluded under Rule 702 and *Daubert* because they: (a) are based entirely on non-specific anecdotal "experience"; and (b) otherwise lack any support or reference to reliable methodology, sufficient facts or data, or scientifically valid principles.

### A.    Mr. Silverman's Generic References To His "Experience" Do Not Satisfy The Requirements of Rule 702 and *Daubert* (Paras. 92-94)

"[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).  Where an expert witness relies on their proffered experience, the court should therefore assess: "[1] whether the expert's

experience supports the expert's conclusions; [2] whether the expert's reasoning is circular, speculative, or otherwise flawed; or [3] whether the expert's reasoning is adequately explained." *Holguin,* 51 F.4th at 855 (internal citations omitted).

Mr. Silverman's Report fails to satisfy any of these requirements. Specifically, paragraphs 92-94 of his Report contain sweeping conclusions about what "reasonable consumers" would or would not notice, click on, or read on the RugsUSA website. Yet Mr. Silverman offers no explanation or bases for his opinions regarding consumer interactions with the RugsUSA website. Mr. Silverman concedes that he has conducted no consumer surveys or studies involving RugsUSA's advertising. (Ex. A, 72:12-17.) He also has not reviewed any data involving customer interactions with the RugsUSA website to learn if consumers actually review the Disclaimer. (*Id.*, 73:11-19.)

Nevertheless, in paragraph 92, Mr. Silverman opines that "[i]n my experience, reasonable consumers would not notice or think to click on the inconspicuous asterisk and would therefore be justifiably unaware of any disclaimer. Also, they would not expect any disclaimer to contradict their reasonable expectation that they are getting a discount off the former or regular price." Although Mr. Silverman purports to ground this opinion entirely in his "experience", he makes no effort to identify *what* specific experience he is referring to or relying on – let alone *how* the experience leads to the conclusion reached, *why* it is a sufficient basis for the opinion, or *how* it is reliably applied to the facts. *Holguin,* 51 F.4th at 855. Mr. Silverman's reference to his "experience" therefore does not provide any basis on which to evaluate or establish the reliability of his opinion.

This problem is pervasive throughout each of Mr. Silverman's other opinions relating to the Disclaimer. In paragraph 93, Mr. Silverman opines that the Disclaimer "is not prominently

featured as part of the purchasing process", █████████████████████ ███████████████████████ and █████████████████ Mr. Silverman purports to ground this opinion entirely in his "years in the agency business", recounting that copywriters he worked with tried to make disclaimers "as invisible or as unlikely to be read as possible." But, Mr. Silverman fails to adequately explain *how* this cited experience leads to the conclusions he reached regarding consumer interactions with these specific disclaimers on RugsUSA's website. *Holguin,* 51 F.4th at 855. Instead, he simply asserts that because he and others apparently worked to conceal disclaimers at some point in his career, consumers do not read them (and would not do so here). This is not reliable expert opinion, it is *ipse dixit*.

In paragraph 94, Mr. Silverman further opines that "it has been my experience that very few consumers make a point of checking the accuracy of each and every claim by reading fine print disclaimers that may accompany them" and that "[c]onsumers are not, and in my opinion should not be expected to be, 'Claim Detectives.'" Again, despite relying solely on his vague "experience", Mr. Silverman fails to explain how this purported experience is relevant or reliable as applied to the facts of this case. In fact, at deposition, Mr. Silverman conceded that prior to this case he had never even seen a disclaimer like the one on RugsUSA's website before. (Ex. A, 70:3-13 ("I -- I have never seen -- personally ever seen a symbol with a question mark like that. Maybe it's been used many times. I've never seen it ...").) Hence, Mr. Silverman's reference to his "experience" – which did not involve the Disclaimer on the RugsUSA website or any other similar disclaimer – does not come close to providing a sufficient basis for his opinions on consumer behavior here.

In short, because Mr. Silverman's opinions in paragraphs 92-94 are not tied to any

concrete facts, and because he does not explain how he came to any of these conclusions, he fails to satisfy the requirements of Rule 702. *Holguin,* 51 F.4th at 855; *Rocket Software*, 2025 U.S. Dist. LEXIS 263810, at \*15; *Wolff*, 2025 U.S. Dist. LEXIS 100871, at \*28-29.

