P. Craig Cardon (CA 168646)*
Kevin M. Murphy (CA 346041)*
Rana Salem (CA 358050)*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
T: 310.228.3700 / F: 310.228.3701
ccardon@sheppard.com
kemurphy@sheppard.com
rsalem@sheppard.com

Abby H. Meyer (CA 294947)*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626
T: 714.513.5100 / F: 714.513.5130
ameyer@sheppard.com

[COUNSEL CONTINUED ON NEXT PAGE]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KEIRA McCARRELL, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>RUGSUSA, LLC,<br><br>      Defendant. | Case No. 3:25-cv-00454-AB<br><br>**DEFENDANT RUGSUSA, LLC'S MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERT J. MICHAEL DENNIS**<br><br>ORAL ARGUMENT REQUESTED |

SMRH:4938-2092-8179.2

Timothy W. Snider, OSB 034577
Nicholas R. Bottcher, OSB 245683
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
timothy.snider@stoel.com
nicholas.bottcher@stoel.com
T: 503.224.3380

*Attorneys for Defendant, RugsUSA, LLC*

*Admitted *Pro Hac Vice*

SMRH:4938-2092-8179.2

## I.    <u>INTRODUCTION</u>[1]

In his expert report dated February 23, 2026 (the "**Report**" at Dkt. 49), Plaintiff's expert, J. Michael Dennis, Ph.D. proposed two "Choice-based" conjoint surveys purportedly designed to measure the classwide "price premium" that consumers allegedly paid as a result of the presentation of the "Compare at Price" on the RugsUSA website.  However, as set forth below, Dr. Dennis's proposed conjoint surveys are fundamentally flawed and should be excluded from the Court's consideration in deciding Plaintiff's motion for class certification because they fail to reliably or relevantly measure the impact of the challenged advertising practice on consumer purchasing decisions.

First, Dr. Dennis's proposed conjoint surveys are incompatible with the subjective standard governing Plaintiff's false advertising claims under Oregon law.  When, as here, a UTPA claim does not involve an "express" misrepresentation but instead depends on an alleged *interpretation* of challenged advertising, proving reliance is "necessarily subjective." *Pearson v. Philip Morris*, *Inc.*, 358 Ore. 88, 126, fn. 26 (2015).  Dr. Dennis's conjoint surveys attempt to measure a purported classwide "price premium" associated with the "Compare at Price," but his approach improperly adopts a "one size fits all" methodology that tests only a handful of rug sizes, characteristics, and a narrow band of prices, failing to account for the myriad variations in how the "Compare at Price" was actually presented to different Oregon consumers.  Because the proposed conjoint surveys cannot properly capture the individualized, subjective reliance necessary to support causation, Plaintiff fails to establish that the model will reliably calculate

---

[1]  Pursuant to Civil Local Rule 7-1(a), the undersigned counsel for RugsUSA certifies that RugsUSA and Plaintiff met and conferred regarding this Motion via a Zoom teleconference on May 26, 2026 and made a good faith effort to resolve the dispute but have been unable to do so.

damages in a manner common to the class at trial, and Dr. Dennis's opinions should be excluded from consideration.

Second, Dr. Dennis's proposed conjoint surveys are both irrelevant and unreliable because they inexplicably omit key context that is provided to consumers on the RugsUSA website regarding the meaning of the "Compare at Price." Specifically, the RugsUSA website includes a tooltip disclaimer (the "**Disclaimer**") that explains the nature and limitations of the "Compare at Price" to consumers. Despite the well-established principle that advertising claims must be evaluated in context – including any disclaimers or clarifying language – Dr. Dennis's proposed survey design entirely fails to incorporate the Disclaimer, and he has offered no methodological or scientific justification for its exclusion. This omission renders the proposed conjoint surveys incapable of reliably estimating any change in consumer demand attributable to the "Compare at Price" as it is actually presented to consumers in the marketplace and irrelevant to determining the impact of the challenged advertising on consumer willingness to pay.

