Jonas Jacobson (OSB No. 231106)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)*
simon@dovel.com
Stephen Ferruolo (Cal. Bar No. 364158)*
sferruolo@dovel.com
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Tel: (310) 656-7066
Facsimile: +1 (310) 656-7069

Julian C. Diamond (NY Bar No. 5836846)*
jdiamond@bursor.com
Bursor & Fisher, P.A.
1330 Avenue of the Americas
New York, NY 10019
Tel: (646) 837-7011
Facsimile: (212) 989-9163

*Attorneys for Plaintiff*

* Admitted *Pro Hac Vice*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| KEIRA MCCARRELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RUGSUSA, LLC,<br><br>Defendant. | Case No. 3:25-cv-00454-AB<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF EXPERT MR. COLIN B. WEIR** |

**TABLE OF CONTENTS**

INTRODUCTION ..... 1

LEGAL STANDARD ..... 1

ARGUMENT ..... 3

I. MR. WEIR IS QUALIFIED AND HIS OPINIONS ARE RELIABLE ..... 3

II. DEFENDANT'S ATTACK ON MR. WEIR'S PRICE PREMIUM OPINION IS DERIVATIVE OF ITS ATTACK ON DR. DENNIS ..... 4

CONCLUSION ..... 5

# TABLE OF AUTHORITIES

## Cases

*Amorgianos v. Nat'l R.R. Passenger Corp.*,
137 F.Supp.2d 147 (E.D.N.Y. 2001) ........ 1

*Chandler Gas & Store Inc. v. Treasure Franchise Co. LLC*,
2025 U.S. Dist. LEXIS 213116 (D. Ariz. Oct. 29, 2025)........ 5

*Chandler Gas & Store Inc. v. Treasure Franchise Co. LLC*,
2025 WL 3018829 (D. Ariz. Oct. 29, 2025)........ 5

*Clicks Billiards, Inc. v. Sixshooters, Inc.*,
251 F.3d 1252 (9th Cir. 2001) ........ 4

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993) ........ 1

*Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*,
618 F.3d 1025 (9th Cir. 2010) ........ 4

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
264 F.R.D. 603 (N.D. Cal. 2009) ........ 2

*Krommenhock v. Post Foods, LLC*,
334 F.R.D. 552 (N.D. Cal. 2020) ........ 4

*Moore v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*,
713 F. Supp. 3d 660 (N.D. Cal. 2024)........ 3, 4

*Rai v. Santa Clara Valley Transportation Auth.*,
308 F.R.D. 245 (N.D. Cal. 2015) ........ 2

*Spann v. J.C. Penney Corp.*,
307 F.R.D. 508 (C.D. Cal. 2015)........ 2

*Tait v. BSH Home Appliances Corp.*,
289 F.R.D. 466 (C.D. Cal. 2012)........ 2

*Tiffany & Co. v. Costco Wholesale Corp.*,
127 F. Supp. 3d 241 (S.D.N.Y. 2015) ........ 5

*Tiffany & Co. v. Costco Wholesale Corp.*,
971 F.3d 74 (2d Cir. 2020) ........ 5

## Rules

Fed. R. Evid. 702 ........ 1

## INTRODUCTION

Defendant RugsUSA ("Defendant") moves to exclude the opinions of Plaintiff's damages expert, Mr. Colin B. Weir. ECF No. 74 ("Motion"). The question before this Court is a narrow one. Defendant argues that Mr. Weir's testimony should be excluded because it is "entirely dependent upon the proposed conjoint analysis of Plaintiff's other expert, Dr. J. Michael Dennis . . . [the] proposed conjoint analysis suffers from fatal methodological flaws that render it unreliable." Mot. at 1-2. Not so. As set forth in Plaintiff's Opposition to Defendant's Motion, Dr. Dennis's conjoint is reliable and admissible. Defendant's entire argument for the exclusion of Mr. Weir's testimony is fundamentally flawed as it presupposes that the Court has found Dr. Dennis's testimony unreliable (it has not).

