Jonas Jacobson (OSB No. 231106)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)*
simon@dovel.com
Stephen Ferruolo (Cal. Bar No. 364158)*
sferruolo@dovel.com
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Tel: (310) 656-7066
Facsimile: +1 (310) 656-7069

Julian C. Diamond (NY Bar No. 5836846)*
jdiamond@bursor.com
Bursor & Fisher, P.A.
1330 Avenue of the Americas
New York, NY 10019
Tel: (646) 837-7011
Facsimile: (212) 989-9163

*Attorneys for Plaintiff*

* Admitted *Pro Hac Vice*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| KEIRA MCCARRELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RUGSUSA, LLC,<br><br>Defendant. | Case No. 3:25-cv-00454-AB<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF EXPERT J. MICHAEL DENNIS, PH.D.** |

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................ 1
LEGAL STANDARD.................................................................................................... 1
ARGUMENT ............................................................................................................... 2
I. Defendant's Survey Design Criticisms Do Not Warrant Exclusion ...................... 2
II. Dr. Dennis's Consumer Perception Survey Was Properly Designed .................... 4
III. Defendant's Purported Tooltip is a Red Herring ................................................. 5
IV. Dr. Dennis's Survey Approximates Real World Purchasing Behavior ................ 7
CONCLUSION............................................................................................................ 9

## TABLE OF AUTHORITIES

**Cases**

*Amorgianos v. Nat'l R.R. Passenger Corp.*,
137 F.Supp.2d 147 (E.D.N.Y. 2001) .......... 1

*Cardenas v. Toyota Motor Corp., et al.*,
2021 WL 5811741 (S.D. Fla. Dec. 6, 2021) .......... 3

*Clicks Billiards, Inc. v. Sixshooters, Inc.*,
251 F.3d 1252 (9th Cir. 2001) .......... 5

*Corr v. Terex USA, LLC*,
2011 WL 976718 (D. Kan. Mar. 17, 2011) .......... 4

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993) .......... 1

*Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*,
326 F.R.D. 592 (N.D. Cal. 2018) .......... 4

*Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*,
618 F.3d 1025 (9th Cir. 2010) .......... 5

*In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Pracs. & Prods. Liab. Litig.*,
2023 WL 6121894 (D.N.M. Sept. 19, 2023) .......... 3

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
264 F.R.D. 603 (N.D. Cal. 2009) .......... 2

*Krommenhock v. Post Foods, LLC*,
334 F.R.D. 552 (N.D. Cal. 2020) .......... 8

*Maldonado v. Apple, Inc*,
2021 WL 1947512 (N.D. Cal. May 14, 2021) .......... 8

*Rai v. Santa Clara Valley Transportation Auth.*,
308 F.R.D. 245 (N.D. Cal. 2015) .......... 2

*Schering Corp. v. Pfizer Inc.*,
189 F.3d 218 (2d Cir. 1999) .......... 3

*Spann v. J.C. Penney Corp.*,
307 F.R.D. 508 (C.D. Cal. 2015) .......... 2

*Tait v. BSH Home Appliances Corp.*,
289 F.R.D. 466 (C.D. Cal. 2012) .......... 1, 2

*Tiffany & Co. v. Costco Wholesale Corp.*,
127 F. Supp. 3d 241 (S.D.N.Y. 2015) .......... 8

*Tiffany & Co. v. Costco Wholesale Corp.*,
971 F.3d 74 (2d Cir. 2020) .......... 8

**Rules**

Fed. R. Evid. 702 ........................................................................................................................ 1

**Other Authorities**

Advisory Committee Notes concerning the amendment to Rule 702............................................ 4

Wittink, J. Huber, P. Zandan, R. M. Johnson, 1992, The Number of Levels Effect in Conjoint: Where Does It Come From and Can It Be Eliminated? Sawtooth Software Research Paper Series ...................................................................................................................................... 8

## INTRODUCTION

Defendant RugsUSA ("Defendant") moves to exclude the opinions of Plaintiff's damages expert, Dr. J. Michael Dennis. ECF No. 91 ("Motion"). None of Defendant's arguments warrant exclusion. For the reasons detailed herein, the Court should deny Defendant's motion in its entirety.

