P. Craig Cardon (CA 168646)*
Kevin M. Murphy (CA 346041)*
Rana Salem (CA 358050)*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
T: 310.228.3700 / F: 310.228.3701
ccardon@sheppard.com
kemurphy@sheppard.com
rsalem@sheppard.com

Abby H. Meyer (CA 294947)*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626
T: 714.513.5100 / F: 714.513.5130
ameyer@sheppard.com

[COUNSEL CONTINUED ON NEXT PAGE]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

KEIRA McCARRELL, individually and on behalf of all others similarly situated,

Plaintiff,

v.

RUGSUSA, LLC,

Defendant.

Case No. 3:25-cv-00454-AB

**DEFENDANT RUGSUSA, LLC'S REPLY IN SUPPORT OF MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERT COLIN WEIR**

ORAL ARGUMENT REQUESTED

Timothy W. Snider, OSB 034577
Nicholas R. Bottcher, OSB 245683
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
timothy.snider@stoel.com
nicholas.bottcher@stoel.com
T: 503.224.3380

*Attorneys for Defendant, RugsUSA, LLC*

*Admitted *Pro Hac Vice*

## I. INTRODUCTION

Plaintiff has withdrawn her full refund theory of damages, effectively mooting the dispute over Mr. Weir's "Product Return Model."[1] The sole remaining question is narrow: whether Mr. Weir's "Price Premium Damages" opinions – which are entirely dependent on Dr. Dennis's proposed conjoint analysis – should be excluded because they rest on an unreliable foundation. They should.

Mr. Weir himself repeatedly concedes that his Price Premium Damages opinions are "based upon the work of Dr. Michael Dennis." If that foundational work is unreliable – as RugsUSA has affirmatively demonstrated in the Dennis Motion and the reply brief in support thereof – then Mr. Weir's dependent opinions necessarily fail as well. Plaintiff's opposition cites no authority to the contrary. Nor does it offer any basis for concluding that Mr. Weir's Price Premium Damages opinions can stand independently of Dr. Dennis's unreliable conjoint analysis. Instead, Plaintiff contends that RugsUSA's motion improperly "presupposes" the exclusion of Dr. Dennis's work. But RugsUSA does not presuppose any ruling; it properly asks this Court to exercise its independent gatekeeping obligation by evaluating the reliability of the foundation upon which Mr. Weir's opinions rest.

Because Mr. Weir has performed no independent analysis and relies entirely on Dr. Dennis's fundamentally flawed proposed conjoint methodology, his Price Premium Damages opinions lack any reliable foundation and must be excluded under *Daubert* and Rule 702.

---

[1] *See* Plaintiff's Opposition (Dkt. 83) ("<u>Opp.</u>") at f.n. 1. ("Plaintiff withdraws her proposed 'Product Return Model' theory of damages.").

## II. <u>MR. WEIR'S "PRICE PREMIUM" OPINIONS MUST BE EXCLUDED BECAUSE THEY ARE ENTIRELY DEPENDENT ON DR. DENNIS'S UNRELIABLE PROPOSED CONJOINT ANALYSIS</u>

Plaintiff's opposition to the exclusion of Mr. Weir's Price Premium Damages opinions rests on three flawed premises, none of which withstands scrutiny.

First, Plaintiff contends that RugsUSA's motion "presupposes" that the Court has already excluded Dr. Dennis's conjoint analysis. (Opp. at p. 4.) But Plaintiff mischaracterizes RugsUSA's argument. RugsUSA does not presuppose any ruling; rather, it asks this Court to exercise its gatekeeping function under Rule 702 and *Daubert* by independently evaluating the reliability of the foundation upon which Mr. Weir's opinions rest. That is precisely what is required by the Ninth Circuit at the class certification stage. *See Grodzitsky v. Am. Honda Motor Co.*, 957 F.3d 979, 984 (9th Cir. 2020) ("[I]n evaluating challenged expert testimony in support of class certification, a district court should evaluate admissibility under the standard set forth in *Daubert* [. . . .] the district court judge must ensure that all admitted expert testimony is both relevant and reliable") (internal quotations omitted).

Mr. Weir himself repeatedly states that his Price Premium Damages opinions are "based upon the work of Dr. Michael Dennis." (Report ¶ 11; *see also id.* ¶¶ 30-38, 55-57.) If that work is unreliable, as RugsUSA has demonstrated in the Dennis Motion, then Mr. Weir's dependent opinions necessarily fail as well. There is no requirement – nor any logical basis – for the Court to defer this determination; it need only evaluate whether the inputs upon which Mr. Weir relies satisfy Rule 702's reliability threshold. Courts routinely exclude derivative expert opinions that rest on unreliable *foundational work. See PRCM Advisers LLC v. Two Harbors Inv. Corp.*, No. 20-CV-5649 (LAK) (BCM), 2025 U.S. Dist. LEXIS 84212, at *62, 2025 WL 1276513 (S.D.N.Y. May 2, 2025) ("[I]f one expert's opinion is excluded by the court . . . *any calculations,* analyses, or conclusions reached by other experts in reliance on the excluded opinion must

