P. Craig Cardon (CA 168646)*
Kevin M. Murphy (CA 346041)*
Rana Salem (CA 358050)*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
T: 310.228.3700 / F: 310.228.3701
ccardon@sheppard.com
kemurphy@sheppard.com
rsalem@sheppard.com

Abby H. Meyer (CA 294947)*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626
T: 714.513.5100 / F: 714.513.5130
ameyer@sheppard.com

[COUNSEL CONTINUED ON NEXT PAGE]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KEIRA McCARRELL, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>      v.<br><br>RUGSUSA, LLC,<br><br>              Defendant. | Case No. 3:25-cv-00454-AB<br><br>**DEFENDANT RUGSUSA, LLC'S REPLY IN SUPPORT OF MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERT BRUCE SILVERMAN**<br><br>ORAL ARGUMENT REQUESTED |

SMRH:4938-4091-7954.2

Timothy W. Snider, OSB 034577
Nicholas R. Bottcher, OSB 245683
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
timothy.snider@stoel.com
nicholas.bottcher@stoel.com
T: 503.224.3380

*Attorneys for Defendant, RugsUSA, LLC*

*Admitted *Pro Hac Vice*

## I.    **INTRODUCTION**

Plaintiff's opposition confirms that Mr. Silverman's opinions should be excluded.  Rather than demonstrating that Mr. Silverman employed a reliable methodology, Plaintiff conflates his credentials with reliability – cataloguing Mr. Silverman's resume while never sufficiently explaining how his general historical experience in the advertising industry provides a reliable basis for his opinions regarding how consumers perceive and interact with the Disclaimer on RugsUSA's e-commerce website.  Under *Daubert* and Rule 702, the question is not whether Mr. Silverman *knows about* advertising concepts generally, but instead whether his *methodology* for reaching the specific opinions he purports to offer in this case is reliable.  Therefore, Mr. Silverman must bridge the "analytical gap" between his experience and opinions relating to the Disclaimer.  *GE v. Joiner*, 522 U.S. 136, 146 (1997).  He has not done so.

Plaintiff's *post hoc* effort to fill-in-the-blank between Mr. Silverman's experience and his opinions wrongly conflates qualifications with reliability.  Nothing in the opposition remedies Mr. Silverman's failure to explain *how* his unspecified experience provides a sufficient or reliable basis for his opinions as applies to the facts *in this case*.  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 151 (1999) (the court's "gatekeeping inquiry must be tied to the facts of a particular case." (cleaned up)).  While in some prior cases Mr. Silverman has been permitted to testify, those involved entirely different products, advertising statements, and media.  In others, courts have focused on the disconnect and excluded his testimony on similar grounds requested here.  Because Mr. Silverman's opinions in Paragraphs 90-98 of the Report remain untethered to any reliable methodology, they should be excluded.

## II.    MR. SILVERMAN'S OPINIONS RELATING TO THE DISCLAIMER SHOULD BE EXCLUDED

### A.    Mr. Silverman's "Qualifications" Do Not Bridge The Gap Between His Experience and His Opinions Relating To The Disclaimer

Plaintiff concedes that, to satisfy the reliability requirement of *Daubert* and Rule 702, an expert relying solely on their "experience" must explain: "how that experience leads to the conclusions reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." (*See* Opp. at p. 6, citing *FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 U.S. Dist. LEXIS 208197, at *17, 2018 WL 6460573 (N.D. Cal. Dec. 10, 2018); *see also Kumho Tire*, 526 U.S. at 152; *United States v. Valencia-Lopez*, 971 F.3d 891, 898 (9th Cir. 2020); *United States v. Holguin,* 51 F.4th 841, 855 (9th Cir. 2022).)

Consistent with this requirement, courts properly exclude expert testimony based on purported "experience" where an expert fails to bridge the gap between his experience and the specific facts of the case. *See, e.g., Wolff v. Tomahawk Mfg.*, No. 3:21-cv-880-SI, 2025 U.S. Dist. LEXIS 104016, at *28, 2025 WL 1555251 (D. Or. June 2, 2025) (excluding testimony premised on expert's experience as a mechanical engineer despite being "generally qualified" in the industry).

