Timothy W. Snider, OSB 034577
Nicholas R. Bottcher, OSB 245683
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
timothy.snider@stoel.com
nicholas.bottcher@stoel.com
T: 503.224.3380

*Attorneys for Defendant, RugsUSA, LLC*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

KEIRA McCARRELL, individually and on behalf of all others similarly situated,

Plaintiff,

v.

RUGSUSA, LLC,

Defendant.

Case No. 3:25-cv-00454-AB

**DEFENDANT RUGSUSA, LLC'S SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

## I. ARGUMENT

In her Reply to Motion to Certify the Class, Plaintiff Keira McCarrell ("Plaintiff") made two arguments not addressed or otherwise contemplated by RugsUSA's Opposition to the Motion for Class Certification. Dkt. 65 ("Opposition"). Accordingly, Defendant RugsUSA, LLC ("RugsUSA") now submits this Sur-Reply Memorandum in Support of Its Opposition to Plaintiff's Motion for Class Certification to respond to these belated arguments. No class or classes should be certified.

## A. SUBCLASSES DO NOT SALVAGE CLASS CERTIFICATION

In Plaintiff's reply brief in support of her Motion for Class Certification (the "Reply", Dkt. 70), Plaintiff argues for the first time that "to the extent the Court has any concerns that the tool tip presents an issue unique to those purchasers … the Court can alleviate that concern by dividing the Class into two subclasses." (Dkt. 70, p. 9.) This is a new argument by Plaintiff, as her Motion argued for certification of a single "Class". (Dkt. 54, pp. 5-6.) While Plaintiff's proposal for resolving this problem with her burden of proof may have some facial appeal, it does not withstand scrutiny because these two putative classes were shown fundamentally different advertising:

Customers who were ***not shown*** a tool tip were also ***not shown a striken-through price***. Rather, they saw RugsUSA's full/regular price. As to them there is no liability vis-à-vis the regular price statement, as Plaintiff's damages expert (J. Michael Dennis) describes these advertisements as "cured":

**Exhibit 4: Comparison of Allegedly Deceptive and "Cured" Advertisements**

**Allegedly Deceptive Advertisement** **"Cured" Advertisement**




(Dkt. 49, p. 18.) How these customers understood the full/regular price, and whether these customers applied some other discount code to their purchases continues to be an individual issue that defeats predominance under Rule 23. Such a putative class faces other Rule 23 challenges: (i) Plaintiff's damages expert does not offer a damages opinion specific to this type of challenged conduct (*see* Dkt. 65-1, ¶ 134 [Ugone Report]) and consequently this putative class cannot be certified under *Comcast*; (ii) as noted in the Opposition, Plaintiff's counsel has already confirmed that customers will not recall what advertising they saw (Dkt. 65, p. 25) and having to refer to

RugsUSA's records will require unmanageable mini-trials; and (iii) Plaintiff has not suggested how such putative class would be defined, raising questions about whether this might be a fail-safe class.

On the other hand, for customers who *were shown* a tool tip, they were *also shown a stricken-through price*. How the customer understood the strike-through, whether they saw and read the tool tip information, and whether they were deceived are individual issues that defeat a finding of commonality and predominance under Rule 23.

Splitting Oregon customers into these two classes does not make the putative class claims certifiable. This is not a situation where consumers are being divided based on purchasing location or based on a time period with identical underlying conduct. Arguing for sub-classes in fact highlights the material differences in the advertising and the individual attendant issues, which Plaintiff's Motion for Class Certification and Reply have been attempting to mask by conflating the advertising as the same.

**B. PLAINTIFF'S NEWLY PROPOSED "KEY QUESTIONS" TEST IS INACCURATE AND DOES NOT SUPPORT CLASS CERTIFICATION**

In her Reply, Plaintiff proposes a new liability test, or set of "key questions" for determining liability, which were not offered in the Motion for Class Certification. (*Compare* Dkt. 70, p. 8 *with* Dkt. 54, pp. 10-16.) These new questions are: "(1) is the regular price that is shown to the purchaser (to which the discount is applied) the regular price that most Rugs USA purchasers paid for that product in the recent past, and (2) if not, is this misleading to a reasonable consumer." (Dkt. 70, p. 8.) This test reflects Plaintiff's newest angle on how to conflate two sets of materially different representations (strike-through prices and sitewide promotions), in order to obtain class certification. However, this "test" is inaccurate because it omits the requirement of reliance. (*See* Dkt. 65, pp. 15-16.) The only accurate and applicable liability test here is the one articulated by the Oregon Supreme Court in *Bohr*. (*See id.*)

Further, by conflating these conditions Plaintiff has set up a test that actually defeats class certification. Particularly, Plaintiff ignores that many customers were shown a full/regular price for the product they purchased, and that the full/regular price was set by RugsUSA based on the market price for that product in the prior 90 days. (Dkt. 65, pp. 5-6.) In other words, for these customers, Plaintiff cannot satisfy the first condition of her new test.[1]

That these regular price/strike-through price and sitewide discounts are materially different is also established by Plaintiff's damages expert, who opines that he will have to test each of the formats. (Dkt. 49, ¶¶ 95-103.) Plaintiff simply cannot point to common evidence to support certification based on the conflated challenged conduct.

Plaintiff's cited cases are inapposite. (Dkt. 70, pp. 7-8.) In *In re First Alliance*, the alleged fraud was based on a standardized sales pitch. *In re First Alliance Mortg. Co*., 471 F.3d 977, 990 (9th Cir. 2006). After a jury trial, the Court declined to find that for the jury verdict to stand, each class member had to have heard a verbatim pitch. *Id.* Here, there are fundamentally two different sets of conduct being challenged by Plaintiff (with myriad permutations as well), and Plaintiff has not offered a reasoned basis for treating all of the pricing and promotions conduct identically.

*Woolley* likewise does not help Plaintiff. (Dkt. 70, p. 8.) In an order denying class certification due to lack of "evidence of uniform representations or class-wide exposure or reliance," the court noted that "slight variations in wording" may not matter; however, "[t]here must be some uniformity in the contracts that would allow a class action to proceed based on uniform representations in the contracts, but the proposed class definitions are too broad and untethered to the representations." *Woolley v. Ygrene Energy Fund, Inc*., 2020 U.S. Dist. LEXIS

[1] Plaintiff also here defines the "regular price" as the one that "most RugsUSA purchasers paid for that product in the recent past"; however, the Oregon statutes pursuant to which Plaintiff seeks to certify do not ascribe liability based on prices paid, but instead based on the price offered. *See* ORS 646.608(s), (ee).

94518, at *22-23 (N.D. Cal. May 28, 2020). Here, as discussed above, there are material differences between showing a price as a full/regular price or as a stricken-through price, and these pricing advertisements are also materially different from a sitewide promotion.

## II. CONCLUSION

RugsUSA respectfully requests that the Court deny Plaintiff's Motion.

DATED: August 26, 2026

STOEL RIVES LLP

*/s/ Nicholas R. Bottcher*
Timothy W. Snider, OSB No. 034577
timothy.snider@stoel.com
Nicholas R. Bottcher, OSB No. 245683
nicholas.bottcher@stoel.com
Telephone: 503.224.3380

-AND-

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
P. Craig Cardon*
ccardon@sheppard.com
Kevin Murphy*
kemurphy@sheppard.com
Rana Salem*
rsalem@sheppard.com
Abby H. Meyer*
ameyer@sheppard.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: 310.228.3700
* Admitted *Pro Hac Vice*

*Attorneys for Defendant RugsUSA, LLC*