Jonas Jacobson (OSB No. 231106)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)*
simon@dovel.com
Stephen Ferruolo (Cal. Bar No. 364158)*
sferruolo@dovel.com
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Tel: (310) 656-7066
Facsimile: +1 (310) 656-7069

Julian C. Diamond (NY Bar No. 5836846)*
jdiamond@bursor.com
Bursor & Fisher, P.A.
1330 Avenue of the Americas
New York, NY 10019
Tel: (646) 837-7011
Facsimile: (212) 989-9163

*Attorneys for Plaintiff*

* Admitted *Pro Hac Vice*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

KEIRA MCCARRELL, individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

RUGSUSA, LLC,

*Defendant*.

Case No. 3:25-cv-00454-AB

**PLAINTIFF'S SUR-RESPONSE IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

ORAL ARGUMENT REQUESTED

## I. Introduction.

Defendant's Sur-Reply provides no basis to deny certification. It largely repeats arguments from its Opposition and rests on two incorrect premises that Plaintiff addresses in turn.

## II. The Court should certify the proposed Class and the proposed Subclasses in the alternative.

Defendant argues that "splitting Oregon customers into … two [sub]classes does not make the putative class claims certifiable." Dkt. 100 (Sur-Reply) at 3. But as detailed in Plaintiff's briefing and accompanying declarations, the requested Class is certifiable. And so are the proposed alternative Subclasses. Defendant's Sur-Reply is unpersuasive.

Plaintiff's Motion and accompanying declarations detailed how Defendant offers fake discounts in two ways—through "strikethrough" pricing, Dkt. 54 (Class Cert. Mot.) at 2-3, where the discount is accompanied by a tooltip, and through a "constant stream of purportedly time-limited promotions" that are not accompanied by a tooltip, *id.* at 3-5. *See also* Dkt. 55 (Silverman Decl.) ¶62 ("In addition to the strikethrough pricing, Defendant advertises a constant stream of promotional discounts"); *id.* ¶¶59-61 (detailing improper strikethrough pricing); *id.* ¶¶62-63 (detailing improper sitewide promotional discounts); Dkt. 56 (Dennis Decl.) ¶¶17-18 ("Defendant consistently advertises a sitewide discount on its products, offering 'X%' off the regular prices, even though in actuality, Defendant runs these discounts consistently. … In addition to sitewide discounting, Defendant's advertising showed the struck-through ('crossed-out') reference price (i.e., the 'regular price' or 'list price').").

Plaintiff's Motion and accompanying declarations further explained that, regardless of discount type, both forms of advertising conveyed the same allegedly misleading message and resulted in the same alleged price-premium injury: "Plaintiff's and absent class members' claims all arise from the same course of events: Rugs USA's practice of advertising on its website supposed

regular prices; supposed discounts off those supposed regular prices; and supposed savings from those supposed discounts." Class Cert. Mot. at 7; Silverman Decl., ¶56 ("consumers understand 'Sale,' '% Off,' '$X off,' 'Save X%,' 'Save $X,' strikethrough pricing, and similar promotional statements" to have the same meaning: "that a product that is usually sold at a 'list' or 'regular price' is … available at a lower price."). And Plaintiff's damages theory likewise recognizes this, and proposes a damages analysis that accounts for both forms of deception. *See* Dennis Decl. ¶19 ("The alleged deception can take the form of an advertisement with an initial discount applied to a crossed-out regular price (e.g., '$42, ~~$70~~') … [or] … in another form of the alleged deception, the sitewide discount is applied to a web price that does not have a false reference price. In both cases, the web price is not the take-home price since the sitewide discount reduces the web price further at check out."); *id.* ¶20 (showing how the price premium conjoint analysis accounts for both forms of deceptive pricing).

Plaintiff's Motion and accompanying declarations also discussed Defendant's "tool tip" accompanying its strikethrough pricing and explained how it cannot defeat predominance for the proposed class. See Class Cert. Mot. at 12-13; Silverman Decl., ¶¶90-98.

Defendant's Opposition and Sur-Reply argue that the tooltip creates individualized issues, because only its strikethrough discounts are accompanied by a "tool tip explaining its pricing, and there is no common evidence that consumers ignore that disclosure." Dkt. 65 (Class Cert. Opp.) at 13. Plaintiff's Reply responded to that argument in two ways. First, Plaintiff explained why Defendant's tooltip argument fails on the merits. Dkt. 70 (Class Cert. Reply) at 8-9 (detailing the supposedly missing common evidence). Second, Plaintiff noted that even if the Court viewed the tooltip differently, the Court could alleviate that concern by exercising its discretion to create subclasses. *Id.* at 9-10. District courts possess broad discretion to create subclasses where

appropriate. *Id.* (citing authority). And Defendant identifies no valid reason why the Court could not do so here.

