IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEIRA MCCARRELL, individually and on behalf of all others similarly situated,

Plaintiff,

v.

RUGSUSA, LLC,

Defendant.

Case No. 3:25-cv-00454-AB

ORDER

**BAGGIO, District Judge:**

Plaintiff Keira McCarrell brings this putative class action against Defendant RugsUSA, LLC. Compl., ECF No. 1. Plaintiff has moved to certify a class for each of Plaintiff's Unlawful Trade Practices Act (UTPA), breach of contract, breach of express warranty, and unjust enrichment claims. Pl.'s Mot. Class Certification, ECF No. 47, 54. Defendant opposes Plaintiff's motion. Def.'s Resp. Pl's Mot. Class Certification ("Def.'s Resp."), ECF No. 65, 66.

Having extensively reviewed the parties' briefing and supporting materials, the Court believes that resolution of a dispositive motion on Plaintiff's price-premium theory of liability prior to class certification may be appropriate in this case.[1] To determine predominance and superiority under Federal Rule of Civil Procedure 23(b)(3), the Court must assess Plaintiff's theory of causation for her UTPA claims, which allege that Defendant made false or misleading statements about price, price reductions, and promotions, *see* Or. Rev. Stat. § (ORS) 646.608(1)(j), (p), and (s); and that Defendant failed to clearly and conspicuously identify the origin of a price comparison, *see* ORS 646.608(1)(ee), 646.883. Specifically, the outcome of the predominance issue appears to hinge on whether Plaintiff can proceed on a price-premium theory of causation—i.e., that the price of Defendant's products was inherently inflated by these statements, thereby injuring every purchaser—or whether she must show reliance on Defendant's allegedly unlawful pricing statements.

"Whether reliance is required to establish causation [under the UTPA] turns on the nature of the unlawful trade practice and the ascertainable loss alleged." *Pearson v. Philip Morris, Inc.*, 358 Or. 88, 126, 361 P.3d 3 (2015). As the Oregon Supreme Court recognized last year, a "premium-price theory is one that does not . . . appear to necessitate a showing that every buyer relied on" the defendant's statements, assuming the "premium-price theory can be economically proven." *Bohr v. Tillamook Cnty. Creamery Ass'n*, 373 Or. 343, 368, 567 P.3d 413 (2005). But this theory is relatively novel under Oregon law, particularly in its application to a false pricing scheme like the one at issue here. *See id.* at 370 ("Plaintiffs' price-inflation theory of loss may well be novel, at least in the context of consumer protection statutes."); Def.'s Resp.

[1] Indeed, some of the briefing on class certification and on Plaintiff's experts is devoted to whether Plaintiff must show reliance or can proceed under her price-premium theory.

22–23 (noting that Defendant's counsel is unaware "of any case where conjoint has been accepted by a court at class certification in an alleged false pricing case").

Moreover, while Plaintiff's proposed statistical analysis is commonly used to prove classwide damages, *see, e.g., Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 326 F.R.D. 592 (N.D. Cal. 2018); *see also* Pl.'s Mot. 17–18 (citing cases allowing class members to recover "the price premium attributable to the false advertising"), the Court has not identified a case in which these analyses are used to show liability. Indeed, in most cases the parties and the Court have identified, the consumer protection statutes at issue apply an objective, reasonable consumer standard in ascertaining liability that is not applicable to Oregon law. *See, e.g.*, *Moore v. GlaxoSmithKline Consumer Healthcare Holdings*, 713 F.Supp.3d 660, 672 (N.D. Cal. 2024) (noting that under the California Consumer Legal Remedies Act "causation, on a classwide basis, may be established by materiality" and that "a misrepresentation is judged to be 'material' if a reasonable person would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question" (citation modified)); *Moorer v. StemGenex Med. Grp.*, 830 F. App'x 218, 219 (9th Cir. 2020) ("The California consumer protection statutes rely on an objective test that asks whether members of the public are likely to be deceived, obviating the need for inquiry into each class member's circumstances. Moreover, these statutes allow plaintiffs to establish reliance and causation by showing that the class was exposed to a material misrepresentation." (citation modified)). Further complicating the issue here is the procedural posture of this case. Because it arises on a motion for class certification, Plaintiff's experts have not yet undertaken any of the proposed analyses, leaving the Court—and the parties—to speculate as to whether Plaintiff's "premium-price theory can be economically

proven" where the misrepresentation involves a pricing scheme and not a distinct characteristic or attribute. *See Bohr*, 373 Or. at 358.

In light of the above, the Court would like the parties to consider whether to defer class certification and move forward with additional expert discovery and dispositive motions on the narrow the issue of the viability of Plaintiff's price-premium theory of liability in this unlawful pricing case. Specifically, the Court would ask the parties to address: (1) whether Plaintiff's price-premium model can, as a matter of law, be used to show liability for the specific statutory sections at issue in this case and (2) whether the proposed statistical analyses are an economically viable way of proving liability where the alleged scheme involves misrepresentations about price. The Court finds that such an approach may be "more practicable" and allow this complex case to proceed more efficiently and expeditiously. *See Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984) ("It is reasonable to consider a Rule 56 motion first when early resolution of a motion for summary judgment seems likely to protect both the parties and the court from needless and costly further litigation."). But the Court also recognizes Rule 23(c)(1)'s requirement that the Court rule on class certification "[a]s soon as practicable after the commencement of an action brought as a class action," and that deferring a decision on class action may prejudice either party. *See Wright*, 742 F.2d at 543–44 ("Under the proper circumstances—where it is more practicable to do so and where the parties will not suffer significant prejudice—the district court has discretion to rule on a motion for summary judgment before it decides the certification issue."). With the parties' input, the Court would like to "weigh the particular circumstances of [this case] and decide concretely what will work." *Id.* at 543.

///

///

**CONCLUSION**

The parties shall confer and file a joint status report within 14 days of this Order that explains the parties' positions on whether to defer class certification and proceed with dispositive motions on Plaintiff's price-premium theory. The parties shall also provide a proposed case schedule, if relevant.

IT IS SO ORDERED.

DATED this 19th day of October, 2026.

AMY M. BAGGIO
United States District Judge