> **B.      Mr. Silverman's Opinion on the Disclaimer's Alleged "Additional Layer of Deception" Is Speculative and Unsupported (Paras. 95-98)**

In paragraphs 95-98 of the Report, Mr. Silverman attempts to go one step further and opines that consumers who *did* read the Disclaimer would still be deceived about the meaning of "Compare at Price." However, Mr. Silverman's approach is again entirely incompatible with Rule 702's requirement that expert testimony must be based on "sufficient facts or data" and "reliable principles and methods." Fed. R. Evid. 702(b)-(c); *see also Daubert,* 509 U.S. at 590 (for opinions to be reliable, they must be based on actual knowledge, not unsupported speculation).

In paragraph 95, Mr. Silverman purports to interpret the Disclaimer text and then declares, based on nothing other than his own reading, that it is deceptive. But Mr. Silverman's personal interpretation provides no basis on which to opine that a reasonable consumer would understand the Disclaimer in the same way. He cites no experience, no consumer survey, and no empirical methodology to support this conclusion. It is pure conjecture dressed as expertise. This is precisely the type of *ipse dixit* opinion that *Daubert* instructs courts to exclude. (*See* Report at p. 13.)

In paragraph 96, Mr. Silverman further opines that a reasonable consumer's understanding of the "Compare at Price" language in the Disclaimer would be "entirely inconsistent" with what the price actually represents and that "reasonable consumers would interpret the statement the product 'was offered by other retailers at or above that price in the past 90 days' to mean that this was the most common price at which this product was offered and

sold during that period." These sweeping, definitive conclusions, are again supported by *nothing*.

Finally, in paragraph 98, Mr. Silverman opines that a "reasonable consumer would not understand what 'prevailing market price' means." In support of this conclusion, Mr. Silverman purports to rely solely on an excerpt from the deposition of Defendant's Vice President of Pricing, in which he was asked: ███████████████████████████████ ████████████████████████████████████ and to which he replied ████ (Report at p. 45, fn. 42.) However, Mr. Silverman fails to explain how parroting the testimony of a single witness about his personal understanding of a phrase, in the context of an adversarial deposition, is a reliable empirical basis for Mr. Silverman's conclusion as to what a reasonable consumer understands.

In the absence of any methodology supporting his conclusion, Mr. Silverman's statements contribute nothing to the factfinder's evaluation of the cited testimony and thereby improperly invade the province of the jury. *See Hayter v. Travelers Indem. Co.*, 793 F. Supp. 3d 1283, 1291 (D. Or. 2025) (excluding expert's declaration that attempted to "reinforce Plaintiff's factual narrative" where opinion was "not traceable to any reliable methodology"); *see also Siqueiros v. GM LLC*, 2022 U.S. Dist. LEXIS 3651, at *37 (N.D. Cal. Jan. 7, 2022) (explaining that an expert "may not restate or summarize record evidence and then state a conclusion without applying a methodology that is reliable and which evinces his/her expertise").[2]

IV.    **CONCLUSION**

For the reasons set forth above, RugsUSA respectfully requests that the Court grant its

---

[2] Mr. Silverman's narrative as to his "understanding" of certain facts, and discussion of screenshots (apparently taken from his own search of the internet), in paragraphs 90-91 should likewise be excluded for these same reasons.

Motion and exclude the opinions set forth in paragraphs 90-98 of Mr. Silverman's Report and any related testimony from its analysis of Plaintiff's motion for class certification.

DATED: June 17, 2026

SHEPPARD, MULLIN, RICHTER &  HAMPTON LLP

By: _____ */s/ P. Craig Cardon*
P. Craig Cardon*
ccardon@sheppard.com
Kevin Murphy*
kemurphy@sheppard.com
Rana Salem*
rsalem@sheppard.com
Abby H. Meyer*
ameyer@sheppard.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: 310.228.3700

STOEL RIVES LLP

Timothy W. Snider, OSB No. 034577
timothy.snider@stoel.com
Nicholas R. Bottcher, OSB No. 245683
nicholas.bottcher@stoel.com
Telephone: 503.224.3380

*Attorneys for Defendant RugsUSA, LLC*
* Admitted *Pro Hac Vice*

-9-

**Certificate of Compliance**

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 2,194 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

/s/ P. Craig Cardon
P. Craig Cardon