Third, Dr. Dennis's proposed conjoint surveys are further unreliable because they fail to approximate the actual conditions under which consumers evaluate and purchase rug products online. Dr. Dennis's survey design reduces the rug purchasing decision to a series of abstract text attributes, stripping away the visual elements, product imagery, and comparison-shopping capabilities that are integral to the real-world online shopping experience. By artificially truncating the consumer decision-making process in this manner, the proposed conjoint surveys cannot meaningfully replicate the real-world environment in which putative class members made their purchasing decisions, and any results derived therefrom lack the reliability required for admissibility under Rule 702.

Accordingly, the Court should exclude Dr. Dennis's opinions relating to the proposed conjoint surveys and any related testimony from its analysis of Plaintiff's motion for class certification.

## II.    LEGAL STANDARD

Rule 702 was amended in 2023 to "to clarify and emphasize that expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule." Fed. R. Evid. 702, Advisory Committee Note to 2023 Amendment. The Amendment sought to address the "incorrect application of Rule[] 702", in which courts "held that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, [were] questions of weight and not admissibility." *Id.*

"In evaluating challenged expert testimony in support of class certification, a district court should evaluate admissibility under the standard set forth in *Daubert*." *Grodzitsky v. Am. Honda Motor Co.*, 957 F.3d 979, 984 (9th Cir. 2020) (quoting *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1006 (9th Cir. 2018)) (cleaned up). Specifically, "before admitting expert testimony, the district court must perform a gatekeeping role to ensure that the testimony is both relevant and reliable." *United States v. Valencia-Lopez*, 971 F.3d 891, 897-98 (9th Cir. 2020).

"Whether proffered expert testimony or survey evidence is helpful or 'fits' in a given case is essentially a relevance inquiry" and "[a]ny proffered expert testimony or survey evidence must be sufficiently tied to the facts of the case so that it would aid the jury in resolving a factual dispute." *Lanphere Enters. v. Jiffy Lube Int'l*, 2003 U.S. Dist. LEXIS 16205, at *17 (D. Or. July 9, 2003).

"A trial court has broad latitude not only in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability." *Ellis v. Costco*

*Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011). Although class action plaintiffs may attempt to "rely on an unexecuted damages model to demonstrate that damages are susceptible to common proof", they must still establish "by a preponderance of the evidence, that the model will be able to *reliably* calculate damages in a manner common to the class at trial." *Lytle v. Nutramax Labs., Inc.*, 114 F.4th 1011, 1024 (9th Cir. 2024) (emphasis added). Where there is "too great an analytical gap between the data and the opinion proffered" it is not reliable and should be excluded. *GE v. Joiner*, 522 U.S. 136, 146 (1997).

**III.    DR. DENNIS'S OPINIONS AND TESTIMONY BASED ON THE PROPOSED CONJOINT SURVEYS SHOULD BE EXCLUDED**

**A.    Dr. Dennis's Proposed Conjoint Surveys Fail To Address The Subjective Standard Applicable To Plaintiff's Claims Under The UTPA**

The fact that a proposed damages "model is underdeveloped may weigh against a finding that it will provide a reliable form of proof" and an expert's attempt at "[m]erely gesturing at a model or describing a general method will not suffice to meet this standard." *Lytle*, 114 F.4th at 1032. "Rather, plaintiffs—or their expert—must chart out a path to obtain all necessary data and demonstrate that the proposed method will be viable as applied to the facts of a given case." *Id.*

In this case, Plaintiff seeks to recover for an "inducement" theory of harm under the UTPA. (*See* Dkt. 1, ¶¶ 8-9 (Plaintiff purchased her rug "based on Defendant's representations" and the representations on which she "relied [] were not true."); Dkt. 51, ¶ 4 (Plaintiff declared that "[w]hen I purchased my Rugs USA product, I read and relied upon the purported sale advertised on www.rugsusa.com. In particular, in making my purchase, I relied on the information on the website displaying the purported regular price and the purported discount I believed I was receiving."). Plaintiff alleges that she and members of the putative class "overpaid" for rugs purchased from the RugsUSA website in reliance on the presentation of the "Compare at Price." (Report ¶¶ 22-26.) Plaintiff therefore seeks to recover "the price premium

that purchasers paid solely as a result of" their reliance.  (Dkt. 54 at p. 19.)  The Oregon Supreme Court has recognized that in UTPA cases like this one, proving reliance "is necessarily *subjective*—it turns on what individual purchasers in fact believed and whether their beliefs motivated their purchases."  *Pearson*, 358 Ore. at 126, fn. 26 (emphasis added); *see also Bohr v. Tillamook Cnty. Creamery* Ass'n, 373 Ore. 343, 364-365 (2025) (where an alleged loss is the "result of" a misrepresentation, reliance on the misrepresentation is "integral").