Accordingly, Defendant's motion should be denied.

## LEGAL STANDARD

Federal Rule of Evidence 702 permits expert testimony from "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education," if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

*See* Fed. R. Evid. 702. The reliability of the proposed testimony depends on its scientific validity. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993). "In assessing the reliability of a proffered expert's testimony, a district court's inquiry under *Daubert* must focus, not on the substance of the expert's conclusions, but on whether those conclusions were generated by a reliable methodology." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 137 F.Supp.2d 147, 162 (E.D.N.Y. 2001).

At the class certification stage, "district courts are not required to conduct a full *Daubert* analysis. Rather, district courts must conduct an analysis tailored to whether an expert's opinion was sufficiently reliable to admit for the purpose of proving or disproving Rule 23 criteria, such as commonality and predominance." *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 495 (C.D. Cal. 2012). Arguments for exclusion under *Daubert* that go to the merits are "irrelevant" at the class certification stage. *Id.* at 497. Hence, in *Tait*, Judge David O. Carter denied motions to exclude expert testimony where the defendant's motion focused on merits issues, and "[did] not even mention the Rule 23 requirements that are relevant to [the expert's] testimony, much less explain the purported problems with his testimony in relation to Rule 23." *Id.* Similarly in *Spann v. J.C. Penney Corp.*, 307 F.R.D. 508, 516-17 (C.D. Cal. 2015) and *Rai v. Santa Clara Valley Transportation Auth.*, 308 F.R.D. 245, 264 (N.D. Cal. 2015), the defendants in each case moved to exclude expert testimony because they disagreed with the experts' methodology for calculating damages. In both cases, the district courts followed *Tait* and denied the motions because the issue was not whether the damages methodology was right or wrong, but instead whether the methodology was applicable on a class-wide basis. *Spann*, 307 F.R.D. at 517 (defendants' criticisms did "not go to whether there are common questions of law or fact among putative class members"); *Rai*, 308 F.R.D. at 264 ("[Plaintiffs' expert] proposes to calculate damages using standard methodology premised on data common to all class members"); *see also In re Static Random Access Memory (SRAM) Antitrust Litig.*, 264 F.R.D. 603, 616 (N.D. Cal. 2009) ("The question for the court is whether the expert evidence is sufficiently probative to be useful in evaluating whether class certification requirements have been met.").

## ARGUMENT[1]

### I. MR. WEIR IS QUALIFIED AND HIS OPINIONS ARE RELIABLE

Defendant does not, and cannot, dispute that Mr. Weir is qualified "by knowledge, skill, experience, training, or education" to render an expert opinion, nor does Defendant dispute that Mr. Weir's price-premium methodology, on its own, is reliable.

Mr. Weir is the President of Economics and Technology, Inc. Weir Decl. Ex. 1, ECF No. 50. He holds an MBA with honors from Northeastern University and a B.A. cum laude in Business Economics from The College of Wooster, has more than 22 years of experience as an economist, and has more than 17 years of specialized experience designing, executing, and analyzing conjoint surveys, including graduate-level training and ongoing education through Sawtooth Software. *Id.* ¶¶ 1–2. Numerous courts have admitted his conjoint-based price-premium opinions over *Daubert* challenge. *See, e.g., Moore v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*, 713 F. Supp. 3d 660, 670 (N.D. Cal. 2024) ("numerous courts have found Weir qualified to provide similar opinions."); Weir Decl. at Ex. 1 at 1–13 (Statement of Qualifications including publications and cases in the last four years where he offered testimony).

The conjoint analysis Defendant takes issue with (*see* Mot. at 6) is not a novel or controversial technique. "Conjoint analysis is founded on rigorous statistical and economic principles" and has been used in both academia and industry to measure the value consumers place on specific product attributes. Weir Decl. ¶ 16 & n. 7–8. It has been "used in litigation contexts to calculate damages for years," and Weir's expert opinion has repeatedly been accepted at both the *Daubert* and class-certification stages. *Id.* ¶ 16 n.7 (collecting cases), 24–28, 30–38;

[1] Plaintiff withdraws her proposed "Product Return Model" theory of damages.