## LEGAL STANDARD

Federal Rule of Evidence 702 permits expert testimony from "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education," if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

*See* Fed. R. Evid. 702. The reliability of the proposed testimony depends on its scientific validity. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993). "In assessing the reliability of a proffered expert's testimony, a district court's inquiry under *Daubert* must focus, not on the substance of the expert's conclusions, but on whether those conclusions were generated by a reliable methodology." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 137 F.Supp.2d 147, 162 (E.D.N.Y. 2001).

At the class certification stage, "district courts are not required to conduct a full *Daubert* analysis. Rather, district courts must conduct an analysis tailored to whether an expert's opinion was sufficiently reliable to admit for the purpose of proving or disproving Rule 23 criteria, such as commonality and predominance." *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 495 (C.D. Cal. 2012). Arguments for exclusion under *Daubert* that go to the merits are "irrelevant" at the class certification stage. *Id.* at 497. Hence, in *Tait*, the Court denied motions to exclude

expert testimony where the defendant's motion focused on merits issues, and "[did] not even mention the Rule 23 requirements that are relevant to [the expert's] testimony, much less explain the purported problems with his testimony in relation to Rule 23." *Id.* Similarly in *Spann v. J.C. Penney Corp.*, 307 F.R.D. 508, 516-17 (C.D. Cal. 2015) and *Rai v. Santa Clara Valley Transportation Auth.*, 308 F.R.D. 245, 264 (N.D. Cal. 2015), the defendants in each case moved to exclude expert testimony because they disagreed with the experts' methodology for calculating damages. In both cases, the district courts followed *Tait* and denied the motions because the issue was not whether the damages methodology was right or wrong, but instead whether the methodology was applicable on a class-wide basis. *Spann*, 307 F.R.D. at 517 (defendants' criticisms did "not go to whether there are common questions of law or fact among putative class members"); *Rai*, 308 F.R.D. at 264 ("[Plaintiffs' expert] proposes to calculate damages using standard methodology premised on data common to all class members"); *see also In re Static Random Access Memory (SRAM) Antitrust Litig.*, 264 F.R.D. 603, 616 (N.D. Cal. 2009) ("The question for the court is whether the expert evidence is sufficiently probative to be useful in evaluating whether class certification requirements have been met.").

## ARGUMENT

### I. Defendant's Survey Design Criticisms Do Not Warrant Exclusion

Defendant moves to exclude Dr. Dennis's conjoint studies based on mischaracterizations and methodological criticisms, specifically that Dr. Dennis's studies allegedly (1) used "a 'one size fits all' methodology that tests only a handful of rug sizes, characteristics, and a narrow band of prices"; (2) did not consider a "Tooltip" that includes a purported disclaimer; and (3) did not "approximate the actual conditions under which consumers evaluate and purchase rug products online." Mot. at 1-2. These arguments are without merit.

Dr. Dennis designed and conducted the price premium surveys by considering the best practices for litigation surveys as documented by Professor Shari Seidman Diamond of Northwestern University in her "Reference Guide on Survey Research." *See* Declaration of J. Michael Dennis (Dkt. 56) ("Dennis Decl.") ¶ 38. The methodology employed by Dr. Dennis also considered several other materials, including Robert Groves, *et al.* in their survey research textbook, Survey Methodology (Second Edition), [] Peter Marsden and James Wright in the Handbook of Survey Research (Second Edition), [] Norman Bradburn et al in Asking Questions, [] Roger Tourangeau et al in The Psychology of Survey Response, and by marketing scientists specializing in price premium surveys and analysis (Green and Srinivasan, 1990; Orme, 2014; Sawtooth Software Technical Paper Series, 2009, 2017), among others. *Id.* ¶¶ 38, 84.

Conjoint is a reliable methodology for determining price premiums for product claims. Courts in this Circuit and across the country have consistently found that challenges concerning conjoint methodology, such as Defendant's challenge here, go to the weight and not the admissibility of expert opinions. *Schering Corp. v. Pfizer Inc.*, 189 F.3d 218, 228 (2d Cir. 1999) (Sotomayor, J.) ("[E]rrors in methodology [of consumer surveys] . . . go only to the weight of the evidence."); *In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Pracs. & Prods. Liab. Litig.*, 2023 WL 6121894, at *28 (D.N.M. Sept. 19, 2023) ("Many courts have accepted conjoint analyses as permissible methods for calculating damages… the issues that the Defendants' raise with [Plaintiff expert's] methodologies can be raised on cross-examination and go towards the weight rather than the admissibility."). "District courts from sea to shining sea, have recognized [arguments regarding methodology] go to weight, not admissibility." *Cardenas v. Toyota Motor Corp., et al.*, 2021 WL 5811741, at *5 (S.D. Fla. Dec. 6, 2021) (collecting cases). Moreover, as the courts and Advisory Committee have made clear, the "exclusion of expert testimony is the