themselves be excluded." (emphasis added)); *Axelrod v. Lenovo (U.S.) Inc*., No. 21-cv-06770, Dkt. 270 (N.D. Cal. May 7, 2025) (denying motion to certify damages classes and granting *Daubert* motions in part; "a material component of Mr. Tregillis's damages analysis depended on Dr. Dimofte's equivalent true discount surveys. […] Because the Court has excluded those surveys, it … will not consider Mr. Tregillis's opinions on damages …"); *see also Lusch v. Matrixx Initiatives, Inc.,* No. 05-292-HA, 2007 U.S. Dist. LEXIS 72068, at *14 (D. Or. Sep. 25, 2007) (excluding opinion premised on "the same scientifically unreliable evidence created by, and relied upon" by another expert); *Chandler Gas & Store Inc. v. Treasure Franchise Co. LLC*, No. CV-23-00400-PHX-KML, 2025 U.S. Dist. LEXIS 213116, at *14, 2025 WL 3018829 (D. Ariz. Oct. 29, 2025) ("Although inadmissible evidence may be considered in formulating expert opinions [...] [an expert] may not rely on evidence that itself is unreliable."); *In re Pandora Media, LLC*, No. 2:22-cv-00809-MCS-MAR, 2025 U.S. Dist. LEXIS 70978, at *42, 2025 WL 1090408 (C.D. Cal. Jan. 21, 2025) ("[N]o expert may rely on excluded opinions[.]").

Second, Plaintiff's fallback argument – that challenges to an expert's "assumptions, inputs, and conclusions" merely go to "weight" (Opp. at p. 5) – misapprehends the burden imposed by Rule 702. The 2023 amendment to Rule 702 resolved any ambiguity on this point: "expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule." Fed. R. Evid. 702, Advisory Committee Note to 2023 Amendment. The question is not whether a jury might discount Mr. Weir's opinions; it is whether Plaintiff has carried her threshold burden of demonstrating that those opinions rest on a reliable foundation. She has not. As the Ninth Circuit has held, a plaintiff must demonstrate "by a preponderance of the evidence"

that a proposed "model will be able to reliably calculate damages in a manner common to the class at trial." *Lytle v. Nutramax Labs., Inc.*, 114 F.4th 1011, 1024 (9th Cir. 2024).

Consistent with this requirement, district courts in the Ninth Circuit routinely exclude expert opinions at the class certification stage that fail to present a proposed conjoint model capable of reliably calculating classwide damages. *See LeGrand v. Abbott Labs.,* No. 22-cv-05815-TSH, 2025 U.S. Dist. LEXIS 156022, at *17, 2025 WL 2323352 (N.D. Cal. Aug. 4, 2025) (excluding opinions related to proposed conjoint survey model endorsed by Mr. Weir); *In re ConAgra Foods, Inc.,* 302 F.R.D. 537, 552 (C.D. Cal. 2014) ("Although the methodologies he describes may very well be capable of calculating damages in this action, Weir has made no showing that this is the case . . . . [H]is declaration is 'so incomplete as to be inadmissible as irrelevant'").

Finally, the cases on which Plaintiff relies do not excuse Dr. Dennis (or Mr. Weir by proxy) from meeting this requirement and are otherwise inapposite. *See Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt.,* 618 F.3d 1025, 1036 (9th Cir. 2010) (discussing design of trademark confusion survey in Lanham Act infringement action); *Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 86 (2d Cir. 2020) (same); *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 576 (N.D. Cal. 2020) (addressing impact of presence of other label statements and supply-side factors in design of conjoint survey involving cereal box labels). None of these cases addresses the situation presented here, where an expert's entire opinions are built upon, and wholly dependent on, the work product of another expert whose methodology is independently challenged as fundamentally unreliable. The problem is not that Mr. Weir is necessarily "unqualified" to offer opinions relating to damages; it is that Mr. Weir purports to rely entirely on Dr. Dennis's flawed survey results in forming his Price Premium Damages opinions.

This distinction is dispositive. Mr. Weir has performed no independent conjoint analysis of his own – nor does he propose to do so. He intends to rely entirely on Dr. Dennis's proposed conjoint surveys to generate his Price Premium Damages figures. (Report ¶¶ 11, 30-38, 55-57.) The flaws in Dr. Dennis's analysis are therefore not mere "assumptions, inputs, and conclusions" amenable to cross-examination – they are structural deficiencies that deprive Mr. Weir's opinions of any reliable foundation whatsoever. Because Dr. Dennis's proposed conjoint analysis is fundamentally unreliable for the reasons set forth in the Dennis Motion, Mr. Weir's Price Premium Damages opinions necessarily fail and must be excluded.

## III. CONCLUSION

For the reasons set forth above, RugsUSA respectfully requests that the Court grant its Motion and exclude the opinions set forth in paragraphs 11, 15, 30-38, and 55-57 of Mr. Weir's Report and any related testimony from its analysis of Plaintiff's class certification motion.

DATED: August 5, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: */s/ P. Craig Cardon*

P. Craig Cardon*
ccardon@sheppard.com
Kevin Murphy*
kemurphy@sheppard.com
Rana Salem*
rsalem@sheppard.com
Abby H. Meyer*
ameyer@sheppard.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: 310.228.3700

STOEL RIVES LLP

Timothy W. Snider, OSB No. 034577
timothy.snider@stoel.com
Nicholas R. Bottcher, OSB No. 245683
nicholas.bottcher@stoel.com
Telephone: 503.224.3380

*Attorneys for Defendant RugsUSA, LLC*
* Admitted *Pro Hac Vice*

**Certificate of Compliance**

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 1,361 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

*/s/ P. Craig Cardon*
P. Craig Cardon