Indeed, Mr. Silverman himself has been previously excluded from offering opinions for which he has similarly failed to meet this reliability requirement. *See Rydman v. Champion Petfoods USA, Inc.*, No. C18-1578 TSZ, 2023 U.S. Dist. LEXIS 75439, at *24, 2023 WL 3172466 (W.D. Wash. May 1, 2023) (excluding Mr. Silverman's opinion that, "[a]ssuming [p]laintiff's allegations are true, a reasonable consumer would be misled and deceived by [defendant's] packaging as a whole" finding that he had "not provided any basis for his opinion, other than speculation."); *Colangelo v. Champion Petfoods USA, Inc.*, No. 6:18-CV-1228 (LEK/ML), 2022 U.S. Dist. LEXIS 60489, at *46, 2022 WL 991518 (N.D.N.Y. Mar. 31, 2022)

(excluding same opinion); *FLIR Sys., Inc. v. Fluke Corp.*, No. 3:10-CV-00971-HU, 2012 WL 13051121, at *3 (D. Or. Nov. 5, 2012) (excluding Mr. Silverman's opinion regarding "[w]hat particular features are important to consumers of thermal imaging cameras" on the grounds that it was "completely beyond Silverman's personal knowledge or expertise" and the plaintiff failed to identify any supporting "empirical research").

Here, Plaintiff nevertheless attempts to gloss over the requisite reliability analysis by referencing Mr. Silverman's opinions and "qualifications" together in broad strokes, asserting that he "has worked for over 50 years at the highest levels in the 'real world' of marketing and advertising", "authored hundreds of advertisements and label designs", and has "personally interviewed" thousands of consumers in other contexts.  (Opp. at pp. 3-4, 7-11.)  Plaintiff's *post hoc* arguments "cannot fill in the gaps" for Mr. Silverman's deficient Report.  *See Wolff*, 2025 U.S. Dist. LEXIS 104016, at *18.  However, even crediting these arguments, Plaintiff still fails to explain *how* Mr. Silverman's prior advertising career or past "one-on-one" discussions with consumers provide him with a reliable basis to offer *each* of his various opinions set forth in Paragraphs 92-98.

The opposition largely collapses the concepts of experience and methodology.  But when the two are pulled apart, Mr. Silverman's experience is general and untethered to the facts of the case.  His methodology is also nonexistent – amounting to little more than subjective impression – and is best described as "vibes".

Given the lack of any methodology in the Report, the opposition repeatedly attempts to fill-in-the-blanks between Mr. Silverman's opinions and experience by cobbling together unrelated excerpts from the Report.  (Opp. at pp. 7-11.)  For example, Plaintiff asserts that Mr. Silverman "learned how best to" hide disclaimers in advertising by "regularly ma[king] … it a

practice to interview consumers on a one-on-one basis … about their shopping habits" and studying "how closely they looked at labels and point-of-sale ads." (Opp. at p. 9 (citing Report ¶¶ 64, 92).)  But these are entirely unrelated concepts within the Report.  For instance, Paragraph 64 merely states:

> As previously discussed, many of my former clients are mass merchandisers, i.e., supermarkets and drug stores. Others fell into the big box category. I regularly made (and continue to make) it a practice to interview consumers on a one-on-one basis in the aisles of these retailers about their shopping habits. I call this practice "Marketplace Sleuthing."

The fact that Mr. Silverman has made "a practice to interview consumers" in the aisles of supermarkets and drug stores about their shopping habits for mass-merchandised products does not have any bearing on his opinion in Paragraph 92 that "reasonable consumers would not notice or think to click on the inconspicuous asterisk and would therefore be justifiably unaware of any disclaimer" on RugsUSA's e-commerce website.  Mr. Silverman does not explain, and Plaintiff does not identify, how observing consumers in brick-and-mortar retail stores translates into reliable expertise regarding how consumers navigate, perceive, and interact with disclaimers on the RugsUSA website.  These are fundamentally different consumer environments, and Mr. Silverman offers no methodology, study, or reasoned explanation to bridge this gap.  At best his "Marketplace Sleuthing" is an undocumented consumer survey with no controls, no record of what was asked or answered, and conducted by someone who is not a survey expert.