Defendant argues that "there is no liability vis-à-vis the regular price statement" and that "Plaintiff's damages expert (J. Michael Dennis) describes these advertisements as 'cured'." Sur-Reply at 2. But Defendant misses the point. Purchasers who were simply presented with "regular price statements"—those that Dr. Dennis calls "cured" in his conjoint analysis—are not part of either the proposed Class or the proposed Subclasses. That is, if the true price of a product (i.e., the price at which it is most commonly sold) is $50 and the customer was simply shown a price of $50, then there was no fake discount. This would be a truthful ("cured") ad, and consumers presented with such an ad are not part of any proposed Class or Subclass. However, if the true price of a product (i.e., the price at which it is most commonly sold) is $50, but consumers were shown a purported regular price of $100 alongside a 50% discount for a purported discount price of $50, then these consumers were presented with a fake discount and are members of the proposed Class. They are also members of one of the proposed Subclasses, depending on how the purported discount was presented. If the purported discount was displayed to a customer via a strikethrough (e.g., ~~$100~~ alongside $50), then they are a member of the strikethrough Subclass. And if the discount was displayed as part of a purportedly time-limited promotions (e.g., 50% off of $100), then they are part of the promotion Subclass. Plaintiff's damages analysis accounts for both types of fake discounting. Dennis Decl. ¶¶18-20 (expressly describing and proposing to test not only the strikethrough discounts, but also the promotion format discounts, including when applied to a web price without a strikethrough price). Defendant's suggestion to the contrary is false and unsupported.

## III. Plaintiff's Motion and Reply present the same test for liability. And that test turns on class-wide questions that will be answered with common evidence.

Defendant argues that Plaintiff proposed an entirely "new liability test" by summarizing the common liability issues as two "key questions." Sur-Reply at 3. Defendant's characterization cannot be squared with Plaintiff's opening brief. The Motion identifies the exact same two common questions identified in the Reply. The comparison Defendant itself identifies demonstrates the point.

**<u>Question 1</u>**: *Compare* Class Cert. Reply at 8 (whether "the regular price that is shown to the purchaser (to which the discount is applied) [is] the regular price that most Rugs USA purchasers paid for that product") *to* Class Cert. Mot. at 10 (whether it is "true or not" that Defendant's "advertised list prices are the prices at which it usually sells its products").

**<u>Question 2</u>**: *Compare* Class Cert. Reply at 8 (whether Defendant's advertised pricing "shown to the purchaser" is "misleading to a reasonable consumer") *to* Class Cert. Mot. at 10 (whether the "advertised list prices" in "Rugs USA's advertising conveys" "a misrepresentation," as determined by how the "reasonable consumer would perceive" them).

Defendant's assertion that these questions are "a new liability test" (Sur-Reply at 3) is plainly incorrect. The Reply did nothing more than summarize, in more concise language, the same common liability questions already presented in the Motion. And Plaintiff's briefing demonstrates how these questions will be answered class-wide with common evidence. See Class Cert. Mot. at 10-16.

Moreover, Defendant's Sur-Reply simply presents the same flawed arguments that Plaintiff already rebutted. Defendant asserts that Plaintiff's liability formulation "omits the requirement of reliance" under *Bohr*. Sur-Reply at 3. But Defendant made that same argument in its Opposition. Class Cert. Opp. at 15-16. Plaintiff then explained that *Bohr* does not require reliance when, like here,

Plaintiff asserts a price premium theory. Class Cert. Reply at 12-14. Defendant's Sur-Reply merely repeats its disagreement with that response.

Similarly, Defendant's Sur-Reply argues that "regular price/strike-through price and sitewide discounts are materially different." Sur-Reply at 4. But Defendant already made this exact same argument in its Opposition. Class Cert. Opp. at 13-14. And, in her Reply, Plaintiff referred back to the common evidence presented with her Motion showing that consumers understand sale prices (whether presented as strikethrough or as a sitewide promotional discount) in the exact same way: "'that a product that is usually sold at a "list" or "regular price" is … available at a lower price.'" Class Cert. Reply at 8 (quoting Silverman Decl., ¶56).

**IV. Conclusion.**

For the reasons detailed in the class certification briefing, the Court should grant Plaintiff's Motion for Class Certification.

Dated: September 9, 2026

Respectfully submitted,

*/s/ Stephen Ferruolo*

Jonas Jacobson (OSB No. 231106)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)*
simon@dovel.com
Stephen Ferruolo (Cal. Bar No. 364158)*
sferruolo@dovel.com
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Tel: (310) 656-7066
Facsimile: +1 (310) 656-7069

Julian C. Diamond (NY Bar No. 5836846)*
jdiamond@bursor.com
Bursor & Fisher, P.A.
1330 Avenue of the Americas
New York, NY 10019
Tel: (646) 837-7011
Facsimile: (212) 989-9163

*Attorneys for Plaintiff*

* Admitted *Pro Hac Vice*