Here, Dr. Dennis proposes to answer the questions: "Did Defendant's Challenged Conduct cause 'reasonable consumers' to attribute additional value to Defendant's Products with inflated regular prices and discounts?" and "If so, by how much did the Challenged Conduct cause proposed class members to overpay (*i.e.*, pay more than they would otherwise) for Defendant's Products?" (Report ¶ 24.)  Dr. Dennis proposes to measure the potential "overpayment" associated with the presentation of the "Compare at Price" on the RugsUSA website in the form of a classwide "price premium."  (*Id.* ¶¶ 33, 54.)  To do so, Dr. Dennis proposes two conjoint surveys, one for "smaller" and one for "larger" area rugs marketed on the RugsUSA website.  (*Id.* ¶¶ 86, 89.)  Specifically, Dr. Dennis proposes to employ "Choice-based" conjoint surveys which he claims will provide "respondents with the opportunity to select products for purchase with (i) various false reference prices and discounts and (ii) those without a false reference price or discount (*i.e.*, simply a web price without an accompanying reference price and discount)." (*Id*. ¶¶ 33, 86, 89.)

However, Dr. Dennis's proposed survey design ignores the *subjective* standard applicable to Plaintiff's claims under the UTPA and instead attempts to shoehorn myriad differences between the products offered by RugsUSA into a "one size fits all" approach that tests just a handful of rug sizes and characteristics, as well as a narrow band of prices offered by the

company. (Ugone Rebuttal Report, Dkt. 65-1 ("**Ugone Report**")) ¶¶ 55, 69-71, 82-87, 113-115, 127-134.) "One size" is not sufficient to measure purported reliance across the entire proposed class. For just five RugsUSA products, ███████████████████████████ ████████████████. (*Id.*, ¶ 131.) To control for this problem, Dr. Dennis would have to perform ████████ different surveys. But he does not account for this fact at all in his survey design. Because Dr. Dennis's conjoint surveys do not properly account for all potential variations, Plaintiff cannot establish "that the model will be able to reliably calculate damages in a manner common to the class at trial." *Lytle,* 114 F.4th at 1024. Accordingly, any attempt to rely on the proposed conjoint surveys would be unreliable and the court should exclude Dr. Dennis's opinions from its class certification analysis on this basis alone. *See LeGrand v. Abbott Labs.*, 2025 U.S. Dist. LEXIS 156022, at *17 (N.D. Cal. Aug. 4, 2025) (excluding proposed conjoint survey in false advertising case where "thousands of surveys" would be necessary to address different iterations of the challenged advertising among the class).

### B.    The Proposed Conjoint Surveys Are Irrelevant And Unreliable Because Dr. Dennis Excludes Key Context Provided By The Website Disclaimer

Courts have repeatedly emphasized that, in evaluating false advertising claims, an advertising statement alleged to be misleading must be evaluated in context even when applying the *objective* "reasonable consumer" standard (not applicable to the Plaintiffs' UTPA claims at issue here). *See, e.g., Moore v. Trader Joe's Co.,* 4 F.4th 874, 882 (9th Cir. 2021) ("[D]eceptive advertising claims should take into account all the information available to consumers and the context in which that information is provided and used"); *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 779 (9th Cir. 2024) ("contextual factors [...] can defeat claims that a product's label is misleading"). Indeed, courts have held that "the presence of a disclaimer or similar clarifying language may defeat a claim of deception." *Fink v. Time Warner Cable*, 714 F.3d 739,

742 (2d Cir. 2013) ("in determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial"); *Whiteside*, 108 F.4th at 785 (noting that "the presence of an asterisk alone puts a consumer on notice that there are qualifications or caveats").