*Moore*, 713 F. Supp. 3d at 670 ("numerous courts have found Weir qualified to provide similar opinions."); Weir Decl. at Ex. 1 at 1–13 (Statement of Qualifications including publications and cases in the last four years where he offered his expert testimony).

Mr. Weir does not simply assert that conjoint analysis *can* measure a price premium. He describes how it *will* do so in this case. He reviewed Dr. Dennis's declaration and the documentary record on which Dr. Dennis relied, consulted with Dr. Dennis on aspects of survey design, and confirmed that the survey is appropriately designed to isolate the price premium attributable to the challenged "Deceptive Sales Discounts." Weir Decl. ¶¶ 30–38, 42–47.

Accordingly, Mr. Weir is qualified for the opinions and testimony he offers in this case.

## II. DEFENDANT'S ATTACK ON MR. WEIR'S PRICE PREMIUM OPINION IS DERIVATIVE OF ITS ATTACK ON DR. DENNIS

Defendant moves to exclude Mr. Weir's opinions and testimony solely because they rely on the conjoint analysis of Dr. Dennis. Mot. 6-7. However, this argument is fatally flawed as it presupposes Dr. Dennis's exclusion. As discussed in Plaintiff's Opposition to Defendant's Motion to Exclude Dr. Dennis, the conjoint analysis performed in this case was based on reliable methods and principles. Ninth Circuit law is unmistakable: challenges to an expert's assumptions, inputs, and conclusions are properly addressed through cross-examination and competing testimony, not exclusion. *See Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1038 (9th Cir. 2010) ("[T]hese criticisms go to 'issues of methodology, survey design, reliability, ... [and] critique of conclusions,' and therefore 'go to the weight of the survey rather than its admissibility.'" (*citing Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1263 (9th Cir. 2001)); *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 576 (N.D. Cal. 2020) ("[T]hese attacks might be fodder for cross-examination, they are not grounds for exclusion."); *Tiffany & Co. v. Costco Wholesale Corp.*, 127 F. Supp. 3d 241, 250

(S.D.N.Y. 2015), *vacated and remanded on other grounds*, 971 F.3d 74 (2d Cir. 2020) (finding that criticism that a conjoint study "was not designed in a way that approximated actual marketplace conditions … consist[ed] only of [Defendant's expert's] own competing beliefs as to what would make for an appropriate survey" and thus goes to the weight, rather than the admissibility of the survey.).

Defendant's reliance on *Chandler Gas & Store Inc. v. Treasure Franchise Co. LLC*, 2025 U.S. Dist. LEXIS 213116, at *14, 2025 WL 3018829 (D. Ariz. Oct. 29, 2025), and similar cases is misplaced. *Chandler Gas & Store Inc.* merely requires exclusion when an unreliable step is actually identified. It does not transform every disagreement with an expert's opinion into a basis for exclusion. Defendant's entire argument presupposes the exclusion of Dr. Dennis which the Court has not granted (and should not grant).

Thus, Defendant's arguments on these grounds should be rejected.

## CONCLUSION

For the foregoing reasons, Defendant's motion should be denied in its entirety.

Dated: July 22, 2026

Respectfully submitted,

*/s/ Julian C. Diamond*

Julian C. Diamond (NY Bar No. 5836846)
jdiamond@bursor.com
Bursor & Fisher, P.A.
1330 Avenue of the Americas
New York, NY 10019
Tel: (646) 837-7011
Facsimile: (212) 989-9163

Jonas Jacobson (OSB No. 231106)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Stephen Ferruolo (Cal. Bar No. 364158)
sferruolo@dovel.com
Dovel & Luner, LLP

201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Tel: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Counsel for Plaintiff*