exception, not the rule." *Corr v. Terex USA, LLC*, 2011 WL 976718, at *2 (D. Kan. Mar. 17, 2011) (*citing* Advisory Committee Notes concerning the amendment to Rule 702). Defendant's Motion should be denied on this basis alone.

**II. Dr. Dennis's Consumer Perception Survey Was Properly Designed**

Defendant argues that Dr. Dennis' proposed survey "ignores the subjective standard applicable to Plaintiff's claims under the UTPA and instead attempts to shoehorn myriad differences between the products offered by RugsUSA into a 'one size fits all' approach that tests just a handful of rug sizes and characteristics, as well as a narrow band of prices offered by the company." Mot. at 5-6. This is incorrect. Applying a price premium across product lines that have multiple attributes is both common practice and appropriate in this specific instance.

In his declaration, Dr. Dennis explains that he has already conducted "focus groups [that] confirmed that [his] conjoint survey is based on the appropriate attributes and that [he is] not omitting any important purchase drivers; that [he] should employ two conjoint surveys (one for the smaller rug sizes, and another for the larger rug sizes) because consumers initially compare like-sized rugs when beginning the purchase journey; that, with modest changes to the survey, [he] can improve the clarity of the description of the attributes; that [his] conjoint survey provided the appropriate shopping context; and that [his] survey is non-leading and unbiasing from the respondents' perspective." Dennis Decl. ¶ 79; see also *id.* ¶ 80, 85-89. Applying a price premium based on this kind of category-based sampling using a limited number of attributes represents best practices and is standard practice. *See* Dennis Decl. Fn. 51; *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 326 F.R.D. 592, 603 (N.D. Cal. 2018) ("The number of attributes used is important because the more attributes in a conjoint survey, the higher risk that it simply becomes too complex for respondents.") (citation omitted). Dr. Dennis' decision to limit the number of attributes is well justified according to best practices and Defendant's

arguments to the contrary go to weight, not admissibility. *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1038 (9th Cir. 2010) ("[T]hese criticisms go to 'issues of methodology, survey design, reliability, ... [and] critique of conclusions,' and therefore 'go to the weight of the survey rather than its admissibility.'" (*citing Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1263 (9th Cir. 2001)).

### III. Defendant's Purported Tooltip is a Red Herring

Defendant next attacks Dr. Dennis' conjoint methodology by claiming that his "proposed conjoint surveys do not appropriately reflect the setting in which consumers actually purchase RugsUSA products" because they purportedly "omit[] key context provided to consumers on the website regarding the meaning of the 'Compare at Price.'" Mot. at 8. To be clear, Defendant's purported disclaimer is referring to a "Tooltip" which only appears on Defendant's website under certain conditions.

Defendant claims that "Dr. Dennis has not provided any methodological or scientific basis for excluding the Disclaimer from the proposed conjoint." Mot. at 8. But this is wrong. As Dr. Dennis pointed out during his deposition, his methodology was centered around testing "the Plaintiff's theory of liability using the best methods [he] know[s] about and that are generally accepted." *See* Ex. A to the Motion, 79:16-18. According to Plaintiff's theory of liability, reasonable consumers never would have seen the Tooltip. This is directly dealt with by Plaintiff's consumer perception expert, Bruce Silverman. *See* Declaration of Bruce Silverman (Dkt. 55) ("Silverman Decl."). Thus, contrary to Defendant's claims, a conjoint survey which omits the Tooltip better approximates real world conditions.