Plaintiff's efforts to bolster Mr. Silverman's remaining opinions fare no better.  With respect to Mr. Silverman's opinion that a reasonable consumer who did read the disclaimer would not understand it in a way that "undoes the deception" (Opp. at p. 9), Plaintiff again points to Mr. Silverman's general experiences with consumer perception of pricing and discounts.  But Mr. Silverman's opinion that reasonable consumers would not understand the phrase "prevailing

market price" is not grounded in any reliable methodology – it remains a bare assertion dressed up as expert testimony.   He does not profess to have ever asked a single consumer what they understand "prevailing market price" to mean.  Again, his "methodology" is nothing more than vibes.

The same remains true of Plaintiff's efforts to rehabilitate Mr. Silverman's other opinions: simply having experience in the advertising industry generally does not render his opinions *reliable*.  (*Compare* Report ¶¶ 92-98 *with* Opp. at pp. 7-11.)  Tellingly, Plaintiff simply ignores Mr. Silverman's admission in deposition that prior to this case ***he had never even seen a disclaimer like the one on RugsUSA's website before***.  (Dkt. 77-1, Ex. A to Meyer Decl., 70:3-11 ("I -- I have never seen -- personally ever seen a symbol with a question mark like that. Maybe it's been used many times. I've never seen it ...").)[1]  Hence, Mr. Silverman's generic references to his "experience" – which evidently did not involve the Disclaimer on the RugsUSA website or any other similar use of a tool tip – still do not provide a sufficient basis for his opinions on consumer behavior here.

Plaintiff's reliance on *Qualcomm* is misplaced.  (Opp. at pp. 6-7.)  There, the court permitted experience-based testimony from a licensing executive who had spent 31 years at Texas Instruments as a patent attorney and Senior Vice President and General Patent Counsel, and who opined on the very subject of his direct professional experience – patent licensing negotiation practices in the semiconductor industry.  *Qualcomm*, 2018 U.S. Dist. LEXIS 208197,

---

[1] Mr. Silverman's experience apparently includes his own attempts to minimize the presence of disclaimers in advertising.  (*See* Report ¶ 93 ("Every copywriter and every art director I worked with faced the same challenge, i.e., making the disclaimer that was written and provided to us by the agency's or client's attorneys *as invisible or as unlikely to be read as possible*." (emphasis added).)  But that experience provides no basis for his opinions about how RugsUSA customers interact with the Disclaimer on the e-commerce website.

at *17-19. The court found the expert's testimony reliable because there was no "analytical gap" to bridge; his career experience and his opinions concerned the same subject matter, and he reviewed voluminous case-specific materials before forming his opinions. *See id.* at *17-18. If Mr. Silverman were to testify about practices and procedures at advertising agencies in certain decades in which he worked, the analogy to *Qualcomm* might hold. But Mr. Silverman does not do that. Instead, he offers the equivalent of the *Qualcomm* expert purporting to interpret the patents at issue, rather than merely testifying about negotiation custom and practice.

Mr. Silverman's career has centered on advertising and marketing for mass-merchandised products sold in brick-and-mortar retail environments, yet his opinions in Paragraphs 90-98 concern how reasonable consumers perceive and interact with a specific disclaimer on the RugsUSA e-commerce website – a fundamentally different medium. He identifies no experience designing, testing, or evaluating e-commerce websites or online disclaimers involving rug products, nor does he cite any empirical research or methodology connecting his offline advertising experience to the online consumer environment at issue. He is not an expert on user interfaces or channeling consumer perception. *Qualcomm* involved the narrow logistical issue of license negotiation custom and practice in a specific industry and is a stark comparison to Mr. Silverman's testimony.