Because the content of "specific representations are critical in false advertising cases", courts have recognized that, "in order to evaluate the price premium attributable to each of the alleged misstatements, [an expert] would have [] to conduct a survey that included the *specific statements themselves*." *See Townsend v. Monster Bev. Corp.*, 303 F. Supp. 3d 1010, 1024, 1031 (C.D. Cal. 2018) (emphasis added). Therefore, if an expert's proffered survey fails to provide respondents with key context, it may be excluded as both unreliable and irrelevant. *See id.; see also Cheslow v. Ghirardelli Chocolate Co.*, 472 F. Supp. 3d 686, 695 (N.D. Cal. 2020) ("A consumer perception survey that deprives survey respondents of key information about a product that would be available in the marketplace is not proper evidence of consumers' understanding of that product and is therefore irrelevant and, ultimately, unreliable."); *La Barbera v. Olé Mexican Foods*, Inc., 2023 U.S. Dist. LEXIS 110929, at *77 n.4 (C.D. Cal. May 18, 2023) (refusing to consider a consumer survey conducted by Dr. Dennis where he **"**deliberately designed the survey to show only portions of the Products' packaging to participants" and noting that "[c]ourts routinely find that such surveys are unreliable") (collecting cases); *In re KIND LLC "Healthy & All Nat." Litig.*, 627 F. Supp. 3d 269, 288 (S.D.N.Y. 2022) (finding that Dr. Dennis's decision to design a survey displaying a challenged claim "in isolation", rather than "as it always appeared" on labels, undercut the relevance of the survey results).

Here, Dr. Dennis's proposed conjoint surveys do not appropriately reflect the setting in which consumers actually purchase RugsUSA products in the marketplace because his conjoint survey design *inexplicably omits key context* provided to consumers on the website regarding the

meaning of the "Compare at Price". Specifically, as depicted below, the RugsUSA website includes the Disclaimer which explains that the presented "Compare at Price indicates that the item (which may include a different color or pattern) was offered by other retailers at or above that price in the past 90 days. Compare at Price may not be the prevailing market price for an item."



The Disclaimer is directly relevant to how consumers understand and interpret RugsUSA's "Compare at Price" in the real world. (*See, e.g.*, Ugone Report ¶¶ 65(a), 80(a), 81.) Yet, despite the existence of the Disclaimer, Dr. Dennis's proposed conjoint survey fails to incorporate it *at all*. Indeed, Dr. Dennis conceded at his deposition that his proposed conjoint survey will not collect any data on ███████████████████████████ ████████████████████████. (*See* Ex. A to Meyer Decl., p. 79:5-8.) What is more, Dr. Dennis has not provided any methodological or scientific basis for excluding the Disclaimer from the proposed conjoint survey. Rather, when asked about the exclusion of the Disclaimer at deposition, he merely stated that he did not include the Disclaimer in the ████████████ of his proposed survey and ████████████████████████ simply because he did not understand it to be a part of his assignment. (*Id.*, pp. 78-79.)

Dr. Dennis's exclusion of the Disclaimer does not merely impact the "weight" of the proposed conjoint surveys, but – as other courts have found – amounts to a fundamental failure in the survey methodology as applied to the facts of this case.  And indeed, as explained in Ugone's Rebuttal Report, to achieve Dr. Dennis's stated goal of measuring potential overpayment, ███████████████████████████████████████

████████████████████████████████████████████████████████

(Ugone Report ¶ 80(a).)  By excluding this information, Dr. Dennis's proposed conjoint surveys improperly fail to account for a key component of the environment in which putative class members made purchasing decisions in the real world and therefore cannot be used to reliably estimate any change in consumer demand attributable to the "Compare at Price."  (*Id.*)

In light of this failure by Dr. Dennis, any attempt to draw conclusions from his proposed conjoint surveys regarding the estimated "overpayment" resulting from the challenged advertising practice would ultimately be both irrelevant and unreliable.  His conjoint survey opinions and related testimony should be excluded.