Defendant's Motion trickily includes an image with the Tooltip displayed. *See* Mot. at 8. But this image does not represent what class members saw on Defendant's website. Rather, when

visiting Defendant's website, class members would have been confronted with the below representations:




Silverman Decl., ¶ 90. Without any prompting from Defendant, a class member would need to click on (not hover over) the small question mark ("ⓘ") in fine grey print alongside the strikethrough pricing ($79) (what Defendant also calls the Compare at Price). [redacted] Specifically, the Tooltip is "[redacted]" Silverman Decl., ¶ 92-93. "[redacted]." *Id.* [redacted]." *Id.*

Plaintiff has thus offered evidence in the form of an expert's opinion that "reasonable consumers would not notice or think to click on the inconspicuous asterisk and would therefore be justifiably unaware of any disclaimer." Silverman Decl., ¶ 92. Defendant does not rebut this. In fact, to the contrary, [redacted]

[redacted] Based on this, the decision not to include Defendant's tooltip in the conjoint survey was a sound one because it better approximates real world conditions where reasonable consumers never saw the tooltip in the first place.[1]

**IV. Dr. Dennis's Survey Approximates Real World Purchasing Behavior**

Defendant next argues that Dr. Dennis's survey "ignores the way in which customers shop for rug products online." Mot. at 9. But this criticism is unfounded.

First, Defendant argues that "Dr. Dennis's proposed conjoint surveys require respondents to make purchase decisions without conducting any external research and to rely solely on the information presented within the surveys – which is entirely inconsistent with the real-world experience." But this criticism defies common sense. As described *supra*, Dr. Dennis's used the

[1] Although unnecessary for the reasons discussed herein, Dr. Dennis could add a "Tooltip" into his survey design to the extent he is required to do so.

best practices for litigation surveys, and Defendant offers nothing suggesting that in a controlled environment it would be valid or reasonable to tell a participant to go outside of the scope of the survey and conduct his or her own research.

Defendant also argues that Dr. Dennis's proposed survey "reduce[s] rug shopping to a list of text attributes" and "is entirely inconsistent with the way in which consumers select from different rug products on the RugsUSA website." Mot. at 10. But this criticism is neither accurate nor valid. The survey is not simply a list of test attributes. Rather, the survey displays images to define each style type, each pattern type, and the color options. *See* Dennis Decl. ¶¶ 106–108. Additionally, Dr. Dennis specifically explains the issue with using too many levels of attributes in a survey. *See* Dennis Decl. Fn. 51 ("Using an excessively large number of levels in an attribute can cause focalism bias, which results in respondents placing undue importance on an attribute.") (citing D. Wittink, J. Huber, P. Zandan, R. M. Johnson, 1992, The Number of Levels Effect in Conjoint: Where Does It Come From and Can It Be Eliminated? Sawtooth Software Research Paper Series).

Ultimately, Defendant's criticisms are "less about the fundamental reliability of evidence and more about the creativity of the opponents of that evidence identifying factors that could influence markets." *Maldonado v. Apple, Inc*, 2021 WL 1947512, at *22 (N.D. Cal. May 14, 2021). To exclude expert evidence on this basis "would undermine, not be a faithful application of, the purpose of Daubert." *Id*. Defendant "cites no cases rejecting conjoint analyses for failures to account for these particular issues," at best "these attacks might be fodder for cross-examination, they are not grounds for exclusion." *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 576 (N.D. Cal. 2020); *see also Tiffany & Co. v. Costco Wholesale Corp.*, 127 F. Supp. 3d 241, 250 (S.D.N.Y. 2015), *vacated and remanded on other grounds*, 971 F.3d 74 (2d Cir. 2020)

(finding that criticism that a conjoint study "was not designed in a way that approximated actual marketplace conditions … consist[ed] only of [Defendant's expert's] own competing beliefs as to what would make for an appropriate survey" and thus goes to the weight, rather than the admissibility of the survey.). Thus, Defendant's arguments on these grounds should be rejected.

## CONCLUSION

For the foregoing reasons, Defendant's motion should be denied in its entirety.

Dated: July 22, 2026

Respectfully submitted,

*/s/ Julian C. Diamond*
Julian C. Diamond (NY Bar No. 5836846)
jdiamond@bursor.com
Bursor & Fisher, P.A.
1330 Avenue of the Americas
New York, NY 10019
Tel: (646) 837-7011
Facsimile: (212) 989-9163

Jonas Jacobson (OSB No. 231106)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Stephen Ferruolo (Cal. Bar No. 364158)
sferruolo@dovel.com
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Tel: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Counsel for Plaintiff*