In short, neither the Report nor the opposition explains how Mr. Silverman's experience in brick-and-mortar retail and traditional advertising leads to his conclusions about online consumer behavior, why that experience is a sufficient basis for such opinions, or how it is reliably applied to the facts of this case. This is precisely the type of *ipse dixit* that *Daubert* and Rule 702 prohibit. *See Kumho Tire*, 526 U.S. at 157; *Wolff*, 2025 U.S. Dist. LEXIS 104016, at *28; *Holguin,* 51 F.4th at 855. Accordingly, Mr. Silverman's opinions in Paragraphs 92-98 of

the Report should be excluded as unreliable.

**B.**     **Mr. Silverman's Prior Testimony In Unrelated Cases Is Likewise Inapposite**

In a further effort to excuse the deficiencies above, Plaintiff asserts that courts "routinely approve" Mr. Silverman's "testimony on the same topics at issue here." (*See* Opp. at pp. 4-5, 11-15.)[2] However, contrary to Plaintiff's assertions, these cases are entirely inapposite to the reliability issues before the Court for multiple reasons.

As an initial matter, Mr. Silverman did not proffer similar testimony in any of these cases regarding consumer interactions with and/or understanding of e-commerce tooltip website disclaimers (i.e., the specific Disclaimer at issue here) *because they involved entirely different products and advertising issues.* *See Bailey*, 338 F.R.D. at 400 ("rapid release" statement on packaging of drug product sold at "brick-and-mortar" stores); *Vizcarra*, 2025 U.S. Dist. LEXIS 104521, at *9 (coupon discount codes on arts and crafts supplies); *Krommenhock*, 334 F.R.D. at 579 (health and nutrition statements on cereal box labeling); *Hadley*, 2019 U.S. Dist. LEXIS 136791, at *2 (health and nutrition statements on cereal box and bar labeling); *Hobbs*, 2016 U.S. Dist. LEXIS 195911, at *10-11 (the terms "letter-size or legal-size document glass" used to market printers); *Zarinebaf*, 2022 U.S. Dist. LEXIS 56603, at *16-19 (nutritious and fresh statements on pet food packaging).

Ignoring these differences, Plaintiff asserts that "Mr. Silverman uses the precise type of experience-based methodology" here that were accepted in these cases. (*See* Opp. at pp. 11-12.) But, unlike here, Mr. Silverman's opinions in *Bailey*, *Vizcarra*, *Krommenhock*, and *Hadley* were

---

[2] Citing *Bailey v. Rite Aid Corp.* 338 F.R.D. 390 (N.D. Cal. 2021); *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552 (N.D. Cal. 2020); *Hadley v. Kellogg Sales Co.*, 2019 WL 3804661 (N.D. Cal. Aug. 13, 2019); *Hobbs v. Brother Int'l Corp.*, 2016 U.S. Dist. LEXIS 195911 (C.D. Cal. Aug. 31, 2016); *Zarinebaf v. Champion Petfoods USA Inc.*, 2022 U.S. Dist. LEXIS 56603 (N.D. Ill. Mar. 29, 2022)); *Vizcarra v. Michaels Stores, Inc.*, 2025 U.S. Dist. LEXIS 104521 (N.D. Cal. June 2, 2025).

also found to be sufficiently limited to his specific advertising experience and knowledge (*see Bailey*, 338 F.R.D. at 400 (finding Silverman had experience with "products sold at mass merchandisers, such as drug stores and supermarkets"); *Vizcarra*, 2025 U.S. Dist. LEXIS 104521, at *9 (finding "Silverman's opinions are adequately based upon his extensive personal knowledge and experience"); *Krommenhock*, 334 F.R.D. at 579 (finding experience in the "marketing of cereal products"); *Hadley*, 2019 U.S. Dist. LEXIS 136791, at *73 (same)).