### C.    The Proposed Conjoint Surveys Are Further Unreliable Because Dr. Dennis Ignores The Way In Which Customers Shop For Rug Products Online

As courts have recognized, "reasonable, prudent and experienced internet consumers are accustomed to such exploration by trial and error. They skip from site to site, ready to hit the back button whenever they're not satisfied with a site's contents." *Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137, 1152 (9th Cir. 2011).  ███████████████████

████████████████████████████████████████████████████████

███████   (Ugone Report ¶ 79.)  Here, RugsUSA's products are sold online, and consumers can easily engage in comparison shopping across competing retailers prior to and even at the time of purchase.  However, Dr. Dennis's proposed conjoint surveys require respondents to make

purchase decisions without conducting any external research and to rely solely on the

information presented within the surveys – which is entirely inconsistent with the real-world

experience.  (*See id.* ¶ 80(c).)

Moreover, Dr. Dennis's attempt to artificially truncate the customer purchasing process –

and reduce rug shopping to a list of text attributes – is entirely inconsistent with the way in which

consumers select from different rug products on the RugsUSA website.  For example, Dr. Dennis

provides the following illustration to "help the court visualize a choice task" in the proposed

conjoint surveys:

| | | | |
|---|---|---|---|
| **If these were your only options, which of these INDOOR RUG products would you choose to purchase?** | | | |
| *Remember that the products shown are from an online retailer.*<br>*Remember that the features shown are the only ones important to you since the products are all alike in all other respects.*<br>*Choose by clicking the button at the bottom of the product description for the indoor rug you prefer.* | | | |
| **Product Feature** | **Rug A** | **Rug B** | **Rug C** |
| Primary Material | Wool | Synthetics | Cotton\| |
| Rug Size (dimensions in feet) | 3 x 5 | 5 x 8 | 4 x 6 |
| Style | Oriental and Persian | Contemporary | Farmhouse |
| Pattern | Medallion | Abstract | Solid |
| Color | ● Blues | ● Browns | ● Yellows |
| Descriptions | Handmade / Machine Washable | Pet-Friendly / Eco-Friendly | Stain-Resistant / High Traffic / Reversible |
| Price (Not Including Shipping and Tax) | $719 $899 (20% OFF) | $239 | $179 $299 (40% OFF) |
| *Select one for purchase* | O | O | O |
| Given your knowledge of the market, would you actually be willing to buy the INDOOR RUG product you selected at the indicated price? | | | |
| o Yes | | | |
| o No | | | |

(*See* Report ¶ 113; see also *id.*, p. 41, Exhibit 15.)

Unlike in Dr. Dennis's proposed conjoint format above, a consumer purchasing a rug on

the RugsUSA website has the ability to view large images that they can roll over to see the

details and compare among various colors, materials, sizes, and patterns.  This is because making

the decision to purchase a rug for a home is not like buying shampoo or potato chips.  Rather, a consumer considers, among other things, the interplay of colors and patterns with surrounding furnishings and the visual impact within his or her particular living space – none of which can be meaningfully captured or replicated in a conjoint framework that strips away these critical aspects of the real-world purchasing experience.  By reducing this decision-making process to a series of abstract text attributes, and removing the ability to comparison shop, Dr. Dennis's proposed conjoint surveys fundamentally fail to approximate the actual conditions under which consumers evaluate and purchase rug products, rendering any results derived therefrom unreliable.  (*See* Ugone Report ¶ 79.)

## IV.    **CONCLUSION**

For the foregoing reasons, RugsUSA respectfully requests that the Court grant its Motion and exclude the opinions relating to the proposed conjoint surveys set forth in Dr. Dennis's Report, and any related testimony, from the Court's consideration in evaluating Plaintiff's class certification motion.

-12-

DATED: June 17, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: _____ /s/ P. Craig Cardon_____
P. Craig Cardon*
ccardon@sheppard.com
Kevin Murphy*
kemurphy@sheppard.com
Rana Salem*
rsalem@sheppard.com
Abby H. Meyer*
ameyer@sheppard.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: 310.228.3700

STOEL RIVES LLP

Timothy W. Snider, OSB No. 034577
timothy.snider@stoel.com
Nicholas R. Bottcher, OSB No. 245683
nicholas.bottcher@stoel.com
Telephone: 503.224.3380

*Attorneys for Defendant RugsUSA, LLC*
* Admitted *Pro Hac Vice*

-13-

## Certificate of Compliance

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 3,069 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

/s/ P. Craig Cardon
P. Craig Cardon