To the extent that Plaintiff attempts to rely on *Zarinebaf* and *Hobbs* (Opp. at pp. 12-13), which allowed Mr. Silverman to testify based on his more general advertising experiences, those decisions both predated the 2023 amendment of Rule 702, which clarified that a party must show that it is "more likely than not" that the expert's testimony is based on sufficient facts or data and is the product of reliable principles and methods.  Prior to that amendment, "many courts" had similarly "held that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility." *See* Fed. R. Evid. 702 advisory committee's note to 2023 amendment.  However, as the committee recognized, these kinds of "rulings are an incorrect application of Rule[] 702."  *Id.*; *cf. Hobbs*, 2016 U.S. Dist. LEXIS 195911, at *10-11; *Zarinebaf*, 2022 U.S. Dist. LEXIS 56603, at *19 (finding Silverman's "lack of experience with premium dog food" went to "weight, not admissibility").  Under the clarified standard now in effect, this Court should apply the more rigorous preponderance-of-the-evidence burden – and the pre-amendment decisions on which Plaintiff relies provide no support for admitting Mr. Silverman's testimony here.

Moreover, as the court in *Zarinebaf* recognized, "Silverman's testimony has been excluded when he has stepped too far outside the bounds of his experience in the advertising and marketing arena." *Zarinebaf*, 2022 U.S. Dist. LEXIS 56603, at *18-19 (collecting cases).  As set

forth above, Mr. Silverman fails to explain how his experience leads to his conclusions about online consumer behavior, why that experience is a sufficient basis for such opinions, or how it is reliably applied to the facts of this case.  The fact that Mr. Silverman has been admitted to testify on entirely different topics in other cases does not excuse him from satisfying the reliability requirement *as applied to the facts here*.  *Kumho Tire*, 526 U.S. at 151 (the court's "gatekeeping inquiry must be tied to the facts of a particular case." (cleaned up)).

### C.    Mr. Silverman's Unsupported Statements Do Not Aid The Factfinder

Plaintiff's brief argument that Mr. Silverman's opinions are relevant because the jury lacks "expertise in consumer perception" misses the point (and does not pass the straight-face test).  (Opp. at pp. 15-16.)   Where an expert offers no methodology beyond reviewing the same materials available to the jury and rendering a subjective opinion, the testimony is "not helpful to the trier of fact."  *Hayter v. Travelers Indem. Co.*, 793 F. Supp. 3d 1283, 1291 (D. Or. 2025) (excluding expert's declaration that attempted to "reinforce Plaintiff's factual narrative" where opinion was "not traceable to any reliable methodology").

That is precisely what Mr. Silverman has done here.  (Report ¶¶ 90-98.)  He merely restates and summarizes record evidence and then offers conclusory opinions.  Plaintiff's reliance on the principle that doubts should be resolved in favor of admissibility does not rescue testimony that is wholly devoid of methodology.  *Hayter*, 793 F. Supp. 3d at 1291; *see also Siqueiros v. GM LLC*, No. 16-cv-07244-EMC, 2022 U.S. Dist. LEXIS 3651, at *37, 2022 WL 74182 (N.D. Cal. Jan. 7, 2022) (an expert "may not restate or summarize record evidence and then state a conclusion without applying a methodology that is reliable and which evinces his/her expertise").  Resolving "doubts" in favor of admissibility does not mean abandoning the court's gatekeeping function entirely.

### III.    <u>CONCLUSION</u>

For the reasons set forth above and in the moving papers, RugsUSA respectfully requests that the Court grant its Motion and exclude the opinions set forth in paragraphs 90-98 of Mr. Silverman's Report and any related testimony.

DATED: August 5, 2026

SHEPPARD, MULLIN, RICHTER &  HAMPTON LLP


By:*/s/ P. Craig Cardon*
P. Craig Cardon*
ccardon@sheppard.com
Kevin Murphy*
kemurphy@sheppard.com
Rana Salem*
rsalem@sheppard.com
Abby H. Meyer*
ameyer@sheppard.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: 310.228.3700

STOEL RIVES LLP

Timothy W. Snider, OSB No. 034577
timothy.snider@stoel.com
Nicholas R. Bottcher, OSB No. 245683
nicholas.bottcher@stoel.com
Telephone: 503.224.3380

*Attorneys for Defendant RugsUSA, LLC*
* Admitted *Pro Hac Vice*

**<u>Certificate of Compliance</u>**

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 2,848 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

*/s/ P. Craig Cardon*
P. Craig Cardon
